IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
MONTGOMERY DIVISION

| | | |
|---|---|---|
| DARREN ANDERSON, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | 2:06-cv-00951-MEF-DRB |
| | § | |
| WAYNE FARMS, LLC, | § | |
| | § | |
| Defendant. | § | |

## REPORT OF PARTIES' PLANNING MEETING

Pursuant to Federal Rule of Civil Procedure 26(f), a meeting of the parties' representatives was held on Thursday, December 14, 2006, and was attended by the following:

Lance Swanner, Keith Givens, Bernard Nomberg, and Richard Celler for the Plaintiffs;

Dorman Walker, Pepper Crutcher, and Lisa Sharp for Defendant.

1. **PRE-DISCOVERY DISCLOSURES.** The parties hereby agree to exchange the information required by Federal Rule of Civil Procedure 26(a)(1) on or before March 25, 2007.

2. **SYNOPSIS OF THE CASE:**

    A. By Plaintiffs' counsel: Plaintiffs are current or former employees of Wayne Farms' poultry processing facility located in Union Springs,

1

Alabama, one hundred and eighty eight (188) named plaintiffs and one hundred and twenty seven (127) opt-in plaintiffs. Plaintiffs allege that during their employment with Wayne Farms they were paid under a master time wage compensation system, they were regularly required to work "off the clock" and that they have not been compensated in accordance with the Fair Labor Standards Act ("FLSA"). Plaintiffs allege that they were required to perform activities before and after their shifts, which were necessary to the performance of their jobs, but they were not compensated in full for said activities. Plaintiffs assert that in *IBP v. Alvarez*, 126 S. Ct. 514 (2005), a consolidated poultry and beef case, the United States Supreme Court unanimously affirmed that the wage & hour policies made subject of the suit, those at issue in this case, violated the Fair Labor Standards Act of 1938. In this action plaintiffs seek to represent a class encompassing hourly 1st and 2nd processing employees, paid under a master time wage compensation system in which individual employee time card punches are not the basis for determining hours worked, employed by Wayne Farms at its poultry processing facility in Union Springs, Alabama. Plaintiffs do not seek to represent sanitation workers unless sanitation workers meet the class definition.

Defendant proposes the Court stay initial proceedings in this action until a Mississippi court issues a decision regarding Defendant's motion to sever in *Agee Et Al. v. Wayne Farms LLC Et Al.*, S.D. Miss. 2:06-cv-268. Plaintiffs oppose any

such stay. The claims brought by Plaintiffs differ from those alleged in *Agee Et Al. v. Wayne Farms LLC Et Al.* and the class that Plaintiffs seek to represent differs from the class sought in *Agee*. Furthermore, because the statute of limitations does not toll until plaintiffs file with the court a notice of opt-in consent, any delay in court supervised notice to employees of their opt-in rights will benefit Defendant and prejudice those potential plaintiffs that do not have notice of this action. Defendant's attempts to stay proceeding are merely pretext in that every day potential plaintiffs are prevented from joining this action Defendant's back-pay liability may be reduced.

      B.    By Defense counsel: Plaintiffs claim to be three hundred fifteen (315) of four hundred forty-three (443) people who have filed suit recently, claiming that, while working in Wayne Farms' live chicken processing facility in Union Springs, Alabama, they were paid exclusively by a "line time" or "master card" method that failed to compensate them for certain donning, doffing and walking time that they consider to have been integral and indispensable to their principal work activities. Seventy-two (72) of our *Anderson* Plaintiffs, joined by one hundred twenty-eight (128) of their Union Springs co-workers, subsequently filed the same claims in the United States Court for the Southern District of Mississippi, in *Agee Et Al. v. Wayne Farms LLC Et Al.*, S.D. Miss. 2:06-cv-268. Wayne Farms has moved that court to sever them from that case and to transfer

them to this court, whereupon Wayne Farms will move for consolidation. At the same time, Wayne Farms has moved this Court to stay proceedings (except for filing of opt-in notices) in this case pending the Mississippi court's ruling. Plaintiffs' summary of the pay systems in issue is materially oversimplified. Among other things, throughout the longest arguable limitations period, employees with significant donning and doffing burdens and "master card" schedules were paid an additional six minutes per day to compensate them for the time spent in any such non-excludable activities. Some Plaintiffs did not work master card schedules and some, including all sanitation workers, were paid for more hours than worked on all or most shifts. For these and other reasons, the case for collective action proceedings is illusory.

3.  **DISCOVERY PLAN.**

**There is a dispute regarding conditional collective action certification.**

A.  The **Plaintiffs propose** to the court the following discovery plan. Plaintiffs will submit their motion for an order permitting court supervised notice to employees of their opt-in rights and supporting evidence on or before July 1, 2007 and Defendant will submit its response thereto on or before August 2, 2007. Plaintiffs will submit their rebuttal brief in response to Defendant's response on or before September 3, 2007. Plaintiffs will request oral argument on the issue.

All discovery shall be completed no later than thirty (30) days prior to the date of trial.

      B.    **Defendant proposes** that the Court entertain no scheduling motion and issue no scheduling order until all claim filers from the Union Springs plant are before the Court, or at least until the Mississippi court has ruled on the pending motion to sever and to transfer them here.

4.    **OTHER ITEMS.**

The parties do not wish to attempt ADR at this juncture of the case since the certification issue has not yet been resolved. The parties may discuss settlement of this case at a later date. The **Plaintiffs do not request** a conference with the Court at this time. **Defendant requests** a conference following receipt of the Mississippi court's ruling on the severance and transfer motion, not for settlement purposes, but to discuss scheduling, issue narrowing and discovery matters that Defendant proposed but that Plaintiffs have declined to incorporate in this joint submission.

Dated: January 19, 2007      Respectfully submitted,

                                         **THE COCHRAN FIRM, P.C.**

                                         /s/ Robert J. Camp
                                         **ROBERT J. CAMP**
                                         **BERNARD D. NOMBERG**
                                         505 North 20th Street, Suite 825
                                       Birmingham, AL 35203
                                       (205) 930-6900 (Phone)
                                       (205) 930-6910 (Fax)

— and —

Samuel A. Cherry, Jr.
Lance H. Swanner
**THE COCHRAN FIRM, P.C.**
163 West Main Street
P. O. Box 927
Dothan, AL 36302
(334) 793-1555 (Phone)
(334) 793-8280 (Fax)

*Attorneys for Plaintiffs*


**BALCH & BINGHAM LLP**

/s/ Dorman Walker
**DORMAN WALKER**
105 Tallapoosa Street
Suite 200
Montgomery, Alabama 36104
Telephone: (334) 834-6500
Facsimile: (334) 269-3115
email: dwalker@balch.com


— and —

Lisa J. Sharp (lsharp@balch.com)
Wendy Madden (wmadden@balch.com)
**BALCH & BINGHAM LLP**
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Fax: (205) 226-8798

— and —

Pepper Crutcher (pcrutcher@balch.com)
**BALCH & BINGHAM LLP**

Post Office Box 22587
Union Springsson, MS 39225
Telephone: (601) 965-8158
Fax: (601) 961-4466

***Attorneys for Defendant***