IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
MONTGOMERY DIVISION

| | |
|---|---|
| DARREN ANDERSON, et al., § § Plaintiffs, § § v. § § WAYNE FARMS, LLC, § § Defendant. § | CIVIL ACTION NO. 2:06-cv-00951-MEF-DRB |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S
MOTION TO STAY PROCEEDINGS**

Comes now Plaintiffs and respectfully request that this Court enter an order denying Defendant's above captioned motion. As grounds for said request, Plaintiffs aver that,

1. On January 12, 2007, Defendant moved the 5th Circuit Court in *Agee v. Wayne Farms LLC*, Civil Action 2:06-CV-268-KS-MTP, to sever and transfer plaintiffs from the *Agee* court to this Court.

2. On January 16, 2007, Defendant filed with this Court a Motion to Stay Proceedings.

3. Plaintiffs anticipate filing a Motion for Court Supervised Notice to Potential Opt-in Plaintiffs on or before March 5, 2007.

4. The granting of Defendant's above captioned motion will unduly prejudice the rights of potential opt-in class members that do not have knowledge of this action. Each day the proceedings are delayed, a court determination on "court supervised notice to potential opt-in plaintiffs" is delayed.

5. This is prejudicial because under the Fair Labor Standards Act, the statute of limitations does not toll until a plaintiff files their consent to join with the court. Without court supervised notice to similarly situated individuals, potential plaintiffs who otherwise do not have notice of this action are not afforded an opportunity to timely join the action thereby tolling the statute of limitations as it applies to their claim individually.

6. Large numbers of putative class members potentially will lose their right to join this litigation, or at best, retain their right to participate but suffer a reduction in back-pay damages.

7. This has the effect of benefiting the Defendant because their back-pay liability is reduced. Knowing that their motion could appear pretextual, it is surprising Defendant did not ask this Court to toll the statute of limitations in their motion.

8.  In accordance with 29 U.S.C. § 216(b), persons wishing to join an FLSA collective action must affirmatively opt in to the suit by filing a notice of consent. Under the statute, "[n]o employee shall become a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought". 29 U.S.C § 216(b). For each plaintiff who opts in to the case after the filing of the complaint, the action is not considered commenced for purposes of the statute of limitations until the date on which the plaintiff's written consent is filed with the court. 29 U.S.C § 256; *see also* 29 U.S.C § 255(a).

9.  Case law, recognizing a fundamental difference between Rule 23 class actions and Rule 216(b) collective actions, has also interpreted the statutory sections as requiring all plaintiffs in a collective action under the FLSA to file written consents for statute of limitations purposes. Signed consents filed after the filing of the complaint do not relate back to the date the complaint was filed. *Grayson v. K Mart Corp.*, 79 F.3d 1086 at 1106 (11th Cir. 1996); *O'Connell v. Champion Int'l Corp.*, 812 F.2nd 393 at 394 (8th Cir. 1987); *La Chapelle v. Owens Illinois, Inc.*, 513 F.2nd 286, 288, 289 (5th Cir. 1975). For the aforesaid reasons, a motion to stay will prejudice

Plaintiffs and potential opt-in plaintiffs while benefiting Defendants by effectively reducing Defendant's back-pay liability.

10. Where there is even the possibility that a stay will work damage to someone else, the movant must make out a clear case of hardship or inequity. *Landis v. North American Co.*, 299 U.S. 248, 255.

11. In this case it is clear that Defendant's motion will work damage to someone else, namely putative class members, but the Defendant has not made a clear case that he will suffer a hardship or inequity.

12. Defendant argues the purpose of the motion to stay is to ensure cases move forward in an orderly manner that avoids wasting time and efforts of the courts, the counsel, and the litigants. *see* Def. Motion at 3 ¶6. The granting of Defendant's motion will have the opposite effect since the *Agee* Court did not stay the proceedings in that action pending an order on Defendant's motion to sever. The net effect of this Court granting Defendant's motion to stay would be for the *Agee* litigation to move forward more quickly thus frustrating Defendant's attempt to move cases forward in an orderly manner. Defendant's motion is made for convenience not as a result of hardship or inequity.

13. There is no "automatic" stay provision that requires this Court to refrain from continuing these proceedings. Rule 18, *Rules of Procedure for the J.P.M.L*; see also *In re Four Seasons Sec. Laws Litig.*, 362 F. Supp 574 (J.P.M.L. 1973). In fact, "the transferor court should not automatically stay discovery, postpone ruling on pending motions, or generally suspend further proceeding upon being notified of the filing of a motion to transfer. § 31.131. *Annotated Manual for Complex Litigation.* 3rd. 2001. In all likelihood, discovery requests will be discoverable regardless of which forum the *Agee* plaintiffs participate. Accordingly, Defendant will suffer little, if any, prejudice by continuing proceedings.

14. Defendant has not identified a rule prohibiting discovery or the continuation of proceedings in this action. In fact, Defendant prefers the 11th Circuit allow a 5th Circuit Court to unnecessarily affect this Court's judicial economy.

15. Furthermore, Defendant's motion suggests Plaintiffs will not be injured by a brief pause in this litigation. They suggest the *Agee* Court in Mississippi will only need a month to six weeks to rule on their motion to sever. *see* Def.'s Motion at 4 ¶9, ¶10. As of today, Defendant's motion to sever is one day short of being six weeks old. There is no need to issue a

stay where Defendant anticipates a ruling on their motion to transfer any day now.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that this Court deny Defendant's motion to stay and order the litigation proceed.

Dated: February 26, 2007

Respectfully submitted,

**THE COCHRAN FIRM, P.C.**

/s/ Robert J. Camp
**ROBERT J. CAMP**
BERNARD D. NOMBERG
LANCE SWANNER
SAMUEL A. CHERRY, JR.
505 North 20th Street, Suite 825
Birmingham, AL 35203
(205) 930-6900 (Phone)
(205) 930-6910 (Fax)

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 26, 2007, I electronically filed the foregoing Motion with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to:

Dorman Walker
dwalker@balch.com

Lisa J. Sharp
lsharp@balch.com

6

| | |
|---|---|
| Wendy A. Madden<br>wmadden@balch.com | Pepper Crutcher, Jr.<br>pcrutcher@balch.com |

/s/ Robert J. Camp
**ROBERT J. CAMP**