## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA,
## NORTHERN DIVISION

| | | |
|---|---|---|
| DARREN ANDERSON, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | 2:06-cv-00951-MEF-DRB |
| | § | |
| WAYNE FARMS, LLC, | § | |
| | § | |
| Defendant. | § | |

# <u>EXHIBIT 1</u>

FILED
2007 Jan-31 PM 01:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

SALVADOR AGUILAR, et al.,

    Plaintiffs,

vs.                             CASE NO. CV-06-J-1673-NE

PILGRIM'S PRIDE CORPORATION,

    Defendant.

### ORDER

This case came on to be heard on the plaintiffs' motion to conditionally certify class and facilitate notice (doc. 15), plaintiffs' memorandum in support of motion (doc. 16), defendant's opposition to plaintiffs' motion (doc. 20), and plaintiffs' reply (doc. 23). The court held a hearing on January 30, 2007, at which both parties were present by and through their respective counsel of record and the court heard arguments. Having considered the foregoing, the court finds as follows:

The plaintiffs brought this action under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, on behalf of themselves and other similarly situated individuals. More specifically, the plaintiffs allege that their employer, defendant Pilgrim's Pride Corporation, violated the FLSA by failing to pay employees for donning and doffing protective gear and "line time" employees are not paid in accordance with the amount of time they actually perform work.

The defendant asserts several reasons why this case is not appropriate for class action treatment, including that different lines have different ways of calculating "line time" and that the Athens and Enterprise plants have different customs regarding what protective gear employees may put on at home.

The Eleventh Circuit Court of Appeals has established a two tiered approach for a district court's consideration of whether to allow a FLSA claim to proceed as a collective action:

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision — usually based only on the pleadings and any affidavits which have been submitted — whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are

2

dismissed without prejudice. The class representatives-
i.e. the original plaintiffs-proceed to trial on their
individual claims.

[*Hipp v. Liberty National Life Insurance Company*, 252 F.3d 1208,
1218 (11ᵗʰ Cir.2001)] (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d
1207, 1213-14 (5th Cir.1995) (internal footnote omitted)). Since *Hipp*,
the district courts in our circuit have utilized the two-tiered approach
described above. *See, e.g., Reed v. Mobile County Sch. Sys.*, 246
F.Supp.2d 1227, 1230 (S.D.Ala.2003); *Barron v. Henry County Sch.
Sys.*, 242 F.Supp.2d 1096, 1102 (M.D.Ala.2003); *Stone v. First Union
Corp.*, 216 F.R.D. 540, 544-46 (S.D.Fla.2003).

*Cameron-Grant v. Maxim Healthcare Services, Inc.*, 347 F.3d 1240, 1243 (11ᵗʰ

Cir.2003).

During the notice stage, the court may facilitate the notice process to

prospective class members. However, before intervening in the process, the

district court must be satisfied that there are other employees of the employer who

(1) desire to opt-in and (2) who are similarly situated with respect to their job

requirements and their pay provisions. *Cameron-Grant*, 347 F.3d at 1244; *Dybach

v. Florida Dept. of Corr.*, 942 F.2d 1562, 1567-68 (11ᵗʰ Cir.1991).

In *IBP, Inc. v. Alvarez*, 546 U.S. 21, 126 S.Ct. 514, 163 L.Ed.2d 288

(U.S.2005), the United States Supreme Court directly addressed several of the

issues presented by the plaintiffs here. The Court wrote that:

under *Steiner [v. Mitchell*, 350 U.S. 247, 248, 76 S.Ct. 330, 100 L.Ed.
267 (1956)], activities, such as the donning and doffing of specialized
protective gear, that are "performed either before or after the regular

3

work shift, on or off the production line, are compensable under the portal-to-portal provisions of the Fair Labor Standards Act if those activities are an integral and indispensable part of the principal activities for which covered workmen are employed and are not specifically excluded by Section 4(a)(1)." *[Steiner],* at 256, 76 S.Ct. 330.

*Alvarez,* 126 S.Ct. at 521 (U.S.2005).

Applying the standards stated above, the court finds that the plaintiffs have proposed a class of all "line time" employees.[1]  Such employees assert that defendant has violated the FLSA by (1) failing to pay them for donning and doffing protective gear, and (2) failing to pay them for all time actually worked, rather than "line time."  The defendant responds that this in not an appropriate class because the Athens and Enterprise plants have different customs as to what the employees may don at home, and that different positions within one plant have different requirements as to what gear must be donned and how line time is calculated.  However, at this stage of the proceedings, the plaintiffs do not necessarily need to show a "unified policy, plan, or scheme of discrimination" to establish that the proposed class members are similarly situated.  *Hipp v. Liberty*

---

[1]The parties both mentioned non-line time employees at the hearing. The plaintiffs conceded that if the information provided by the defendant was, in fact, true, then the non-line time employees probably did not belong in the proposed class. The court therefore does not at this time include non-line time employees within the plaintiffs' proposed class. Should the plaintiffs determine that the non-line time employees do belong within the proposed class, the court will entertain a motion to that effect. Should the plaintiffs determine that the non-line time employees do not belong within the class proposed by this litigation, the court expects a motion to dismiss those particular plaintiffs, as well as the one feed plant employee plaintiff, to be forthcoming.

4

*National Life Insurance Co.*, 252 F.3d 1208, 1217 (11th Cir.2001)(quoting *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1095 (11th Cir.1996). Here, through consents to join this case filed to date, the plaintiffs have established that at least 93 employees exist who allege they do not get paid for time spent donning and doffing protective gear or for other time they are engaged in "work."[2]

Having considered the foregoing, and being of the opinion the motion to conditionally certify the class and facilitate notice is due to be granted;

It is therefore **ORDERED** by the court that the plaintiffs' motion to facilitate 29 U.S.C. § 216(b) notice be and hereby is **GRANTED**.

It is further **ORDERED** by the court that the following Notice of Right to Opt-In to Collective Action be sent to all present and former employees of defendant who were paid on a "line time" basis, from August 23, 2003, to the present. It is further Ordered that said Notice be sent in English as well as accurately translated and sent in Spanish.

**DONE** and **ORDERED** this the 31st day of January, 2007.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

---

[2]The defendant alleges that the amount of time spent donning and doffing gear is de minimus and often accomplished by employees as they are walking to their work stations. However, this goes to the merits of the plaintiffs' claim and is not relevant to the issue of whether other similarly situated individuals are subject to the same "unified policy, plan or scheme of discrimination." *Hipp*, 252 F.3d at 1217.

5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

SALVADOR AGUILAR, et al.,

      Plaintiffs,

vs.                            CASE NO. CV-06-J-1673-NE

PILGRIM'S PRIDE CORPORATION,

      Defendant.

## NOTICE OF PENDING FAIR LABOR STANDARDS ACT LAWSUIT

**To**: Present and Former Employees of Pilgrim's Pride Corporation who were paid on a "line time" basis from August 23, 2003, to the present.

**Re**: Overtime claims against Pilgrim's Pride Corporation.

## I. INTRODUCTION

The purpose of this Notice is to inform you of the existence of a collective action lawsuit alleging unpaid overtime, to advise you of how your rights may be affected by this suit, and to instruct you on the procedure for participated in this suit, should you decide that you wish to do so.

## II. DESCRIPTION OF THE LAWSUIT

On August 23, 2006, a lawsuit was filed in the United States District Court for the Northern District of Alabama against Pilgrim's Pride Corporation ("Pilgrim's Pride") by Salvador Aguilar, on behalf of himself and other production line employees of Pilgrim's Pride employed at the facilities in Athens, Alabama OR Enterprise, Alabama.

This lawsuit alleges that Pilgrim's Pride violated the Fair Labor Standards Act ("FLSA") by forcing employees to continue working on the production line even though their employer has stopped compensating them for their time, and not paying employees for time spent donning (putting on) and doffing (taking off) personal protection equipment that their employer requires them to wear. The plaintiffs also seek liquidated damages in an amount equal to the unpaid and underpaid overtime wages. In addition, the plaintiffs have requested an injunction to prohibit Pilgrim's Pride from engaging in future violations of the FLSA.

Pilgrim's Pride contends that all employees were properly paid for all hours actually worked. Pilgrim's Pride expressly denies that it engaged in unlawful conduct with respect to the named plaintiffs and the class members and asserts that the class members were properly paid in accordance with the FLSA.

The court has not ruled on the merits of the plaintiffs' claims or on the denials and other defenses raised by Pilgrim's Pride.

## III. COMPOSITION OF THE CLASS

Plaintiff seeks to recover damages against Pilgrim's Pride on behalf of himself and also on behalf of the other line time paid employees of Pilgrim's Pride, past and present. The Court has ruled that the lawsuit shall be conditionally maintained as a collective action brought by the named Plaintiff, individually and on behalf of the class members. The Court's ruling rests on its preliminary determination that there may be other employees of Pilgrim's Pride who are similarly situated and who desire to join or opt-in to the lawsuit. Specifically, the Court has conditionally certified a class consisting of the following:

> All employees of Pilgrim's Pride's Athens, Alabama or Enterprise, Alabama poultry processing plants during anytime from August 23, 2003, to the present, who were paid on a line time basis and not paid fully for the time actually spent working.

You can participate if you worked on a line for Pilgrim's Pride at either the Athens facility or Enterprise facility at any point in time from August 23, 2003, to the present, and were not paid for all time spent working. Just as is true in any lawsuit, participation does not mean that the named Plaintiff or anyone opting into the collective action, is by participation alone, entitled to recover against Pilgrim's Pride.

## IV. YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT

If you fit the definition of the class described above, you may join this suit or "opt in" by returning in the enclosed envelope or by mailing by First Class mail, postage prepaid, a completed and signed "Consent to Become Party Plaintiff" form postmarked on or before **June 11, 2007**, to Plaintiff's counsel at the following address:

> WHATLEY, DRAKE & KALLAS, LLC
> 2323 Second Avenue North
> P.O. Box 10647
> Birmingham, AL 35202-0647
> (205) 328-9576

Further information about this Notice, the deadline for filing a "Consent to Become Party Plaintiff," or questions concerning this lawsuit, may be obtained by writing Plaintiff's counsel at the number and address stated above, or by calling attorney Kevin McKie of Whatley Drake & Kallas, L.L.C., at 1-800-695-6750.

The law firm of Whatley Drake & Kallas, L.L.C. has agreed to represent the Plaintiffs in this case, and by signing the consent to representation and the contract agreement you agree to their representation and the terms therein. As stated in the contract, Whatley Drake & Kallas, L.L.C.

2

is not charging you an hourly fee for their services.    Their fee is set up on a contingency basis, and any money owed them will only be collected after the completion of a successful lawsuit.

Failure to timely return or properly complete and sign the Consent to Become Party Plaintiff form by the above date will result in your not being able to participate in this lawsuit.

The law prohibits retaliation against anyone participating in a lawsuit of this nature.

Even if you file a "Consent to Become a Party Plaintiff" form, your continued right to participate in this suit may depend upon a later decision by the District Court that you and the Plaintiffs are actually "similarly situated" in accordance with federal law.

## V.  EFFECT OF JOINING THIS SUIT

If you choose to join this suit, you will be bound by the judgment, whether it is favorable or unfavorable.    While this suit is proceeding, you may be required to provide information, appear for deposition, and/or testify in court.

## VI.  NO OPINION EXPRESSED AS TO THE MERITS OF THE CASE

This notice has been authorized by Judge Inge Johnson of the United States District Court for the Northern District of Alabama solely for the purpose of notifying individuals of the lawsuit.    The court has taken no position in this case regarding the merits of the plaintiff's claims or defenses of Pilgrim's Pride.    This notice should not be taken as an indication that you should or should not join this lawsuit.

## VII.  FURTHER INFORMATION

The pleadings and other documents of record in this lawsuit may be examined and copied at any time during regular business hours at the office of the Clerk of the United Stated District Court for the Northern District of Alabama located at the Hugo Black United States Courthouse, 1729 5th Avenue North, Birmingham, Alabama.

Pilgrim's Pride is represented by:

GARDERE WYNNE SEWELL LLP
1601 Elm Street, 3000 Thanksgiving Tower
Dallas, TX 75201

and

LIGHTFOOT FRANKLIN & WHITE, LLC
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200

3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA,
## NORTHERN DIVISION

DARREN ANDERSON, et al.,    §
                     §

    Plaintiffs,        §

v.                       §

WAYNE FARMS, LLC,     §

    Defendant.        §

CIVIL ACTION NO.
2:06-cv-00951-MEF-DRB

# <u>EXHIBIT 2</u>

FILED
2007 Mar-23 PM 03:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

CYNTHIA RICHTER,                    ]
on behalf of herself and others     ]
similarly situated,                 ]
                                    ]
        Plaintiffs,                 ]
                                    ]
vs.                                 ]        7:06-CV-01537-LSC
                                    ]
DOLGENCORP, INC., et al.,           ]
                                    ]
        Defendants.                 ]

## MEMORANDUM OPINION

I.      Introduction.

The Court has for consideration Cynthia Richter's ("Plaintiff") Motion

for Expedited Ruling on Collective Action Certification, filed on August 15,

2006, and Dolgencorp, Inc.'s[1] ("Defendant") Motion to Dismiss Pursuant to

---

[1] In addition to Dolgencorp, Inc., the following entities are also named as
defendants in this cause: Dolgencorp of New York, Dolgencorp of Texas, and Dollar
General Partners. These three defendants claim that they are not subject to this Court's
personal jurisdiction and have moved to be dismissed from this case. (Doc. 27.) As
addressesed elsewhere in this opinion, that motion is due to be denied. Defendant
Dolgencorp, Inc. has stated in its Response to Plaintiff's motion for collective action
certification that its fellow defendants joined in that filing "to the extent the Court
determines is appropriate" without a waiver of their personal jurisdiction objections.
(Doc. 41 at 1 n.1.) Dolgencorp, Inc., however, stated that its co-defendants did not join
it in its surreply to Plaintiff's reply brief. (Doc. 71 at 1 n.1.) For the sake of clarity, the

Rule 12(b)(2) for Lack of Personal Jurisdiction, filed on September 5, 2006. (Docs. 6, 27.)   Both motions have been fully briefed and are under submission.

Defendant operates retail stores under the trade name "Dollar General."   (Doc. 2 ¶ 1; Doc. 29 ¶ 1.)   Plaintiff was the manager of Defendant's store #01558 in Cottondale, Tuscaloosa County, Alabama, from February 2005 to June 2005.  (Doc. 2 ¶ 3; Doc. 5 at 5.)  On August 7, 2006, Plaintiff filed this cause as a collective action[2] pursuant to 29 U.S.C. § 216(b).   (Doc. 1.)   She alleges that Defendants intentionally and/or recklessly "failed to pay their store managers proper wages, including overtime compensation," in violation of the Fair Labor Standards Act, 29

---

Court will use the term "Defendant" to refer to Dolgencorp, Inc. When the Court refers to the other defendants, the implicit context will make it obvious.

[2] This action was filed the same day that *Brown, et al., v. Dollar General Store, LTD, et al.,* 7:02-CV-00673-UWC, was settled.  *Brown* was filed in the Northern District of Alabama in 2002 and assigned to then-Chief Judge U.W. Clemon. Plaintiff asserts that her allegations in this case are "identical to the ones made in the *Brown* case." (Doc. 7 at 4.)

Also on August 7, 2006, *Gray v. Dolgencorp, et al.,* 7:06-CV-01538-LSC was filed in this Court. The plaintiffs in that cause (former *Brown* opt-ins) assert substantially the same allegations against the same defendants as in the instant case, and they are represented by the same counsel. Plaintiff has stated that she "anticipates" moving for the consolidation of the *Gray* and *Richter* cases should this Court grant conditional certification in the latter cause. (Doc. 7 at 3.)

U.S.C. § 201 *et seq.* ("FLSA").[3]   (Doc. 6 ¶ 3.)  Plaintiff asks the Court to conditionally certify this cause as a collective action; to facilitate nationwide notice or partial notice to all similarly situated persons; and to order Defendant to produce the "name, telephone number, address, and social security number of all present and former employees within three years of the date the complaint was filed."  (Doc. 6 at 5.)  Plaintiff further seeks unpaid compensation and benefits; damages and/or prejudgment interest; attorneys' fees and costs; and appropriate injunctive relief. Defendant argues that this cause is unsuitable for conditional collective action certification because Plaintiff and her proposed opt-in class are not "similarly situated" to each other within the meaning of 29 U.S.C. § 216 (b) and the applicable regulations.

---

[3] Plaintiff claims that Defendant implemented a company-wide conversion of its store manager positions from hourly to salaried in 1995-96.  She avers that this was done because store managers often had to work overtime hours, and doing so meant that Defendant could avoid "paying its highest paid employee premium overtime rates." (Doc. 5 at 6-7.)  Plaintiff further claims that Defendant "imposes uniform guidelines and constraints on store managers that compel all of them to spend the majority of their time on non-management duties.  Those same non-management tasks are performed in each store.  The 'relative importance' of those same non-management tasks is the key to the profitability of each store."  (Doc. 53 ¶ 4.)

Upon careful consideration of the evidence and legal arguments made by the parties, Plaintiff's motion is due to be **GRANTED**, and Defendants' motion is due to be **DENIED**.

II.    Procedural History.

Plaintiff filed her complaint on August 7, 2006, and asserted a collective action against Defendants on behalf of all others similarly situated. (Doc. 1.) She amended her complaint on August 9, 2006, and moved for an expedited ruling on collective action certification on August 15, 2006. (Docs. 2, 6.)  Defendant answered on September 5, 2006. (Doc. 29.) On that same day, Defendants Dolgencorp of New York, Dolgencorp of Texas, and Dollar General Partners moved to be dismissed from this cause for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. (Doc. 27.)

III.    Discussion.

Plaintiff has brought this FLSA action against Defendant on behalf of herself and all current and former store managers similarly situated. However, "a member of the class who is not individually named in the complaint is not a party to [an FLSA lawsuit] unless he affirmatively 'opts in'

by filing a written consent with the Court."[4] *Haynes v. Singer Co.*, 696 F.2d 884, 885 (11th Cir. 1983) (citing 29 U.S.C. § 216 (b)). Plaintiff therefore asks the Court to allow this case to proceed conditionally as a collective action and authorize nationwide notice to "all managers and former managers of Defendants" for the past 3 years.[5] (Doc. 6 at 1.) Before a district court may issue such an order, however, Plaintiff must show to the court's satisfaction "that there are other employees of the department-employer who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Dybach v. State of Florida Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). Plaintiff need not establish "a unified policy, plan, or scheme of discrimination" to satisfy the liberal "similarly situated" requirement of § 216(b)," *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1095 (11th Cir. 1996), but she does bear the burden of demonstrating a "reasonable basis" for her claim of class-wide

---

[4] In this manner, a collective action under 20 U.S.C. § 216(b) is a "fundamentally different creature than the Rule 23 class action." *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1249 (11th Cir. 2003).

[5] Because Plaintiff has alleged that Defendant has intentionally violated the FLSA, the notice period for the conditional opt-in class would be 3 years. *See* 29 U.S.C. § 255(a); *see also Knight v. Columbus, Ga.*, 19 F.3d 579, 582 (11th Cir. 1994), *cert. denied*, 513 U.S. 929 (1994).

discrimination. *See Haynes*, 696 F.2d at 887.   Plaintiff may meet this burden, which is not heavy, by making substantial allegations of class-wide discrimination — that is, detailed allegations supported by affidavits which "successfully engage defendants' affidavits to the contrary." *Sperling v. Hoffman-LaRoche, Inc.*, 118 F.R.D. 392, 406-07 (D. N.J. 1988). The decision whether to facilitate notice to potential plaintiffs is within the sole discretion of the district court, which also has the power to allow for discovery of the names and addresses of potential collective action class members. *Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989).

The United States Court of Appeals for the Eleventh Circuit has suggested a two-tiered approach for dealing with collective action certification and notice pursuant to § 216(b). *Hipp v. Libery Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001).[6]  First, a district court would make a decision, "usually based only on the pleadings and any affidavits which have been submitted — whether notice of the action should be given to potential class members." *Id.* at 1218 (quoting *Mooney v. Aramco Servs.*

---

[6] Although *Hipp* addresses a collective action brought under the Age Discrimination in Employment Act of 1967, the same analysis applies to collective actions under the FLSA. *Cameron*, 347 F.3d at 1243 n.2.

Page 6 of 12

*Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995)).  "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' or a representative class." *Id.* Then, "after discovery is largely complete...[and] the court has much more information on which to base its decision," the district court makes a "factual determination" as to whether the claimants are similarly situated. *Id.*

Although any characterization of Ms. Richter as a wholly new plaintiff with no connection to the *Brown* litigation is essentially one step shy of a legal fiction, Defendant has not convinced this Court that the "fairly lenient" standard of the first analytical tier should not be applied. Defendant notes the extensive discovery carried out in *Brown* — estimating that it alone produced over 400,000 pages of documents (Doc. 71 at 3 n.4) — and correctly observes that district courts often apply a more rigorous standard in analyzing motions for collective action certification where substantial discovery has already taken place.[7]  However, the discovery in

---

[7] *See Brooks v. Bellsouth Telecommunications, Inc.*, 164 F.R.D. 561, 568-69 (N.D. Ala. 1995) (denying certification after "extensive discovery" had been done in the case); *Davis v. Charoen Pokphand (USA) Inc.*, 303 F. Supp. 2d 1272, 1276 (M.D. Ala. 2004)

Page 7 of 12

such cases was conducted by the same plaintiff in the same action in which the motion for collective action certification was pending. That is not the situation here. At least 30 individuals from diverse states have filed consents to opt into this action. These potential plaintiffs and Ms. Richter are different and distinct plaintiffs from the named plaintiffs in *Brown*, and assert "substantial allegations of class-wide discrimination" through allegations and evidence that Defendant has violated the FLSA. *See, e.g, Grayson*, 79 F.3d at 1097. Such allegations, if founded, may well unify individuals in the proposed class and allow for "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged [unlawful] activity." *Hoffman-LaRoche Inc.*, 493 U.S. at 170. Defendant further argues that this case is inappropriate for collective action certification because the only disputed element of the executive exemption

---

(applying "a more rigorous standard than that called for...a typical motion for conditional certification" where plaintiffs "have had an opportunity to conduct discovery with respect to defendant's policies and procedures); *Morisky v. Public Service Electric & Gas Co.*, 111 F. Supp. 2d 493, 498 (D. N.J. 2000) (less lenient standard where discovery was completed "well before" the motion for collective action certification was filed). Further, this Court's opinion in *Slaughter v. CVS RX Servs., Inc.*, 2:03-cv-01403-LSC (N.D. Ala. Nov. 2, 2004) applied a more rigorous standard where the plaintiffs moved to facilitate notice at a comparatively late stage of the litigation; had already conducted extensive discovery; and offered only "mere conjecture" and a single questionable affidavit as evidence that similarly situated employees wished to opt into the lawsuit.

is the question of whether Plaintiff's "primary duty" is management - a criterion requiring an individualized inquiry. (Doc. 47 at 3.) While Defendant may ultimately be able to establish this at the "tier two" decertification phase of this cause, the Court finds that Plaintiff has met her burden under the more lenient standard of "tier one."

Plaintiff's motion is therefore due to be **GRANTED**.[8] The Court will facilitate nationwide notice to those similarly situated. The parties will be **DIRECTED** to confer and jointly file with the Court a proposed collective action notice and plan for facilitating notice.

The Court emphasizes, however, that it is under no illusion that the instant action bears no relation to the *Brown* litigation, and will not perpetuate any such pretense. *Brown*, filed in 2002 and settled in late

---

[8] The Court also has for consideration Defendant's Motion to Strike the Evidentiary Submission Filed with Plaintiff's Reply in Support of the Motion for Collective Action Certification, or in the Alternative for Leave to File Surreply in Opposition to the Motion for Collective Action Certification, filed on October 10, 2006 (Doc. 56), and Defendant's Motion to Strike Plaintiff's Supplementary Evidentiary Submission in Support of the Motion for Collective Action Certification, or in the Alternative for Leave to File Surreply in Opposition to the Motion for Collective Action Certification, filed on January 8, 2007 (Doc. 71). The Court will not strike the evidentiary material in question, but it has given due consideration to the surreply that Defendant appended to its second Motion to Strike. (*Id.*) Both of these motions are therefore due to be **GRANTED IN PART** (as to leave to file a surreply) and **DENIED IN PART** (as to the striking of evidentiary material).

2006, was litigated by the same counsel and stated the same allegations against the same defendant. All parties have extensively relied on the evidentiary record of *Brown,* and Plaintiff in particular has tried to, in the words of Defendant, "have it both ways – claiming that she lacks sufficient discovery while relying on the wealth of information accumulated throughout four years of litigation." (Doc. 71 at 2.) Although the interests of justice lead the Court to grant conditional certification and to facilitate nationwide notice, the Court acknowledges its role in ensuring that the discovery process is not unduly duplicative, burdensome, or costly.[9] Accordingly, the Court sees no reason why discovery conducted in *Brown* or in *Gray* should not be used in *Richter* to the extent that it is relevant. The parties are **DIRECTED** to ensure that the discovery in this cause is carried out in good faith and takes into account the time, expense, and substance of the discovery already undertaken in *Brown* and/or *Gray.*

---

[9] *See* Fed R. Civ. P. 26(b)(1) cmt. background (2000) (amendments to the discovery rules were in part "designed to involve the court more actively in regulating the breadth of sweeping or contentious discovery. The Committee has been informed repeatedly by lawyers that involvement of the court in managing discovery is an important method of controlling problems of inappropriately broad discovery. Increasing the availability of judicial officers to resolve discovery disputes and increasing court management of discovery were both strongly endorsed by the Federal Judicial Center").

IV.    Conclusion.

For the aforementioned reasons, this Court exercises its discretion to authorize and order nationwide notice to Plaintiffs' proposed opt-in class, and to conditionally certify this cause as a collective action. Therefore, Plaintiff's Motion for Expedited Ruling on Collective Action Certification is due to be **GRANTED**. Should further discovery reveal that the opt-in plaintiffs are too disparate and/or their claims are of an individualized nature not suitable for collective action treatment, Defendant may raise these issues in a motion for decertification or a motion for summary judgment.

Since the Court has conditionally certified this cause as a collective action, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2) is due to be **DENIED**. The moving Defendants have leave to re-file this motion upon any subsequent decertification of this cause.

Further, in light of the considerable amount of time and resources already expended over the life of the *Brown*, *Richter*, and *Gray* actions, the Court will **ORDER** the parties to actively discuss settlement and/or

Alternative Dispute Resolution possibilities. The parties will also be ORDERED to apprise the Court on the outcome of this discussion.

A corresponding order is filed contemporaneously herewith.

Done this 23rd day of March 2007.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
147406

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION**

| | | |
|---|---|---|
| **DARREN ANDERSON, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **CIVIL ACTION NO.** |
| **v.** | § | **2:06-cv-00951-MEF-DRB** |
| | § | |
| **WAYNE FARMS, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

# <u>EXHIBIT 3</u>

Case 4:06-cv-02095-RDP    Document 45    Filed 03/30/2007    Page 1 of 3

Case 2:06-cv-00951-MEF-WC    Document 54-4    Filed 04/02/2007    Page 2 of 3

FILED
2007 Mar-30 AM 09:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

JAMES E. BOLDEN, et al.,                    )
                                            )
    Plaintiffs,                         )
                                            )
vs.                                         )        Case No.: 5:06-CV-2096-IPJ
                                            )
WAYNE FARMS, LLC,                           )
                                            )
    Defendant.                          )

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHEN DISTRICT OF ALABAMA
## MIDDLE DIVISION

JIMMY BELUE, et. al.,                       )
                                            )
    Plaintiffs,                         )
                                            )
vs.                                         )        Case No.: 4:06-CV-2095-RDP
                                            )
WAYNE FARMS, LLC,                           )
                                            )
    Defendant.                          )

## ORDER

A status conference was held on March 29, 2007, in the above numbered and styled cases. Appearing on behalf of the plaintiffs were William Hommel, Jr., and Roman Shaul. Appearing on behalf of the defendant were Dorman Walker, Lisa Sharp, Pepper Crutcher, Jr., and Barbara S. Mistarz (corporate counsel for the defendant).

The parties informed the court that the Alabama plaintiffs in *Agee v. Wayne Farms, LLC* (2:06-CV-268), an action filed in the Southern District of Mississippi, have been ordered severed from the *Agee* action. Specifically, the parties informed

the court that 84 of the Alabama plaintiffs in *Agee* have been ordered severed from the *Agee* action and transferred to *Bolden* (5:06-CV-2096) and that two of the Alabama plaintiffs in *Agee* have been ordered severed from the *Agee* action and transferred to *Belue* (4:06-CV-2095).

It is therefore **ORDERED** that the plaintiffs file notice with the court of the identity of the new plaintiffs that have been severed from the *Agee* action and transferred to the above numbered and styled cases. The plaintiffs are also hereby **ORDERED** to file with the court in the above numbered and styled cases a copy of the order in the *Agee* action that severed the Alabama plaintiffs.

It is further **ORDERED** that William Hommel, Jr., counsel for the additional new plaintiffs, shall have until April 3, 2007, to file any additional pleadings regarding the pending motions for conditional class certification. If Hommel chooses to file additional pleadings, the defendant shall have until April 10, 2007 to file a response. This will not affect the current briefing schedule issued by Judge Proctor in *Belue v. Wayne Farms, LLC,* (4:06-CV-2095-RDP).

It is further **ORDERED** that a status conference in both cases will be held on Wednesday, May 23, 2007, at 10:00 a.m. in Judge Inge Johnson's chambers in Birmingham, Alabama.

It is finally **ORDERED** that the parties continue discussions regarding the appointment of a mutually agreeable special master and the scope of his or her work.

2

**DONE** and **ORDERED** this _____30th_____ day of March, 2007.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE


_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## HATTIESBURG DIVISION

| | |
|---|---|
| APRIL AGEE, Et Al. | PLAINTIFFS |
| VS. | CASE NO. 2:06-CV-268-KS-MTP |
| WAYNE FARMS LLC | DEFENDANT |

## ORDER TO SEVER AND TRANSFER ALABAMA PLAINTIFFS

This matter is before the Court on the unopposed motion of the Defendant, Wayne Farms LLC to sever Alabama Plaintiffs whose claims arose in connection with their employment at a Wayne Farms facility in Alabama and to transfer those Plaintiffs to the United States District Courts for the Northern and the Middle Districts of Alabama, where some of the Alabama Plaintiffs in this case, together with others, earlier filed substantially the same claims under the Fair Labor Standards Act. Finding that the motion is well taken and should be granted, it is ordered and adjudged as follows:

(1)    All eighty-four (84) Decatur, Alabama Plaintiffs are severed from this action and shall be transferred to the Northeastern Division of the United States District Court for the Northern District of Alabama, for possible consolidation there with James Bolden, Et Al. v. Wayne Farms LLC, N.D. Ala. Civil Action 5:06-CV-2096-IPJ:

> Pamela M. Allen;
> Pratuangtip Bady;
> Bessie M. Bailey;
> Robert Lee Bates;
> Cheryl Bolden;
> Charles Brown;
> Lorenza Byers;
> Coy L. Campbell;
> Latina Campbell;
> Jerome Chapman;
> Erica S. Clay;
> Ronnes E. Cosby;

55968.1

Mary Elizabeth Dale;
Lillie P. Davis;
Concepcion DeSoto;
Hardwick Elliott;
Rose Fletcher;
Sharon Rose Foster;
Crystal Garth;
Lena Garth;
Michael Lynn Garth;
Francisco M. Garza;
Certic Kirk Gordan;
Audria M. Hampton;
Jacqueline Hampton;
Annie Hankins;
Rodreggus Jamel Harris;
Velvet A. Harris;
Shelia D. Harvel;
Stephne Hayley;
Chris Hood;
Willodean H. Howard;
Wynemia Johnson;
Ray Jones;
Ronnie Jones;
Sharon Jones;
Beatrice King;
Charlie Kirby;
Scherrie Mason;
Deron Lamar McClain;
Marcus McDay;
Angela Miller;
Damon B. Miller;
Shirley Moody;
Caroline Mullins;
Jennifer Arnett Nance;
Andres Ocampo;
Dishema L. Orr;
Doris Hopkins-Overton;
Pamela Owens;
Yasmine E. Owens;
John Patten;
Nettie Darlene Pearson;
Gloria Denise Pointer;
Theletha O. Pointer;
Jeffrey Porter;
Peronica Porter;
Jackie F. Prince;
Maria I. Rabadan;
David Alexander Ramirez;
Ramona Ramos;
Andres Rascual;
Diane Garner Ricks;
Birda Mae Robinson;
Robert Robinson;
Gloria Russell;

Tonya S. Sanders;
Veronica H. Sears;
Rhonda Smith;
Alecia Soto;
Salvador Soto;
Veeta Swantae Steele;
Dorian Gaiter Sutherlin;
Meriam Yvett Thames;
Roy L. Thomas, Jr.;
Yesenia Torres;
George A. Vinson;
Marlowe Wade;
Milton Watkins;
Myrtle Wiggins;
Paula Patrice Wiggins;
Margert Wilkerson;
Tracy Williams;
Woozie Williams;

(2)     Both Albertville, Alabama plant Plaintiffs are severed from this action and shall be transferred to the Middle Division of the United States District Court for the Northern District of Alabama, for possible consolidation there with Jimmy Belue Et Al. v. Wayne Farms LLC, N.D. Ala. Civil Action 4:06-CV-2095-RDP:

Robert Thomas Dunn;
Christin Edmonson;

(3) All seventeen (17) Enterprise, Alabama plant Plaintiffs are severed from this action and shall be transferred to the Southern Division of the United States District Court for the Middle District of Alabama, for possible consolidation there with Samuel Adams Et Al. v. Wayne Farms LLC, M.D. Ala. Civil Action 1:06-CV-950-MEF:

Sonya P. Adams;
Sandra Barnes;
Jacqueline B. Blair;
Michael Dowell;
Brenda Gray;
Cornelia M. Henderson;
Pearl Irving;
Eddie D. Jackson;
Mebeline Kiser;
Mary Ann Martin;
Tessie Riley;
Eddie Thomas;
Temeca Thomas;
Bridgett Lynn Tyson;
Melissa Vaughn;
Clara Wheeler;

55968.1        3

Frances Williams;

(4) All 200 Union Springs, Alabama plant Plaintiffs are severed from this action and shall be transferred to the Northern Division of the Middle District of Alabama for possible consolidation there with Darren Anderson, Et Al. v. Wayne Farms LLC, M.D. Ala. Civil Action 2:06-CV-951-MEF:

Amos Akings;
Mary Ann Allums;
Alberta K. Anderson;
Darren Anderson;
Cheryl Anthony;
Edward O. Anthony;
Edwin Anthony;
Jimmy L. Anthony;
Terrance Anthony;
Timothy P. Anthony;
Jessica Keria Baker;
Jerry Tirone Baldwin;
Kashebra Y. Baldwin;
Bennie James Bandy;
Henry Baskin;
Kenith Ray Baskin;
Jacqualine Bellomy;
Marquez Biggers;
Sharon M. Biggers;
Juan Blue;
Calvin Bolar;
Chaudney L. Bowens;
Arlene Bronson;
Shirley Bronson;
Angie L. Brown;
Annie Bussey;
Anita Calhoun;
Tomecha O. Canty;
Douglas James Chambliss;
Cornelias D. Clark;
Derek Cobb;
Teresa Comer;
Jacqueline Cooper;
Marquetta Cunningham;
Shirley A. Cunningham;
Benjamin F. Curry, Jr.;
Delores Davis;
Kirby Davis;
Timothy Davis;
Larry T. Dawson;
Tyrone Dawson;
Dewayne Dickerson;
Sharon Murphy Durham;
Rudy Edwards;

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA,**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **DARREN ANDERSON, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **CIVIL ACTION NO.** |
| **v.** | § | **2:06-cv-00951-MEF-DRB** |
| | § | |
| **WAYNE FARMS, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

# <u>EXHIBIT 4</u>

**BOARD CERTIFIED**

LABOR AND EMPLOYMENT LAW
CIVIL TRIAL LAW
PERSONAL INJURY TRIAL LAW

TEXAS BOARD OF
LEGAL SPECIALIZATION

# WILLIAM S. HOMMEL, JR.

A PROFESSIONAL CORPORATION

## ATTORNEY AT LAW

www.hommelfirm.com

**1402 RICE ROAD**
**SUITE 200**
**TYLER, TEXAS 75701**
(903) 596-7100
(903) 596-7464 FAX

WRITER'S EMAIL:
BHOMMEL@HOMMELFIRM.COM

March 30, 2007

Judge Inge P. Johnson
Hugo L. Black U. S. Courthouse
1729 Fifth Avenue North
Birmingham, AL 35203

Judge R. David Proctor
Hugo L. Black U. S. Courthouse
1729 Fifth Avenue North
Birmingham, AL 35203

Re:    **Civil Action No. 5:06-cv-02096-IPJ**; *Bolden, et al v. Wayne Farms, L.L.C.*, et al; in the
United States District Court for the Northern District of Alabama, Northeastern Division;
**Civil Action No. 4:06-cv-02095-RDP**; *Belue, et al v. Wayne Farms, L.L.C.*, et al; in the
United States District Court for the Northern District of Alabama, Middle Division.

Judge Johnson and Judge Proctor:

After having reviewed in detail the Motions for Initial Class Certification filed by Plaintiffs in the
above-referenced matters, I have determined that on behalf of the Plaintiffs which have been
transferred to the respective cases from Mississippi, that we will not submit any additional briefing
at this time. We join in the motions on behalf of the transferred Plaintiffs. We will coordinate any
replies to the Defendant's forthcoming responses with counsel for Plaintiffs and request that our firm
be included in the notice, should it be granted.

Thank you for your consideration in this matter.

Very truly yours,

William S. Hommel, Jr.

WSH/sm

cc:    R. Pepper Crutcher

March 30, 2007
Page 2

Lisa Sharp
Dorman Walker
Robert Camp
Roman Shaul
Lance Swanner
Robert L. Salim
A. Craig Eiland
Seth Hunter
Robert Ramsey
John Piazza

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
MONTGOMERY DIVISION

DARREN ANDERSON, et al.,        §
                                §
        Plaintiffs,             §
                                §
                                §        CIVIL ACTION NO.
v.                              §        2:06-cv-00951-MEF-DRB
                                §
WAYNE FARMS, LLC,               §
                                §
        Defendant.              §

PLAINTIFFS' RESPONSE TO DEFENDANT'S BRIEF IN
OPPOSITION TO PLAINTIFFS' MOTION FOR
AN ORDER PERMITTING NOTICE TO
EMPLOYEES OF THEIR OPT-IN RIGHTS (Doc. 52)

Comes now Plaintiffs and respectfully request that this Court give no weight to the Defendant's Response and enter an order granting Plaintiffs' Motion for Court Supervised Notice.  As grounds for said request, Plaintiffs aver that,

1.      Plaintiffs do not feel it necessary to burden this Court with a Reply refuting blow for blow Defendant's thirty-nine page Response to Plaintiffs' Motion for Court Supervised Notice.  Instead, Plaintiffs would like to make four succinct points supporting their position:

2.      First, as previously discussed in Plaintiff's motion, the Eleventh Circuit Court of Appeals established a two tiered approach for a district

court's consideration of whether to allow a FLSA claim to proceed as a collective action. *Hipp v. Liberty National Life Insurance Company*, 252 F.3d 1208, 1218 (11th Circuit). At the first tier, because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" where the class of putative class members is given notice and an opportunity to opt-in. *Id* While Defendant points out *Hipp* only "suggested" that the two stage analysis was an appropriate method for certifying a collective action, it is clear the 11th Circuit has adopted the Appeals Court's suggestion in matters which are in the early stages of discovery[1] and with good reason. Because of the opt-in

---

[1] *See* January 31, 2007 "order" of Judge Inge Johnson, granting conditional certification i.e. notice in poultry suit *Aguilar, et al.  v. Pilgrims' Pride Corporation* (N.D. Ala.) attached as Exhibit 1;  *See*  March 23, 2007 "order" of Judge Scott Coogler, granting conditional certification i.e. notice in *Cynthia Richter, et al. v. Dolgencorp Inc.* (N.D. Ala.), attached as Exhibit 2; *See Barron v. Henry County Sch. Sys.*, 242 F. Supp.2d, 1096 (M.D. Ala. 2003); United States Magistrate Judge Frank Lynch, Jr., permitted notice to proceed stating that: "...the Affidavit of [a single opt-in Plaintiff] shows that at least one other co-worker desires to join the suit, thereby raising the Plaintiff's contention beyond one of pure speculation." Order on Plaintiff's Motion for an Order Permitting Court Supervised Notice to Employees of Their Opt-in Rights, *Larry Guerra v. Big Johnson Concrete Pumping, Inc.*, CASE NO.: 05-14237 (S.D. Fla. May 17, 2006); *See Pendlebury v. Starbucks Coffee Co.*, 2005 WL 84500 * 3 (S.D. Fla. Jan. 3, 2005) (Marra, J.) (Judge Marra did not consider individualized defenses in permitting Stage I notification); *Cameron-Grant v. Maxim Healthcare Services., Inc.*, 347 F.3d 1240, 1243 (11th Cir. 2003) ("The first determination is made at the so-called "notice stage"....Because the Court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in a conditional certification of a representative class. The action proceeds as a representative action throughout discovery."); *See Harper v. Lovett's Buffet Inc.*, 185 F.R.D 358 (M.D. Ala. 1999); *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996) ("We hold that section 216(b)'s "similarly situated" requirement is less stringent than that for joinder under Rule 20(a) or for separate trials under rule 42(b).")

nature of a 216(b) collective action, putative class members do not have the luxury of waiting for an extended period of discovery to conclude before receiving notice. A 216(b) plaintiff's statute of limitations does not toll until their consent to join is filed with the Court. This is the exact opposite of a Rule 23 class action where the statute of limitations for the class as a whole is tolled at the time of filing the complaint. The prejudice felt by putative collective class members far exceeds any inconvenience felt by Defendant, including concerns related to employee morale. It is clear from the number of Plaintiffs involved a significant number of plant employees have notice of this litigation and thus any morale issues have already arisen. Due to high turnover rates, the obvious concern is related to those employees who are no longer employed and do not threaten morale and those employees still employed but afraid to come forward.

3.     Secondly, through their pleadings and affidavits, Plaintiffs have satisfied the fairly lenient standard to show they are similarly situated. Far from a "minimal" showing of similarity, through the filing of more than fifty-five (55) affidavits, Plaintiffs have clearly demonstrated they were all unskilled or semi-skilled at best, based on the plant's daily needs interchangeable regardless of title, supervisor, or department, and subject to the same payroll practice of not being paid in full for all time worked due to

their individual time clock punches not being the basis for calculating hours worked.

Despite, the individual defenses raised, the so called "personal time" paid, the variety of departments, pay practices, and alleged variations in PPE, the fact remains that while those issues may or may not be relevant when considering a Motion to Decertify, they are not relevant at this stage, the conditional certification/notice stage. *See* Exhibit 1 at 9-10. Defendant is seeking to decertify the class before the class exists. Surely Defendant does not suggest it is improper to file on a plant by plant basis but instead suits should be filed on a department by department basis, job titles basis, or job specific PPE basis. By their own admission instead of four (4) pending Wayne Farms actions in Alabama, if the Court accepts Defendant's proposition that these differences are significant, there could potentially be 96 separate suits based on job titles per plant, 7 different suits based on methods of recording hours worked per plant, and or 20 different suits based on job-specific PPE per plant. Hundreds of suits versus four and at the end of the day all suits will still have one thing in common, on a plant by plant basis, Plaintiffs' hours worked are not based on individual time clock punches and they are not being paid for all hours worked. Judicial economy would suffer an injustice given Defendant's assertions.

4.     Thirdly, Defendant puts great weight on a series of cases in which they claim overly broad classes were conditionally certified only to be decertified later where hundreds if not thousands of individual claims were then filed and that this process would be a waste of the Court's time. Plaintiffs disagree.  Because notice was given early on in the cited litigation, thousands of individuals were able to protect their interest by opting-in to the litigation before their statute of limitations tolled.  If notice had been withheld, those individuals may not have had the opportunity to file individually once the class was decertified because their SOL would have ran.   Defendant's example reinforces the appropriateness of the *Hipp* analysis and further explains its adoption by the 11th Circuit.

5.     Lastly, the Court should entertain class notice arguments "<u>now</u>" because the Mississippi plaintiffs in the *Agee* case have been severed and *Agee* counsel in a hearing held March 29, 2007 in front of Judge Johnson and Judge Proctor, represented they intend to join their plaintiffs with the pending Alabama actions. *See* Exhibit 3.  Plaintiffs feel confident that once Agee counsel has an opportunity to review Plaintiffs' motion for notice that he will agree proceedings should move forward, thus, all of Defendant's arguments related to the ripeness of Plaintiffs' motion are moot.

*See* Exhibit 4.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that this Court grant Plaintiffs' motion for an order permitting court supervised notice to employees of their opt-in rights.

Dated: April 2, 2007

Respectfully submitted,

**THE COCHRAN FIRM, P.C.**

/s/ Robert J. Camp
**ROBERT J. CAMP**
BERNARD D. NOMBERG
LANCE SWANNER
SAMUEL A. CHERRY, JR.
505 North 20th Street, Suite 825
Birmingham, AL 35203
(205) 930-6900 (Phone)
(205) 930-6910 (Fax)

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2007, I electronically filed the above Motion with the Clerk of the District Court using CM/ECF System, which sent notification of such filing to:

Dorman Walker
dwalker@balch.com

Lisa J. Sharp
lsharp@balch.com

Wendy A. Madden
wmadden@balch.com

Pepper Crutcher, Jr.
pcrutcher@balch.com

/s/ Robert J. Camp
**ROBERT J. CAMP**