**UNITED STATES DISTRICT COURT**
MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK                                                      TELEPHONE (334) 954-3600

April 5, 2007

# NOTICE OF CORRECTION

**From:**              Clerk's Office

**Case Style:**        **Darren Anderson, et al. v. Wayne Farms, L.L.C.**

**Case Number:**       **#2:06-cv-00951-MEF**

**Referenced Document:** **Document #54**
                         **Response in Opposition**

**This notice has been docketed to enter the corrected certificate of service to the referenced document into the record. The original pdf did not contain a signature on the certificate of service. The corrected pdf is attached to this notice.**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
MONTGOMERY DIVISION

| | | |
|---|---|---|
| DARREN ANDERSON, et al., | § § | |
| Plaintiffs, | § § | |
| | § | CIVIL ACTION NO. |
| v. | § § | 2:06-cv-00951-MEF-DRB |
| | § | |
| WAYNE FARMS, LLC, | § § | |
| Defendant. | § § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S BRIEF IN
OPPOSITION TO PLAINTIFFS' MOTION FOR
AN ORDER PERMITTING NOTICE TO
EMPLOYEES OF THEIR OPT-IN RIGHTS (Doc. 52)**

Comes now Plaintiffs and respectfully request that this Court give no weight to the Defendant's Response and enter an order granting Plaintiffs' Motion for Court Supervised Notice. As grounds for said request, Plaintiffs aver that,

1.  Plaintiffs do not feel it necessary to burden this Court with a Reply refuting blow for blow Defendant's thirty-nine page Response to Plaintiffs' Motion for Court Supervised Notice. Instead, Plaintiffs would like to make four succinct points supporting their position:

2.  First, as previously discussed in Plaintiff's motion, the Eleventh Circuit Court of Appeals established a two tiered approach for a district

court's consideration of whether to allow a FLSA claim to proceed as a collective action. *Hipp v. Liberty National Life Insurance Company*, 252 F.3d 1208, 1218 (11th Circuit). At the first tier, because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" where the class of putative class members is given notice and an opportunity to opt-in. *Id* While Defendant points out *Hipp* only "suggested" that the two stage analysis was an appropriate method for certifying a collective action, it is clear the 11th Circuit has adopted the Appeals Court's suggestion in matters which are in the early stages of discovery[1] and with good reason. Because of the opt-in

---

[1] *See* January 31, 2007 "order" of Judge Inge Johnson, granting conditional certification i.e. notice in poultry suit *Aguilar, et al. v. Pilgrims' Pride Corporation* (N.D. Ala.) attached as Exhibit 1; *See* March 23, 2007 "order" of Judge Scott Coogler, granting conditional certification i.e. notice in *Cynthia Richter, et al. v. Dolgencorp Inc.* (N.D. Ala.), attached as Exhibit 2; *See Barron v. Henry County Sch. Sys.*, 242 F. Supp.2d, 1096 (M.D. Ala. 2003); United States Magistrate Judge Frank Lynch, Jr., permitted notice to proceed stating that: "…the Affidavit of [a single opt-in Plaintiff] shows that at least one other co-worker desires to join the suit, thereby raising the Plaintiff's contention beyond one of pure speculation." Order on Plaintiff's Motion for an Order Permitting Court Supervised Notice to Employees of Their Opt-in Rights, *Larry Guerra v. Big Johnson Concrete Pumping, Inc.*, CASE NO.: 05-14237 (S.D. Fla. May 17, 2006); *See Pendlebury v. Starbucks Coffee Co.*, 2005 WL 84500 * 3 (S.D. Fla. Jan. 3, 2005) (Marra, J.) (Judge Marra did not consider individualized defenses in permitting Stage I notification); *Cameron-Grant v. Maxim Healthcare Services., Inc.*, 347 F.3d 1240, 1243 (11th Cir. 2003) ("The first determination is made at the so-called "notice stage"….Because the Court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in a conditional certification of a representative class. The action proceeds as a representative action throughout discovery."); *See Harper v. Lovett's Buffet Inc.*, 185 F.R.D 358 (M.D. Ala. 1999); *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996) ("We hold that section 216(b)'s "similarly situated" requirement is less stringent than that for joinder under Rule 20(a) or for separate trials under rule 42(b).")

nature of a 216(b) collective action, putative class members do not have the luxury of waiting for an extended period of discovery to conclude before receiving notice. A 216(b) plaintiff's statute of limitations does not toll until their consent to join is filed with the Court. This is the exact opposite of a Rule 23 class action where the statute of limitations for the class as a whole is tolled at the time of filing the complaint. The prejudice felt by putative collective class members far exceeds any inconvenience felt by Defendant, including concerns related to employee morale. It is clear from the number of Plaintiffs involved a significant number of plant employees have notice of this litigation and thus any morale issues have already arisen. Due to high turnover rates, the obvious concern is related to those employees who are no longer employed and do not threaten morale and those employees still employed but afraid to come forward.

3.   Secondly, through their pleadings and affidavits, Plaintiffs have satisfied the fairly lenient standard to show they are similarly situated. Far from a "minimal" showing of similarity, through the filing of more than fifty-five (55) affidavits, Plaintiffs have clearly demonstrated they were all unskilled or semi-skilled at best, based on the plant's daily needs interchangeable regardless of title, supervisor, or department, and subject to the same payroll practice of not being <u>paid in full</u> for all time worked due to

their individual time clock punches not being the basis for calculating hours worked.

Despite, the individual defenses raised, the so called "personal time" paid, the variety of departments, pay practices, and alleged variations in PPE, the fact remains that while those issues may or may not be relevant when considering a Motion to Decertify, they are not relevant at this stage, the conditional certification/notice stage. *See* Exhibit 1 at 9-10. Defendant is seeking to decertify the class before the class exists. Surely Defendant does not suggest it is improper to file on a plant by plant basis but instead suits should be filed on a department by department basis, job titles basis, or job specific PPE basis. By their own admission instead of four (4) pending Wayne Farms actions in Alabama, if the Court accepts Defendant's proposition that these differences are significant, there could potentially be 96 separate suits based on job titles per plant, 7 different suits based on methods of recording hours worked per plant, and or 20 different suits based on job-specific PPE per plant. Hundreds of suits versus four and at the end of the day all suits will still have one thing in common, on a plant by plant basis, Plaintiffs' hours worked are not based on individual time clock punches and they are not being paid for all hours worked. Judicial economy would suffer an injustice given Defendant's assertions.

4.      Thirdly, Defendant puts great weight on a series of cases in which they claim overly broad classes were conditionally certified only to be decertified later where hundreds if not thousands of individual claims were then filed and that this process would be a waste of the Court's time. Plaintiffs disagree. Because notice was given early on in the cited litigation, thousands of individuals were able to protect their interest by opting-in to the litigation before their statute of limitations tolled. If notice had been withheld, those individuals may not have had the opportunity to file individually once the class was decertified because their SOL would have ran. Defendant's example reinforces the appropriateness of the *Hipp* analysis and further explains its adoption by the 11th Circuit.

5.      Lastly, the Court should entertain class notice arguments "<u>now</u>" because the Mississippi plaintiffs in the *Agee* case have been severed and *Agee* counsel in a hearing held March 29, 2007 in front of Judge Johnson and Judge Proctor, represented they intend to join their plaintiffs with the pending Alabama actions. *See* Exhibit 3. Plaintiffs feel confident that once Agee counsel has an opportunity to review Plaintiffs' motion for notice that he will agree proceedings should move forward, thus, all of Defendant's arguments related to the ripeness of Plaintiffs' motion are moot. *See* Exhibit 4.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that this Court grant Plaintiffs' motion for an order permitting court supervised notice to employees of their opt-in rights.

Dated: April 2, 2007

Respectfully submitted,

**THE COCHRAN FIRM, P.C.**

/s/ Robert J. Camp
**ROBERT J. CAMP**
BERNARD D. NOMBERG
LANCE SWANNER
SAMUEL A. CHERRY, JR.
505 North 20th Street, Suite 825
Birmingham, AL 35203
(205) 930-6900 (Phone)
(205) 930-6910 (Fax)

*Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2007, I electronically filed the above Motion with the Clerk of the District Court using CM/ECF System, which sent notification of such filing to:

Dorman Walker
dwalker@balch.com

Lisa J. Sharp
lsharp@balch.com

Wendy A. Madden
wmadden@balch.com

Pepper Crutcher, Jr.
pcrutcher@balch.com

/s/ Robert J. Camp
**ROBERT J. CAMP**