IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
MONTGOMERY DIVISION

| | | |
|---|---|---|
| **DARREN ANDERSON, et al.,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | 2:06-cv-00951-MEF-DRB |
| | § | |
| **WAYNE FARMS, LLC,** | § | |
| | § | |
| Defendant. | § | |

**SUPPLEMENT TO PLAINTIFFS' RESPONSE TO DEFENDANT'S
BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR
AN ORDER PERMITTING NOTICE TO
<u>EMPLOYEES OF THEIR OPT-IN RIGHTS (Doc. 52)</u>**

Plaintiffs hereby file the attached Order (Attached as Exhibit A) as a supplement to its Response to Defendant's Brief in Opposition to Plaintiffs' Motion for Court Supervised Notice currently pending before the Court. The attached order was issued in *Benbow v. Gold Kist*, *Inc.,* in the Fourth Circuit, on April 16, 2007. The court's order addresses issues that are raised by Defendant and Plaintiffs' response thereto in the present case. Specifically, *Benbow* is a national collective action seeking notice to poultry processing employees of Gold Kist, Inc. for wage and hour violations. Gold Kist raised many of the same arguments Defendant raises in this action against court supervised notice and additional arguments related to the individuality of each plant and pending

1

plant specific collective actions in other states. Judge Seymour, in reviewing the seventeen affidavits submitted to support plaintiffs' motion, recognized that it was not appropriate to consider Gold Kist's arguments at the fist stage of analysis and held that plaintiffs had met the threshold showing of similarity. Plaintiffs in the case at hand have argued individual defenses and other such arguments are not appropriate under *Hipp* when considering notice and now assert that Judge Seymour's order is persuasive, supporting this argument, since the arguments against notice in *Benbow* were even greater in number than the arguments raised in this action brought against one individual plant. If notice is appropriate in *Benbow* on a national basis surely it is appropriate in the case at hand.

May 14, 2007                                             Respectfully submitted

                                                       **THE COCHRAN FIRM, P.C.**

/s/ Robert J. Camp
**ROBERT J. CAMP**
**BERNARD D. NOMBERG**
505 North 20th Street, Suite 825
Birmingham, AL  35203
(205) 244-1115 (Phone)
(205) 244-1171 (Fax)

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 14, 2007, I electronically filed the above Motion with the Clerk of the District Court using CM/ECF System, which sent notification of such filing to:

| | |
|---|---|
| Dorman Walker<br>dwalker@balch.com | Lisa J. Sharp<br>lsharp@balch.com |
| Wendy A. Madden<br>wmadden@balch.com | Pepper Crutcher, Jr.<br>pcrutcher@balch.com |

/s/ Robert J. Camp
**ROBERT J. CAMP**

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

RANDOLPH BENBOW, JANICE )
DUBOSE, ERNESTINE HAMPTON, )
TROY PATILLO, DAVID WARD, )
PHYLLIS HARRIS, ARTHUR )
RICHARDSON, CORA BIVENS, )
SAMMY LEWIS, VALARIE HIGHT, )
ALBERTO PENA, TERRY YOW, )
KATHRYN SNIPES, RUBY HOWARD, )    C.A. No.: 3:06-cv-02751-MBS
SARA GRIFFITH, all individually and )
on behalf of all others similarly situated, )
)    **ORDER**
　　　　　Plaintiffs, )
)
vs. )
)
GOLD KIST, INC., )
)
　　　　　Defendant. )

　　　　This matter comes before the court on Plaintiffs' motion for notice to potential class members. Motion for Notice to Potential Class Members (Entry 30). Plaintiffs seek conditional certification of a putative class pursuant to the collective action provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). For the reasons stated below, the court grants Plaintiffs' motion.

**PROCEDURAL HISTORY**

　　　　Defendant Gold Kist, Inc. is a large chicken processing company with plants in Alabama, Georgia, South Carolina, North Carolina, and Florida. On October 20, 2006, Plaintiffs - all of whom are current and former employees of Defendant - filed this action on behalf of themselves and all others similarly situated, alleging violations of the FLSA by Defendant. Specifically, Plaintiffs assert

1

that Defendant failed to pay overtime compensation for time spent donning and doffing protective gear. Plaintiffs filed the instant motion on February 14, 2007, arguing that the putative class is similarly situated for purposes of notice and conditional certification because the class members have performed similar duties in Defendant's processing plants and all claim to have been forced to work without compensation under the same hourly pay structure. Motion for Notice to Potential Class Members, 2. After having received an extension of time, Defendant filed a brief in opposition to Plaintiffs' motion on March 20, 2007. Response in Opposition to Plaintiffs' Motion for Notice to Potential Class Members (Entry 37). The court held a hearing on the motion on March 28, 2007.

## DISCUSSION

Plaintiffs' motion seeks conditional certification of this action under 29 U.S.C. § 216(b) for purposes of giving expedited notice to potential class members. Section 216(b) authorizes a plaintiff alleging FLSA violations to file suit "for and in behalf of himself . . . and any other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." Id. "District courts have the discretion, in appropriate cases, to implement § 216(b) . . . by facilitating notice to potential plaintiffs." Shaffer v. Farm Fresh, 966 F.2d 142, 147 (4th Cir. 1992) (quoting Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 174 (1989)).

Certification of a collective action under § 216(b) is a two-step process. In the first stage:

> [T]he court examines the pleadings and affidavits of the proposed collective action and determines whether the proposed class members are "similarly situated." If the court finds that the proposed class members are similarly situated, the court "conditionally certifies" the class. Putative class members are given notice and the opportunity to "opt-in" and the action proceeds as a representative action throughout discovery.

2

Scholtisek v. Eldre Corp., 229 F.R.D. 381, 387 (W.D.N.Y. 2005) (internal citations omitted). During the first stage, plaintiffs bear the burden of presenting preliminary facts showing that a similarly situated group of potential plaintiffs exists, D'Anna v. M/A.Com, Inc., 903 F. Supp. 889, 893-94 (D. Md. 1995), and courts generally apply a relatively lenient standard requiring "nothing more than substantial allegations that the putative class members were together victims of a single decision, policy, or plan," Hoffman, 493 U.S. at 174. See Evans v. Lowe's Home Ctrs., Inc., 2006 U.S. Dist. LEXIS 32104 (M.D. Pa. May 18, 2006) ("This [first stage] typically results in a conditional certification of the class as it is based on minimal information, usually the allegations of the complaint."); Scholtisek, 229 F.R.D. at 387 ("To demonstrate that other potential plaintiffs are similarly situated to him, a plaintiff must make only a modest factual showing sufficient to demonstrate that he and potential plaintiffs together were victims of a common policy or plan that violated the law. A plaintiff's burden at this stage is minimal, especially since the determination that potential plaintiffs are similarly situated is merely a preliminary one.").

The second stage of certification occurs after discovery is complete and is typically precipitated by a motion for 'decertification' by the defendant. Id. In contrast with the first stage, the court in the second stage must "make[] a factual finding on the 'similarly situated' issue, based on the record produced through discovery." Id. If the court determines that the plaintiffs are similarly situated, the collective action may proceed; however, "if the claimants are not similarly situated, the court decertifies the class, and the claims of the opt-in plaintiffs are dismissed without prejudice." Id.

Applying these principles of law, the court finds that Plaintiffs have made the threshold

3

showing of similarity required in the first stage of collective action certification under the FLSA.[1] Plaintiffs have provided the court with declarations from seventeen of Defendant's employees, all of whom state that they have similar duties,[2] similar hourly pay, and were similarly deprived of compensation for time spent donning and doffing. See Appendix to Plaintiff's Motion for Notice to Potential Class Members, 4-43 (Entry 30-2); Supplement to Plaintiff's Motion for Notice to Potential Class Members (Entry 43). Furthermore, more than 1,300 workers from plants in every state in which Defendant operates have filed notices of consent with the court through Plaintiffs' counsel since the case was filed. See First Notice of Filing Consents (Entry 5); Second Notice of Filing Notices of Consent (Entry 15); Third Notice of Filing Notices of Consent (Entry 20); Fourth Notice of Filing Notices of Consent (Entry 29); Fifth Notice of Filing Notices of Consent (Entry 38). This evidence is sufficient to meet the lenient standard for giving notice to potential class members. See Iglesias-Mendoza v. La Bell Farm, Inc., 239 F.R.D. 363, 368 (S.D.N.Y. 2007) ("The plaintiffs rely, as they are entitled to at this stage of the proceedings, on the pleadings and their own declarations. Plaintiffs have easily made the modest showing that is required of them at this

---

[1] It is undisputed that Plaintiffs' motion is for stage one notification under the FLSA. See Motion for Notice to Potential Class Members, 2 ("Plaintiffs . . . ask[] this court for permission to send a notice to potential plaintiffs . . . to make these individuals aware of their rights and to allow them to make an informed decision as to whether or not to proceed with their case.").

[2] Plaintiffs have proposed a class of all line employees. Plaintiffs' motion refers to "all current and former poultry process division employees," Motion for Notice to Potential Class Members, 2; however, during the hearing, Plaintiffs conceded that the non-line employees did not belong in the proposed class. Plaintiffs' counsel subsequently provided the court with the following revised definition of the proposed class: "All current and former hourly employees who are or have been employed by Gold Kist, Inc. on the first or second processing line . . . ." E-mail from Michael Josephson dated April 10, 2007. Accordingly, the court only includes first- and second-shift line employees within Plaintiffs' proposed class.

4

preliminary stage: they were subjected to certain wage and hour practices at the defendants' workplace and to the best of their knowledge, and on the basis of their observations, their experience was shared by members of the proposed class.").

Defendant's arguments are outside the purview of the first stage of the certification analysis. Defendant asserts that members of the putative class are not similarly situated because various plants have different customs with regard to the types of gear donned and the manner in which hours worked is calculated. Response in Opposition, 7-27. At this stage of the proceeding, however, Plaintiffs "need only show that their positions are similar, not identical, to the positions held by the putative class members." Sperling v. Hoffman-La Roche, Inc., 118 F.R.D. 392, 407 (D.N.J.), *aff'd in part and appeal dismissed in part*, 862 F.2d 439 (3d Cir. 1988), *aff'd*, 493 U.S. 165 (1989). While each claim may differ as to amount, such determinations are the subject of the merits of the parties' claims, which are not at issue at this stage of the litigation. See Parks v. Dick's Sporting Goods, Inc., 2007 U.S. Dist. LEXIS 20949, *12 (W.D.N.Y. March 23, 2007) ("Whether the proof will ultimately support anything more than conditional certification is not at issue at this time . . . . [T]he fact that there may be variation in job duties or, that upon closer inquiry, it may turn out that some [employees] in some stores are not similarly situated for purposes of a collective action, does not mean that conditional certification must be denied at this juncture of the litigation."). Defendant's objections are premature and more appropriately considered during the second stage of the collective action certification.

## CONCLUSION

Accordingly, Plaintiffs' motion for notice to potential class members is granted. Plaintiffs shall have ten (10) days from the date of this order to submit an agreed upon notice for the court's

approval. In the event the parties are unable to agree, Plaintiffs shall submit the proposed notice to the court within fifteen (15) days from the date of this order. Thereafter, Defendant will have five (5) days to file any objections to Plaintiffs' proposal.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Honorable Margaret B. Seymour
United States District Judge

April 16, 2007
Columbia, South Carolina