BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

MDL DOCKET NO. _____

IN RE WAYNE FARMS FAIR LABOR
STANDARDS ACT LITIGATION

## BRIEF SUPPORTING WAYNE FARMS LLC'S MOTION TO TRANSFER AND CONSOLIDATE FOR PRETRIAL PROCEEDINGS

Wayne Farms LLC has moved the Panel to transfer from 5 different districts and 7 district judges the 13 FLSA collective actions brought against 6 of its live chicken processing plants and two of its other plants since October 2006 by eight law firms, collaborating or competing in different ways at different times, on behalf of about 1300 present and former employees who have so far joined at least one of the actions. Wayne Farms has asked the Panel to send the cases to Chief Judge Mark Fuller of the Middle District of Alabama for coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407. This Brief explains in more detail the case summarized in Wayne Farms' Motion.

### Litigation Background and Posture of Cases

*IBP, Inc. v. Alvarez*, 126 S.Ct. 514 (2005) held that the Fair Labor Standards Act required a beef processor and a poultry processor to include in compensable "hours worked" certain time that many beef and poultry processors had traditionally ignored in the belief that it was properly

excluded by certain FLSA amendments.[1] Attorneys noted that development, acquired rights to represent beneficiaries of the decision and began filing FLSA "collective actions." One becomes a collective action plaintiff by filing a written consent to join, as required by 29 U.S.C. § 216(b).

Chicken processors operating in multiple districts soon faced *Alvarez* claims filed by different lawyers for different or overlapping employee groups, in multiple jurisdictions. It appears that each processor initially attempted informal coordination. As detailed below, Wayne Farms certainly did. On May 10, 2007, the Panel granted the MDL transfer motion filed by Pilgrim's Pride, one of America's largest poultry processors, which faced 5 collective actions filed in 4 districts. *In Re Pilgrim's Pride FLSA Litigation*, MDL Dkt. No. 1:07-CV-1832 (W.D. Ark.)[2] Wayne Farms now requests similar relief from the burden of 13 cases filed against 8 plants in 5 districts.

Exhibit A to the Motion lists each suit, all counsel in each suit, and all parties to each suit. Motion Exhibit B shows the locations of the plants sued. The cases were filed in four waves. Between October 18 and 21, 2006, The Cochran Firm, associated with Morgan & Morgan, filed in the Northern and Middle Districts of Alabama four separate cases against Wayne Farms' Albertville, Decatur, Enterprise and Union Springs, Alabama live chicken processing plants. On December 13, 2006, Robert Salim, Bill Hommel and Seth Hunter filed in the Southern District of Mississippi the *Agee* collective action against *all* Wayne Farms' live chicken processing plants. Their plaintiffs included many who already had sued in the Alabama

---

[1] The specific issue was the status, under the Portal to Portal Act, 29 U.S.C. § 254(a), of time spent walking to the processing line after donning certain job-specific clothing and personal protective equipment and walking away from the processing line before doffing it. Unlike most competitors, Wayne Farms paid affected employees at its live chicken processing plants six minutes per day for such non-excludable activities, beginning in the late 1980's in Albertville, Alabama and in 2000 elsewhere. The suits against Wayne Farms either ignore or dispute the adequacy of these payments.

[2] Another major competitor, Gold Kist, recently withdrew its transfer motion after all counsel reached a consolidation agreement. *In Re Gold Kist Fair Labor Standards Act Litigation*, MDL Dkt. No. 1:07-CV-1858.

actions. On February 8, 2007, Morgan & Morgan, with Mississippi's Mike Espy, filed the overlapping *Keyes* case in the Southern District of Mississippi, targeting only Wayne Farms' Laurel, Mississippi processing plant.

Between January and May, 2007, Wayne Farms filed and prevailed on the motions required to sever the Alabama plaintiffs from the first Mississippi action and to transfer them to the Alabama court hosting the first-filed action against the plant that employed them. The action created by each incoming group was then consolidated with the first-filed action against that plant. That left two sets of plaintiff counsel in each Alabama case, each representing a separate claimant group and each claiming to represent plaintiffs who had joined both suits. Their counsel then informed Alabama District Judges Fuller, Johnson and Proctor that all would proceed jointly. Counsel in the Alabama actions undertook some initial written discovery and argued class notice motions, most recently on May 15 before Judge Fuller and on May 23, 2007, before Judges Johnson and Proctor. The Mississippi cases simmered while attention was diverted to class notice proceedings in the Alabama suits.

In late May, 2007, Morgan & Morgan sued Wayne Farms' College Park[3] and Pendergrass, Georgia plants in the Northern District of Georgia and The Cochran Firm sued Wayne Farms' Douglas, Georgia[4] plant in the Southern District. Added to the failings of informal coordination described below, those three May filings convinced Wayne Farms that further efforts at informal coordination would be more costly and less effective than MDL transfer for coordinated pretrial management by one judge.

---

[3] College Park is not a live chicken processing plant. It works with product obtained from live chicken processing plants.

[4] Douglas is not a live chicken processing plant. It is what the industry calls a "further processing" or "cook" plant.

As of this filing, the 13 FLSA collective actions pending against Wayne Farms are in these postures:

- Pleadings and written discovery requests have been exchanged and class notice motions have been made and briefed in all 8 actions pending in Alabama - *James E. Bolden v. Wayne Farms LLC*, N.D. Ala. 5:06cv2096-IPJ consolidated with *Pamela M. Allen v. Wayne Farms LLC*, N.D. Ala. 5:07cv639-CLS; *Jimmy W. Belue v. Wayne Farms LLC*, N.D. Ala. 4:06cv2095-RDP consolidated with *Robert Thomas Dunn v. Wayne Farms LLC*, 4:07cv647-RDP; *Samuel Adams v. Wayne Farms LLC*, M.D. Ala. 1:06cv950-MEF consolidated with *Sonya P. Adams v. Wayne Farms LLC*, M.D. Ala. 1:07cv296-MEF-WC; and *Darren Anderson v. Wayne Farms LLC*, M.D. Ala. 2:06cv951-MEF-DRB consolidated with *Amos Akings v. Wayne Farms LLC*, M.D. Ala. 2:07cv297-MEF. The complaints are Exhibits A-H to this Brief.

- Pleadings have been exchanged, initial disclosures have been made and class notice motions have been scheduled in the two actions pending in the Southern District of Mississippi - *April Agee v. Wayne Farms LLC*, S.D. Miss. 2:06cv268-KS-MTP consolidated with *Eula M. Keyes v. Wayne Farms LLC*, S.D. Miss. 2:07cv029-MTP. The complaints are Exhibits I, J to this Brief.

- *Christie Norman v. Wayne Farms LLC*, N.D. Ga. 1:07cv1154-GET was filed in the Northern District of Georgia, Atlanta Division, on May 21, 2007. The complaint is Exhibit K to this Brief. No response has been filed.

- *Joey Tate v. Wayne Farms LLC*, N.D. Ga. 2:07cv055-WCD was filed in the Northern District of Georgia, Gainesville Division, on May 23, 2007. The complaint is Exhibit L to this Brief. No response has been filed.

- *Lillie Preston v. Wayne Farms LLC*, S.D. Ga. 5:07-015 case was filed in the Southern District of Georgia, Waycross Division, on May 24, 2007. The complaint is Exhibit M to this Brief. No response has been filed.

In no case has there been any expert designation or expert discovery or any dispositive motion. In none has a class notice been issued. None of the 13 cases is set for trial or for a final pretrial conference.

## Movant's Factual and Legal Contentions

The statute is permissive: "When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings," if the Panel determines that coordinated

pretrial management will be convenient for parties and witnesses and that it will "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). The FLSA litigation against Wayne Farms passes this test and so is permissible. What may be done *should* be done because the present regime of partial, informal coordination is like pants that no longer fit. The choice was right at the time but it's time for a change.

1.    **Required Factor 1: 13 Actions against 8 Plants in 5 Districts Is Enough.**

The Panel regularly has found FLSA collective actions raising similar, complex claims against a common defendant well-suited for § 1407 consolidation. *In re Cintas Corp. Overtime Pay Arbitration Litig.*, 444 F.Supp.2d 1353 (J.P.M.L. 2006) (seventy-one actions consolidated); *In re Am. Family Mut. Ins. Co. Overtime Pay Litig.*, 416 F.Supp.2d 1346 (2006) (two actions consolidated); *In re Novartis Wage & Hour Litig.*, docket no. 1794, 2006 U.S. Dist. LEXIS 82403, *1-3 (J.P.M.L. Oct. 30, 2006) (two cases consolidated); *In re Dollar General Corp. Fair Labor Standards Act Litig.*, 346 F.Supp.2d 1368 (J.P.M.L. 2004) (four actions consolidated); *In re Allstate Ins. Co. Fair Labor Standards Act Litig.*, 283 F.Supp.2d 1358 (J.P.M.L. 2003) (three actions consolidated). Most recently, the Panel granted the transfer of multi-district *Alvarez* cases brought against one of Wayne Farms' largest competitors, Pilgrim's Pride. *See* MDL No. 1832.

*In Re Pilgrim's Pride FLSA Litigation*, MDL Dkt. No. 1832, transferred 5 suits filed in 4 districts for coordinated pretrial management. Consolidation has been ordered even where less than five actions were present. *See, e.g., In re Eastern Airlines*, 391 F.Supp. at 793 (two actions consolidated); *In re Iron workers Union Employment Practices Litig.*, 424 F. Supp. 1072 (J.P.M.L. 1976) (four actions consolidated); *In re Ryder Truck Lines, Inc. Employment Practices Litig.*, 405 F.Supp. 308 (J.P.M.L. 1975) (four actions consolidated); *In re Southwestern Bell,*

400 F.Supp. at 1400 (four actions consolidated); *In re Nat'l Airlines, Inc.*, 399 F. Supp. at 1405 (four actions consolidated). In similar FLSA collective action litigation, this Panel has consolidated as few as two separate actions. *See In re Novartis Wage & Hour Litig.*, 2006 U.S. Dist. LEXIS 82403, at *1-3; *In re Am. Family Mut. Ins. Co.*, 416 F.Supp.2d at 1347.

Wayne Farms faces 13 actions against 8 plants filed in 5 districts. The burden of informal coordination has become too heavy.

### 2.    Required Factor 2: The Actions Turn On Common Fact Questions.

Do Wayne Farms' chicken processing plants pay processing line employees only for the running time of the processing lines to which they are assigned? Or, does Wayne Farms pay some or all of them not just for their lines' running time, but also six minutes per day for the non-excludable minutes spent performing the activities in question? Do some or all processing line employees perform, before and after their lines' operations, activities which are integral and indispensable to the principal work that they perform on the processing lines? Is passing a security gate one such compensable activity? How many minutes per day, if any, are spent performing such preliminary and postliminary activities? In what work weeks, if any, were which employees entitled to overtime compensation, or additional overtime compensation, if Wayne Farms did not adequately compensate them for the daily activities in question? If Wayne Farms failed to compensate some employees adequately, was that failure wilfull? These and many subsidiary questions are common to all the suits brought against Wayne Farms.

In addition, there are questions central to each of the 10 suits brought by union-represented employees and former employees. Which daily minutes, if any, were spent changing clothes and washing? If not all, how much of that clothes changing and washing time was excludable under a custom or practice of non-payment that existed under a collective bargaining relationship with the employees' union?

The answers to some of these questions may vary among plants and even among departments within the same plant. New questions may arise at one plant or another. But neither of those possibilities detracts from the centrality of the listed fact questions to all actions.

### 3.    Required Factor 3: Transfer Will Be Convenient for Parties and Witnesses.

The choice of courthouse need not affect the places of depositions or other proceedings, so the chief convenience factor is travel for courthouse events.  Only one party has attended courthouse events thus far – Barbara Mistarz, Wayne Farms' Vice President and General Counsel.  She would find pretrial consolidation most convenient in the Gainesville Division of the Northern District of Georgia, near her Oakwood, Georgia office, but Montgomery is a reasonable day trip for her.  Plaintiffs probably will not be required to attend pretrial courthouse events, so their travel convenience is a remote concern.

Counsel located in Alabama and Mississippi have so far driven to courthouse events in Montgomery, Dothan[5] and Birmingham.   Counsel located in Tyler, Texas and in Fort Lauderdale, Florida have flown-in.  Unless the chosen venue is the Northern District of Georgia, an Atlanta plane change is a fungible inconvenience of travel to all other courthouses.  Most importantly, fewer trips to and from one central locus of pretrial coordination will be more convenient than more trips to those and other courthouses to repeat functionally similar discussions and proceedings.

### 4.    Required Factor 4:   Just and Efficient Conduct of the Actions

Wayne Farms attempted informal pretrial coordination for two reasons: (1) so that each trail judge would be familiar with the case beforehand;[6] and (2) because donning and doffing,

---

[5] Dothan is a satellite of the Montgomery headquarters of the Middle District of Alabama.

[6] If a case is populated with many claimants who have materially dissimilar claims, the trial judge will have a hard time sorting out which cases to try together, in which order.  A thorough understanding of the class notice, certification, discovery and decertification proceedings would be very useful to that judge.

walking, time keeping and pay practices differ significantly from plant to plant, having a separate judge for each plant's case or cases was seen as a good way to avoid confusion of facts and issues between plants. After initially confirming that Plaintiffs' counsel shared these views, Wayne Farms considered their cooperation in pretrial coordination likely. Although there have been successes, there have not been enough successes, and the filing of the three new Georgia cases has dimmed the outlook.

Some Plaintiffs' counsel opposed the motions by which Wayne Farms secured transfer of Alabama plaintiffs from the Mississippi *Agee* action to the first-filed Alabama cases against their plants. Some Plaintiffs' counsel opposed the motions Wayne Farms filed to appoint lead plaintiff counsel in the consolidated cases. Wayne Farms has complaints about the extent and quality of Plaintiff discovery responses in each of the Alabama cases. The initial disclosure date has passed in the Southern District of Mississippi and no Plaintiff has made any disclosure. Plaintiffs' counsel have refused to dismiss voluntarily their time-barred claims, have refused to dismiss their clients' duplicate claims, have refused to dismiss their clients' settled claims[7] and have refused so far to visit the plants to confirm that the security gate procedures there are unlike those described in their complaints, so Wayne Farms will be required to file dispositive motions on those claims. Although counsel have resolved protective order issues in *Belue v. Wayne Farms LLC*, N.D. Ala. 4:06-CV-02095, Plaintiffs' counsel in the other Alabama and Mississippi cases have refused Wayne Farms' proposal to adopt that order in the other cases, so the issues are unresolved and not on a path toward resolution.

Judge Proctor and Judge Johnson in the N.D. Ala. favor appointment of a special master and/or expert to report his or her opinion of the time spent in the disputed activities, but opposing

---

[7] Many of the Union Springs claimants in the *Anderson* and *Akings* cases in the Middle District of Alabama settled in *Scott v. Wayne Farms*, M.D. Ala. 2:05cv80 all claims that accrued through the date of that judgment. This is another reason why Judge Fuller, the *Scott* judge, should be given this Panel assignment.

views of the proper role of such an officer have so far blocked agreement on an appointment order. The likely result is that Judge Proctor or Judge Johnson or both will enter an order that will trigger a similar argument in other districts.

None of the foregoing is offered to question the integrity or wisdom of any lawyer involved or to complain of any Judge's management. The problem is not personal; it's systemic. Not enough can be coordinated informally to make the benefits worth the costs of doing the same things multiple times and having to do different things in different districts for reasons other than factual differences between plant operations.

Further, under the present regime, Wayne Farms' corporate officers and expert witnesses, if any, may be subjected to redundant deposition examinations in each case. Consolidation would solve this problem by enabling a single judge to formulate a pretrial program that minimizes witness inconvenience and the overall expense of discovery proceedings. *See In Re Southwestern Bell tel. Co. Maternity Benefits Litig.*, 400 F.Supp. 1400, 1401 (J.P.M.L. 1975) (Title VII actions) ("transfer will . . . reduce the expense of conducting pretrial proceedings"); *see also In re Nat'l Airlines, Inc. Maternity Leave Practices and Flight Attendant Weight Program Litig.*, 399 F.Supp. 1405, 1407 (J.P.M.L. 1975) (Title VII actions) ("plaintiffs will experience an overall savings expense as a result of transfer through cooperation with the other plaintiffs . . . in an effort to pool their resources with respect to common discovery matter"); *In re Am. Family Mut. Ins. Co. Overtime Pay Litig.*, 416 F.Supp.2d at 1347 (deciding to consolidate two FLSA actions); *In re Dollar Gen. Cop. Fair Labor Standards Act Litig.*, 346 F.Supp.2d at 1368 (same for four FLSA actions); *In re Allstate Ins. Co. Fair Labor Standards Act Litig.*, 283 F.Supp.2d at 1359 (same for three FLSA actions). Consolidation is additionally warranted because of the complexity of the factual issues involved and the possibility that

additional actions may be added to the group. *In re Indus. Wine Contracts Sec. Litig.*, 386 F.Supp. 909, 912 (J.P.M.L. 1975) (filing of future tag-along actions makes transfer and consolidation more likely). If coordinated pretrial management had been undertaken in advance, the *Norman* case filed May 21, 2007, the *Tate* case filed May 23, 2007, and the *Preston* case filed May 24, 2007 would have been treated as tag-along actions.

Coordinated pretrial management by one judge will not avoid the need to determine class notice, certification and decertification issues plant-by-plant. Factual differences (for example, that two of the plants sued do not process live chickens) compel that approach. But not all relevant facts are different and there is little difference in applicable law between districts, so at least the common legal and factual matters may viewed consistently if decided by the same judge. As it stands, Wayne Farms may be required to write a different payroll program to obtain the information that each judge considers necessary to resolve class notice issues. *See In re Am. Family Mut. Ins. Co. Overtime Pay Litig.*, 416 F.Supp.2d at 1347 (consolidation is warranted to "prevent inconsistent pretrial rulings; particularly with respect to class certification."); *In re Multidistrict Private Civ. Treble Damage Litig. Involving Plumbing Fixtures*, 308 F.Supp. 242, 243-44 (J.P.M.L. 1970).

On the pleadings, *Agee v. Wayne Farms LLC*, S.D. Miss. 2:06CV0268, overlaps all other actions because the *Agee* plaintiffs sought to represent all Wayne Farms' live chicken processing line employees wherever located.[8] The Panel has "consistently held that the existence of and the need to eliminate [the possibility of inconsistent class determinations] presents a highly persuasive reason favoring transfer under Section 1407." *In re Roadway Express, Inc. Employment Practices Litig.*, 384 F.Supp. 612, 613 (J.P.M.L. 1974) (citation omitted); *see In re*

---

[8] Exhibit I to this Brief, ¶ 2.

*Southwester Bell*, 400 F.Supp. at 1407 ("the need to eliminate the possibility of overlapping class determinations presents another compelling reason to bring these actions together for pretrial in a single jurisdiction") (citation omitted).[9] In fact, "conflicting or overlapping class actions present one of the strongest reasons for transferring such related actions to a single district for coordinated or consolidated pretrial proceedings which will include an early resolution for such potential conflicts." *In re Multidistrict Private Civ. Treble Damage Litig. Involving Plumbing Fixtures*, 308 F.Supp. at 243-44 (emphasis added). *Agee* Plaintiffs' counsel have expressed their intent to amend their class notice request to seek only notice to Laurel, Mississippi processing line employees. However, as of this date, the amendment has not been submitted to the Court.

Simply put, informal pretrial coordination was a worthy experiment that failed. Sunk costs should be ignored and the cases should be sent to one judge for effective, binding pretrial management of matters that reasonably should be coordinated.

### 5.    The Middle District of Alabama is the Most Appropriate Forum.

The goal of having cases tried by a judge familiar with their history makes sense and need not be abandoned totally. Chief Judge Mark Fuller has 586 plaintiffs in 4 cases arising from the Enterprise and Union Springs plants. No other Judge has more than 2 cases, each arising from the same plant. And Judge Fuller presided over the discovery, class notice arguments and settlement of a prior, similar case against Wayne Farms, *Bertha Scott v. Wayne*

---

[9] *See also In re Hawaiian Hotel Room Rate Antitrust Litig.*, 438 F.Supp. 935, 936 (J.P.M.L. 1977) ("Section 1407 centralization is especially important to ensure consistent treatment of the class action issues.") (citation omitted); *In re Mut. Fund Sales Antitrust Litig.*, 361 F.Supp. 638, 639-40 (J.P.M.L. 1973) ("we have frequently held that the possibility for conflicting class determination under [Federal rule 23] is an important factor favoring transfer of all actions to a single district") (citation omitted).

*Farms LLC*, M.D. Ala. 2:05cv80.[10] If Judge Fuller is assigned these cases, 2 of the 8 sued plants will have their cases tried by a judge who knows the case history first hand.

Court statistics indicate that the Middle District of Alabama would be the least burdened by MDL transfer. The Middle District of Alabama tried its civil cases, on average, within 20 months after filing in FY 2006. No other District hosting these cases came close. The Middle District's civil case load dropped 14.2% between FY 2005 and FY 2006. The Middle District has no vacant judgeships and no current MDL assignment.[11]

The cases first filed in the Middle District were filed within days of those filed in the Northern District and have substantially identical class notice requests, so the Panel's normal concern for assignment to the first-filed case with the broadest class description does not aid in deciding between these two Alabama districts. *See In re Regents of the Univ. of California,* 964 F.2d 1128, 1136 (Fed. Cir. 1992) (Panel will transfer to district in which broader based and earliest actions were brought). And because Judge Fuller, Judge Johnson and Judge Proctor have taken care to keep their cases moving in step with one another, none has advanced significantly ahead of another.[12]

---

[10] Many of the *Scott* plaintiffs are suing again in one or both of the cases pending against the Union Springs plant. Because their counsel have refused to dismiss the settled claims voluntarily, this will be the subject of an early motion for partial summary judgment in the *Anderson* case and in the *Akings* case.

[11] See Exhibits N-R hereto, the U.S. District Court Judicial Caseload Profile for each District, published online by the Administrative Office of the Courts, www.uscourts.gov. These do not report current vacancies. The Panel may take judicial notice of current vacancies.

[12] If Judge Fuller is not chosen or does not accept, three other districts should be considered. The Northern District of Georgia (Gainesville, then Atlanta) is nearest Wayne Farms' corporate headquarters in Oakwood, Georgia and nearest the Atlanta airport, which would save counsel a plane change. Judge Inge P. Johnson in the Northern District of Alabama has 293 plaintiffs already in the two consolidated cases arising from the Decatur Fresh processing plant. The Northern District of Alabama has no vacant judgeship and has no current MDL assignment. If Judge Johnson is unavailable, the same factors, except case size, would recommend Judge Proctor. If case size is primary, Judge Starrett of the Southern District of Mississippi has almost 500 claimants in the two cases before him.

## Conclusion

One judge's coordinated pretrial management of these thirteen cases would further "the convenience of parties and witnesses and [would] promote the just and efficient conduct of [the] actions." 28 U.S.C. § 1407(a). Therefore, Wayne Farms respectfully requests that this Panel enter an order transferring the actions listed in Motion Exhibit A to Chief Judge Mark Fuller of the Middle District of Alabama.

Dated: June ____, 2007.

                        Respectfully submitted,

                        BY:  BALCH & BINGHAM LLP

                        R. Pepper Crutcher, Jr. (MSB 7921)

R. Pepper Crutcher, Jr.
Balch & Bingham LLP
401 E. Capitol Street, Suite 200
Jackson, MS 39201
Telephone (601) 965-8158
pcrutcher@balch.com
Attorney for Wayne Farms LLC

Lisa Sharp
(Bar # ASB 1061 H53L)
Balch & Bingham LLP
1710 Sixth Avenue North
Birmingham, AL 35203-2015
lsharp@balch.com
Attorney for Wayne Farms LLC

Dorman Walker (WAL086)
Balch & Bingham LLP
PO Box 78
Montgomery, AL 36101-0078
dwalker@balch.com
Attorney for Wayne Farms LLC

Joshua R. Archer
Hugh B. McNatt

Balch & Bingham LLP
30 Allen Plaza, Suite 700
30 Ivan Allen, Jr. Blvd., NW
Atlanta, GA 30308
jarcher@balch.com
hmcnatt@balch.com
Attorneys for Wayne Farms LLC

### Proof of Service

I, undersigned counsel, this day hereby certify that I served, via Federal Express, a true
and correct copy of the above and foregoing motion upon:

| ATTORNEY | FOR PLAINTIFFS IN |
|---|---|
| Robert J. Camp<br>Bernard D. Nomberg<br>505 North 20th Street, Suite 825<br>Birmingham, AL 35203 | *Samual Adams, Et Al. v. Wayne Farms LLC,* M.D. Ala. 1:06CV950-MEF-WC; *Darren Anderson, Et Al. v. Wayne Farms LLC,* M.D. Ala. 2:06CV951-MEF; *Jimmy W. Belue, Et Al. v Wayne Farms LLC,* N.D. Ala. 4:06CV2095-RDP |
| Seth M. Hunter<br>Attorney & Counselor at Law, PLLC<br>404 Hemphill Street<br>Hattiesburg, Mississippi 39401 | *Sonya P. Adams, Et Al. v. Wayne Farms LLC,* M.D. Ala. 1:07CV296-MEF-WC; *Amos Akings, Et Al. v. Wayne Farms LLC,* M.D. Ala. 2:07CV297-MEF-WC; *Robert Thomas Dunn, Et Al. v. Wayne Farms LLC,* N.D. Ala. 4:07CV647-RDP; *Pamela M. Allen, Et Al. v. Wayne Farms LLC,* N.D. Ala. 5:07CV639-IPJ; *April Agee, Et Al. v. Wayne Farms LLC,* S.D. Miss. 2:06CV268-KS-MTP |
| William S. Hommel, Jr.<br>1402 Rice Road, Suite 200<br>Tyler, TX 75703 | *Sonya P. Adams, Et Al. v. Wayne Farms LLC,* M.D. Ala. 1:07CV296-MEF-WC; *Darren Anderson, Et Al. v. Wayne Farms LLC,* M.D. Ala. 2:06CV951-MEF; *Amos Akings, Et Al. v. Wayne Farms LLC,* M.D. Ala. 2:07CV297-MEF-WC; *April Agee, Et Al. v. Wayne Farms LLC,* S.D. Miss. 2:06CV268-KS-MTP |
| Robert L. Salim<br>1762 Texas Street<br>Natchitoches, LA 71457 | *Robert Thomas Dunn, Et Al. v. Wayne Farms LLC,* N.D. Ala. 4:07CV647-RDP; *April Agee, Et Al. v. Wayne Farms LLC,* S.D. Miss. 2:06CV268-KS-MTP |
| Richard Celler<br>Morgan & Morgan PA<br>284 S. University Drive<br>Ft. Lauderdale, FL 33324 | *Eula M. Keyes, Et Al. v. Wayne Farms LLC,* S.D. Miss. 2:07CV29-MTP |
| Mike Espy<br>Lamar Life Building | *Eula M. Keyes, Et Al. v. Wayne Farms LLC,* S.D. Miss. 2:07CV29-MTP |

| 317 E. Capitol Street, Suite 101<br>Jackson, MS 39201 | |
|---|---|
| Deidra Maria Stephens<br>Morgan & Morgan<br>191 Peachtree Street, NE, Suite 4200<br>Atlanta, GA 30303 | *Joey Tate, Et. Al. v. Wayne Farms LLC,* N.D. Ga. 2:07CV55-WCO; *Christie Norman, Et. Al. v. Wayne Farms LLC,* N.D. Ga. 1:07CV1154-GET |
| Lance Swanner<br>Samuel A. Cherry, Jr.<br>Cochran, Cherry, Givens & Smith, PC<br>P.O. Box 927<br>Dothan, AL 36302-0927 | *Samual Adams, Et. Al. v. Wayne Farms LLC,* M.D. Ala. 1:06CV950-MEF-WC; *Darren Anderson, Et. Al. v. Wayne Farms LLC,* M.D. Ala. 2:06CV951-MEF; *Jimmy W. Belue, Et. Al. v Wayne Farms LLC,* N.D. Ala. 4:06CV2095-RDP; *James E. Bolden, Et. Al. v. Wayne Farms LLC,* N.D. Ala. 5:06CV2096-IPJ; |
| Kenneth R. Lester<br>Cochran, Cherry, Givens, Sistrunk & Sams<br>127 Peachtree Street, NE, Suite 800<br>Atlanta, GA 30303 | *Lillie Preston, Et. Al. v. Wayne Farms LLC,* S.D. Ga. 5:07CV045-WTM |
| Roman Shaul<br>W. Daniel Miles<br>Beasley, Allen, Crow, Methvin, Portis & Miles, PC<br>272 Commerce Street<br>Montgomery, AL 36104 | *Samual Adams, Et. Al. v. Wayne Farms LLC,* M.D. Ala. 1:06CV950-MEF-WC; *Darren Anderson, Et. Al. v. Wayne Farms LLC,* M.D. Ala. 2:06CV951-MEF; *Jimmy W. Belue, Et. Al. v Wayne Farms LLC,* N.D. Ala. 4:06CV2095-RDP; *James E. Bolden, Et. Al. v. Wayne Farms LLC,* N.D. Ala. 5:06CV2096-IPJ |

I also certify that I have this day filed an electronic copy of this motion and supporting exhibits with the clerk of each affected district and division listed below:

Clerk, Northern District of Alabama, Northeastern Division
Clerk, Northern District of Alabama, Middle Division
Clerk, Middle District of Alabama, Southern Division
Clerk, Middle District of Alabama, Northern Division
Clerk, Southern District of Mississippi, Hattiesburg Division
Clerk, Northern District of Georgia, Atlanta Division
Clerk, Northern District of Georgia, Gainesville Division
Clerk, Southern District of Georgia, Waycross Division

This the 6th day of June, 2007.

R. Pepper Crutcher, Jr.

FILED

2006 Oct-20 AM 10:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

JAMES E. BOLDEN, PATSY COOPER,  )
ANITA ELLIOTT, CAROLYN            )
FRANKLIN, JOSEPH HAMPTON,         )
GLADYS W. MATTHEWS, KENNETH  )
B. MILLENDER, CHARLOTTE           )
POINTER, DANIEL J. POINTER, LELA)
P. REED, MODESTO TORRES,          )
CLAUDIO GONZALEZ, JUDY A.         )
TUCKER, SARAH B. WARD, PAMELA )
M. ALLEN, ANTONIA ASENCIO-        )
ROMAN, GLORIA AYALA,              )
PRATUANGTIP BADY, RICHARD         )
BAKER, CHIQUITA BARRETT,          )
MARILYN BATES, JESSICA BRADEN, )
BRENDA BURKE, LUIS CARRANZA,  )
BARRY L. CARTER, JOEY CARTER,  )
JULIANN CATER, HILTON             )
CHATMAN, MICHAEL DEAN, ROSA   )
DIAZ, THOMAS JEAN DOSS, MATTIE )
S. ELLISON, BACILIA ESPARZA,      )
JOSE ESPARZA, SHARON B. FORD,  )
DE'JAURICE FOSTER, FAUSTINO     )
GARCIA, LUELLA GHOLSTON,          )
ALICE GRIFFIN, OLIVIA HARDEN,  )
TOCCARA HARRIS, BOBBIE J.         )
HAWKINS, MATEO HERNANDEZ,     )
MARY HINSTON, JEREMIAH J.         )
HURLEY, SHELBY JACKSON, TERRY)
LEE JACKSON, DESMOND JONES,     )
GLORIA JEAN JONES, LINDA JONES,)
JACQUELINE H. LAMPKIN, LINDA F. )
MALONE, XIOMARA MARRENO,       )
ABRAHAM MARTINEZ, MARIA S.     )
MARTINEZ, WANDA MASON,          )
WILLIAM SYLVESTER MASON,        )
GOREE MATTHEWS, BETTIE S.       )
MAYES, LEISA LASHA MEADE,       )
VENTURA MENDOZA, ISIDRO         )
MIRELES, ESTHER MORALES,        )
OSCAR NASH, TERESA NEWSOME,   )
APRIL C. ORR, PAULA ORR, FREDY  )
LEE OVERTON, CLAUS D. PETERSON)
MALETHIA POINTER, JAPONICA      )

PORTER, HUGO POZO, MINNIE )
PRIDE, DOMINGO G. RAMIREZ, )
MANUEL RAMOS, RAMONA RAMOS, )
TAVARIS REYNOLDS, DIANE G. )
RICKS, AMANDA M. RIOS, JOSE )
RAMAI RIOS, BIRDA M. ROBINSON, )
GLADYS J. ROBINSON, LUDIE MAE )
ROBINSON, TERESA ROBINSON, )
YOLANDA ROGERS, SALVADORA )
ROMAR, EMMA SCRUGGS, )
LORENZO SERAFIN, MICHAEL )
SHARPLEY, ROSE M. STEELE, )
REBECCA STEELMAN, MATTIE )
STRICKLAND, HAWTHORN O. )
TAYLOR, SHAWN TAYLOR, SHERRY )
TAYLOR, JERRY WAYNE )
THOMPSON, GERALDINE TURNER, )
PATRICIA TURNER, JOAQUIN VERA, )
JANNIE L. VINSON, ANGELA )
WALLACE, J.B. WEST, ALENE )
WHITE, BARBARA WILLIAMS, )
BETTY JEAN WILLIAMS, WOOZIE )
LEE WILLIAMS, CASEY WILSON, )
and RITA ANN WOODS )
)
  Plaintiffs, )
)
  vs. )   Case No.: 06-CV-_____
)
WAYNE FARMS LLC., a Delaware )
Corporation doing business in Alabama, )
)
  Defendant. )

## COMPLAINT

Plaintiffs, individually and on behalf of all others similarly situated ("Plaintiffs"),

by and through their counsel, for their Complaint against Defendant Wayne Farms LLC.,

(collectively "Wayne Farms" or "Defendant"), seek to recover for Wayne Farms'

violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 *et seq*., and

hereby state and allege as follows:

2

# **INTRODUCTION**

1.      This is a representative action brought pursuant to FLSA § 216(b) by
Plaintiffs on behalf of themselves and all other similarly situated current and former
production employees of Wayne Farms at its Decatur facility, located in Morgan County,
Alabama, for purposes of obtaining relief under the FLSA for unpaid wages, unpaid
overtime wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive
relief, and/or any such other relief the Court may deem appropriate.

2.      Wayne Farms operates a chicken processing plant in Decatur, Alabama
("Decatur facility").  The complained of unlawful compensation system at issue in this
Complaint has affected Defendant's present and former hourly production employees at
this location.

3.      In *IBP, Inc. v. Alvarez,* 126 S. Ct. 514 (2005), the United States Supreme
Court unanimously affirmed a ruling that IBP's wage and hour policies – those at issue in
this case – violated the Fair Labor Standards Act of 1938 ("FLSA").

4.      Wayne Farms uniformly denies hourly wages and overtime premium pay
to its employees, by requiring them to perform "off the clock" work.  Wayne Farms'
deliberate failure to pay employees earned wages and overtime compensation violates
federal law as set out in the Fair Labor Standards Act.

5.      Plaintiffs perform multiple tasks, but are all victims to the same illegal
policy and practice of failing to pay workers for all time worked, including unpaid, but
compensable break periods, unpaid hourly wage times and unpaid overtime premium
wage times.

## JURISDICTION AND VENUE

6.      The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions.  Jurisdiction over Plaintiffs' FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331-37.

7.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Wayne Farms does business in this district and a substantial part of the unlawful conduct giving rise to the claims occurred in this district.

## PARTIES

8.      Defendant, Wayne Farms LLC., is a Delaware corporation with its principal place of business in Georgia.

9.      Plaintiffs are current and former Wayne Farms employees who work(ed) at the Wayne Farms Decatur facility within the last three years, dating back to October 16, 2003, and can be generally categorized herein as "First Processing" and "Second Processing" employees.

10.      First Processing generally includes those employees who work in an area of the plant where the product (chickens) is introduced into the plant and placed or hung on "the line" for killing, cleaning, disemboweling, and chilling.

11.      Second Processing generally includes those employees who work in an area of the plant where after the product has completed First Processing, it is further processed, prepared, cut-up, marinated, deboned, weighed, sized, packed, loaded on trucks, etc. for delivery to plant customers.

12.      Plaintiffs listed herein who primarily work in First Processing include: James E. Bolden, Patsy Cooper, Anita Elliott, Carolyn Franklin, Joseph Hampton, Gladys

4

W. Matthews, Kenneth B. Millender, Charlotte Pointer, Daniel J. Pointer, Lela P. Reed, Modesto Torres, Claudio Gonzalez, Judy A. Tucker, and Sarah B. Ward.

13.     Plaintiffs listed herein who primarily work in Second Processing include: Pamela M. Allen, Antonia Asencio-Roman, Gloria Ayala, Pratuangtip Bady, Richard Baker, Chiquita Barrett, Marilyn Bates, Jessica Braden, Brenda Burke, Luis Carranza, Barry L. Carter, Joey Carter, Juliann Cater, Hilton Chatman, Michael Dean, Rosa Diaz, Thomas Jean Doss, Mattie S. Ellison, Bacilia Esparza, Jose Esparza, Sharon B. Ford, De'Jaurice Foster, Faustino Garcia, Luella Gholston, Alice Griffin, Olivia Harden, Toccara Harris, Bobbie J. Hawkins, Mateo Hernandez, Mary Hinston, Jeremiah J. Hurley, Shelby Jackson, Terry Lee Jackson, Desmond Jones, Gloria Jean Jones, Linda Jones, Jacqueline H. Lampkin, Linda F. Malone, Xiomara Marreno, Abraham Martinez, Maria S. Martinez, Wanda Mason, William Sylvester Mason, Goree Matthews, Bettie S. Mayes, Leisa Lasha Meade, Ventura Mendoza, Isidro Mireles, Esther Morales, Oscar Nash, Teresa Newsome, April C. Orr, Paula Orr, Fredy Lee Overton, Claus D. Peterson, Malethia Pointer, Japonica Porter, Hugo Pozo, Minnie Pride, Domingo G. Ramirez, Manuel Ramos, Ramona Ramos, Tavaris Reynolds, Diane G. Ricks, Amanda M. Rios, Jose Ramai Rios, Birda M. Robinson, Gladys J. Robinson, Ludie Mae Robinson, Teresa Robinson, Yolanda Rogers, Salvadora Romar, Emma Scruggs, Lorenzo Serafin, Michael Sharpley, Rose M. Steele, Rebecca Steelman, Mattie Strickland, Hawthorn O. Taylor, Shawn Taylor, Sherry Taylor, Jerry Wayne Thompson, Geraldine Turner, Patricia Turner, Joaquin Vera, Jannie L. Vinson, Angela Wallace, J.B. West, Alene White, Barbara Williams, Betty Jean Williams, Woozie Lee Williams, Casey Wilson, and Rita Ann Woods.

14.     Plaintiffs are residents and domiciled in the State of Alabama.  Plaintiffs have concurrently filed their Consents to Become Party Plaintiffs pursuant to 29 U.S.C. § 216(b).  See Exhibit A.

## GENERAL ALLEGATIONS

15.     As an integral and indispensable part of Plaintiffs' jobs, Plaintiffs are required to pass through security when entering and leaving the facility.  Plaintiffs' are required to have their employment status verified and their arrival and departures documented as well as submit to searches of the person and personal possessions. Plaintiffs aver they are not compensated for the time it takes security to clear them and allow them into the facility and the compensable time afterwards prior to the commencement of production work.

16.     Plaintiffs go to a designated area to receive required clothing and/or personal protective equipment (PPE) that is required for the work to be performed.  The employees are required to don certain equipment before moving into the production areas.  The employees are required to perform washing activities associated with preparing for work in the production area.  And depending on whether the employee works in First Processing or Second Processing, the employee may be required to acquire special tools for the work to be performed.  During the course of this process, the employee then must walk a significant distance to arrive at the respective workstations on the line.

17.     When Plaintiffs leave the line for unpaid breaks or at the end of their shift, they again walk a considerable distance to their respective doffing area where they remove their personal protective equipment, wash or sanitize themselves, their personal

protective equipment, sanitary clothing, and/or equipment or tools and return various

clothes, personal protective equipment, equipment or tools to the proper areas.

18.     Defendant Wayne Farms owns and operates poultry facilities in Decatur,

Alabama.  The unlawful compensation system at issue in the Complaint has affected

Defendant's former and present hourly production employees at this location.

19.     Under Wayne Farms' wage compensation system, Wayne Farms pays

Plaintiffs and others similarly situated employees only regularly scheduled time that they

are  on the production assembly line or in production areas  under a system known as

master time, master key, line time or gang time, collectively referred to herein as "master

time".  Conversely, as a matter of policy and practice, Wayne Farms does not pay its

hourly employees for required pre-production line and post-production line activities that

are necessary and integral to their overall employment responsibilities, such as the time it

takes to clear security, donning and doffing protective and sanitary equipment, cleaning

and sanitizing that equipment as well as themselves, walking to and from security and the

production line from their locker or dressing area after already performing compensable

activities,  and waiting in line to return required supplies, tools and other equipment

needed for line activities.  In addition, Wayne Farms does not pay its employees for time

spent waiting at the line, prior to the line start up.  Plaintiffs are required to report to duty

before the start of the master time clock and required to continue work after the master

time clock has stopped.

20.     During the course of the day, Plaintiffs are provided unpaid breaks

requiring them to walk considerable distances where they remove sanitary clothing and

personal protection equipment for their break.  The remaining time allowed for the break

is further shortened by the requirement for the employee to wash and sanitize, don his or

her sanitary clothing and personal protection equipment and return to the workstation. Plaintiffs assert these unpaid breaks are compensable. Alternatively if the total unpaid break is not deemed compensable Plaintiffs allege they are owed compensation for the walk time prior to and after unpaid breaks, the time spent donning and doffing clothing and equipment pre and post break respectively, and the time spent washing and/or waiting to wash themselves and their equipment.

21.    Defendant deducts from Plaintiffs daily time worked, without regard for the actual time spent on break, two (2) uncompensated breaks of fixed duration.

22.    The time for which Plaintiffs and other similarly situated employees are paid is significantly less than the time they spend at work between the time they begin their integral, essential and indispensable work duties and the time they arrive at their workstations on the line.  The work time for which Plaintiffs are not paid include, but are not limited to:  (1) changing into the protective required work uniforms, sanitary clothing and protective safety equipment that can include, among other things (depending on the task and whether First or Second Processing):  ear plugs, smocks, work pants and shirts; safety jump suits; safety boots; hair nets; face nets; hard hats; aprons; belts with holsters and knifes; and hand and arm protections; and (2) walking to and from the changing area, work areas and break areas; washing activities; and (3) breaks  that are effectively compensable .

23.    The walking time for which Plaintiffs are not paid occurs after the beginning of the employee's first principal activity and before the end of the employee's last principal activity.

24.    The required protective work uniforms, sanitary clothing and protective safety equipment that Plaintiffs must wear, and for which they are not paid for donning

and doffing times, is required by Wayne Farms and/or by government regulation. Plaintiffs' jobs are dangerous and involve serious health and safety risks. The circumstances of Plaintiffs' jobs, including vital considerations of health and hygiene, require them to wear the protective work uniforms, sanitary clothing and protective safety equipment. These donning, doffing, washing activities, compensable unpaid breaks and walking duties all add up to a significant amount of time every day for which Plaintiffs and others similarly situated are not paid.

25.     In addition to depriving Plaintiffs and others similarly situated of hourly wages for compensable time pursuant to the FLSA, Defendant Wayne Farms' failure to accurately account for and report all compensable time worked by the Plaintiffs and others similarly situated, and has deprived Plaintiffs and others similarly situated of what would otherwise be overtime pay, pursuant to the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

26.     Plaintiffs bring Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). In addition to the claims of individually named Plaintiffs, Plaintiffs bring this action as representatives of all similarly situated former and current employees of the Decatur facility. The potential class of "opt-in" employees can be defined as:

> All current and former hourly employees of Defendants who worked at the Decatur facility since October 16, 2003, and who were not paid for all the time spent performing compensable work-related tasks or legally compensable time, including, but not limited to authorized unpaid break times, donning and doffing times, washing activity times, time associated with passing through security check points and walking to changing areas and time walking to security and passing through security at the end of the day and walking times to and from break areas or donning and doffing areas, and including time compensable at regular hourly wages, as well as overtime pay for these employees.

27.     The FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

28.     Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to accurately record all hours worked and failing to pay employees for all hours worked, including overtime compensation.

29.     The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of Defendant, and potential class members may easily and quickly be notified of the pendency of this action.

30.     On information and belief, the Decatur facility employs approximately 500 hourly wage employees who potentially have FLSA claims similar to the claims set out herein.  Consequently, joinder of all collective action members in a single action is impracticable.

31.     Potential collective action members may be informed of the pendency of this class action through direct mail.

32.     There are questions of fact and law common to the class that predominates over any questions affecting only individual members.  The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

    a)   Whether Plaintiffs were compensated for time spent clearing security and time spent walking from security to their changing areas and from changing areas to security;

    b)   Whether the security activities at issue are integral or indispensable to Defendant's business activities;

    c) Whether Plaintiffs were compensated for time spent donning and doffing clothing and protective gear, washing, and walking to and from their job posts;

    d) Whether the donning, doffing and washing activities at issue are integral or indispensable to Defendant's business activities;

    e) Whether Plaintiffs were entitled to compensation for time spent donning and doffing, washing activity time, and walking time to and from "the line";

    f) Whether Plaintiffs' donning, doffing, washing activity, and walking time is integral and indispensable to their principal activities;

    g) Whether Defendant failed to pay employees for unpaid breaks that were effectively compensable.

    h) Whether Defendant's compensation policy and practice accurately accounts for the time Plaintiffs are actually working;

    i) Whether Defendant's compensation policy and practice is illegal;

    j) Whether Defendant had a policy and practice of willfully failing to record and compensate employees for all time worked; and

    k) Whether Defendant failed to accurately record all compensable time, resulting in a failure to compensate Plaintiffs and other similarly situated employees of regular hourly wages and overtime pay, in violation of Defendant's policies and procedures and the mandate of the FLSA.

33.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

34.     The Collective Action Representatives' claims are typical of those of the similarly situated employees in that these employees have been employed in the same or similar positions as the Collective Action Representatives and were subject to the same or similar unlawful practices as the Collective Action Representatives.

35.     A collective action is the appropriate method for the fair and efficient adjudication of this controversy.  Defendant has acted or refused to act on grounds generally applicable to the similarly situated current and former employees.  The presentation of separate actions by individual similarly situated current or former employees could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of Collective Action members to protect their interests.

36.     The Collective Action Representatives are adequate representatives of the similarly situated current and former employees because they are employees of the same processing plant and their interests do not conflict with the interests of the other similarly situated current and former employees they seek to represent.  The interests of the members of the class of employees will be fairly and adequately protected by the Collective Action Representatives and their undersigned counsel, who have extensive experience prosecuting complex class action lawsuits.

37.     Maintenance of this action as a collective action is a fair and efficient method for the adjudication of this controversy.  It would be impracticable and undesirable for each member of the collective action who suffered harm to bring a separate action.  In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single collective action can determine, with judicial economy, the rights of all collective action members.

## COUNT I

### Violation of the Fair Labor Standards Act of 1938

**(Brought Against Defendant by All Individually-Named Plaintiffs and on Behalf of All Others Similarly Situated)**

38.     Plaintiffs reassert and incorporate by reference paragraphs 1 through 37 as set forth above as if fully restated herein.

39.     At all time material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

40.     The individually named Plaintiffs and all similarly situated employees are victims of a uniform and facility-wide compensation policy and practice, in violation of the FLSA.

41.     Wayne Farms violated the FLSA by failing to account for all compensable time of its employees that resulted in a failure to pay Plaintiffs and others similarly situated for compensable hourly wages and overtime premium pay.

42.     Wayne Farms violated the FLSA by failing to pay for time donning and doffing essential required equipment, integral to the principle work activity.

43.     Wayne Farms failed to account for and pay for time walking to and from the line to break areas and/or donning and doffing areas.

44.     Wayne Farms failed to account for and pay for time spent clearing security and for time walking to and from security to donning and doffing areas.

45.     Wayne Farms failed to account for and pay for time allocated as unpaid breaks.  In the alternative, Wayne Farms failed to pay for walk time to and from unpaid meal break areas, time spent donning and doffing on unpaid meal breaks, and washing activities associated with meal breaks.

46.     In perpetrating these unlawful practices, Wayne Farms has also willfully failed to keep accurate records for all of the time worked by its hourly employees.

47.     The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of

13

goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

48.    Wayne Farms was, and is, subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

49.    Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations.  None of the FLSA exemptions apply to the Plaintiffs.  Accordingly, Plaintiffs must be paid overtime pay in accordance with the FLSA.

50.    Wayne Farms' failure to accurately record compensable work time was willfully perpetrated.  Wayne Farms has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid hourly wages and overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).  Alternatively, should the Court find Wayne Farms did not act willfully in failing to pay all hourly wages and overtime premium pay wages, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

51.    As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by Wayne Farms from Plaintiffs for which Wayne Farms is liable pursuant to 29 U.S.C. § 216(b).

52.    Plaintiffs and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing

14

of this Complaint, plus periods of equitable tolling, because Wayne Farms acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

53.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorney's fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

WHEREFORE, it is respectfully prayed that this Court grant to the Plaintiffs the following relief:

a)   At the earliest possible time, issue an Order allowing Notice or issue such Court supervised Notice to all similarly situated current and former Wayne Farms hourly employees (working at the Wayne Farms, Decatur location in the last three years) of this action and their rights to participate in this action.  Such Notice shall inform all similarly situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action if they worked "off the clock" for times not paid, including time that may be paid at overtime rates.

b)   Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring that Defendant Wayne Farms' actions, as described in the Complaint, are unlawful and in violation of the FLSA and applicable regulations and are and were willful as defined in the FLSA;

c)   Issue an Order directing and requiring Defendant Wayne Farms to pay Plaintiffs and all other similarly situated employees damages in the form of reimbursement for unpaid hourly and premium overtime wages (past

and future) for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

d) Issue an Order directing and requiring Defendant Wayne Farms to pay Plaintiffs and all other similarly situated employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

e) Issue and Order directing Defendant Wayne Farms to reimburse Plaintiffs and other similarly situated employees for the costs and attorneys fees expended in the course of litigating this action, pre-judgment and post-judgment interest;

f) Provide Plaintiffs with such other and further relief, as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

All Plaintiffs hereby request trial by jury of all issues liable by jury under Alabama and federal law.

Respectfully submitted this the 16th day of October 2006.

COCHRAN, CHERRY, GIVENS,
SMITH, LANE & TAYLOR, P.C.

JOSEPH D. LANE (LAN049)
LANCE H. SWANNER (SWA013)
SAMUEL A. CHERRY, JR., (CHE008)
Attorney for Plaintiffs

16

163 West Main Street
P.O. Box 927
Dothan, AL 36302
(334) 793-1555
(334) 793-8280 (fax)

<u>Defendant may be served at</u>:

The Corporation Company
o/b/o Wayne Farms LLC – Decatur Plant
2000 Interstate Park Drive Ste 204
Montgomery, AL  36109

FILED

2007 April 11, PM 05:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

SOUTHERN DISTRICT
FILED

DEC 19 2006

J. T. NOBLIN, CLERK
BY_____DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## HATTIESBURG DIVISION

| | | |
|---|---|---|
| **APRIL AGEE, CASSILLIE ALLEN** | § | |
| **PAMELA M. ALLEN, CHERYL** | § | |
| **ANTHONY, DERRICK L. BURBER** | § | |
| **JAMES WESLEY BARNETT,** | § | |
| **PAULA M. BASS, CALVIN BOLAR** | § | |
| **ROBERT THOMAS DUNN** | § | |
| **AND CHRIS HOOD, On behalf of** | § | **CIVIL ACTION NO.** 2:06cv268KS-MTP |
| **themselves and All Others Similarly** | § | **JURY DEMANDED** |
| **Situated** | § | |
| | § | |
| | § | |
| **VS.** | § | |
| | § | |
| | § | |
| **WAYNE FARMS, L.L.C.,** | § | |
| **CONTINENTAL GRAIN COMPANY** | § | |
| **d/b/a WAYNE FARMS, L.L.C.** | § | |

### PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### INTRODUCTION

1.      Pursuant to 29 USC § 207 ("FLSA"), the named plaintiffs as hourly, non-exempt

employees allege violations of their statutory employment right to receive pay for all

compensable time worked and overtime for Defendant, Wayne Farms, L.L.C., Continental Grain

Company, d/b/a Wayne Farms, L.L.C. (Collectively hereinafter "Wayne Farms").  Pursuant to 29

USC § 216(b), the named plaintiffs also seek to represent all other similarly situated past and

present employees, as described herein, who have not been paid for all compensable time worked

and overtime and to have this action certified as a collective action.  For themselves and all those

similarly situated, the named employees seeks their unpaid hours worked, unpaid overtime,

liquidated damages, all available equitable relief, attorney fees, and litigation expenses/costs, including expert witness fees and expenses.

## PARTIES

2.     Plaintiffs, April Agee, Cassillie Allen, Pamela M. Allen, Cheryl Anthony, Derrick L. Burber, James Wesley Burnett, Pamela M. Bass, Calvin Bolar, Robert Thomas Dunn and Chris Hood are individuals residing in Mississippi and Alabama and are present/former employees at the Wayne Farms chicken processing and production plants in Morgan, Coffee, Marshall and Bullock Counties in Alabama, Yell County in Arkansas, Jones County in Mississippi, Surry County in North Carolina and Jackson, Fulton, Hall and Coffee Counties in Georgia. Plaintiffs' written consents to this action are attached hereto as Exhibit A. The Plaintiffs bring this action individually in their own behalf and, pursuant to 29 U.S.C. §216(b), as representatives of a class of individuals who are similarly situated and who have suffered the same or similar damages.

3.     Defendant, Wayne Farms, L.L.C. and Continental Grain Company, d/b/a Wayne Farms, L.L.C. are Delaware Corporations conducting business in the State of Mississippi, Alabama, Georgia, North Carolina and Arkansas. Said Defendant may be served by delivering the summons and complaint to its registered agent for service, C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

## JURISDICTION AND VENUE

4.     This court has jurisdiction by virtue of 28 U.S.C. §1331 and §1337. The Court has subject matter jurisdiction over Plaintiff's claims under the Fair Labor Standards Act and has personal jurisdiction to hear the case. *See* 29 U.S.C. 201, et seq. Venue is proper in the Southern District of Mississippi pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims have occurred within the Southern District.

## FACTS

5.      Since December 13, 2003, Plaintiffs were employees at Wayne Farms chicken processing and production facilities located in Morgan, Coffee, Marshall and Bullock Counties in Alabama, Yell County in Arkansas, Jones County in Mississippi, Surry County in North Carolina and Jackson, Fulton, Hall and Coffee Counties in Georgia. The Plaintiffs' jobs required that they put on or "don" protective clothing as well as sanitize certain protective garments in preparation for their performance of their duties. At the end of their shift, Plaintiffs were required to take off or "doff" the same protective and sanitary clothing. The evidence at trial will show that Plaintiffs were not compensated for the time spent in "donning" and "doffing" the protective and sanitary clothing mentioned above. The evidence at trial will also show that Wayne Farms automatically deducted thirty minutes from each worker's workday for a meal break regardless of the actual time spent on their meal break. In addition, Plaintiffs allege that they were not paid overtime wages at one and one-half times their regular hourly rate for all hours worked in excess of 40 hours in a work week.

6.      The uncompensated work time in question constituted principal activities integral and indispensable to the performance of Plaintiffs' job as required by Wayne Farms and performed by Plaintiffs prior to the scheduled start and after the scheduled end of their shifts. This includes time spent working in proceeding through security devices prior to and upon entry to the workplace, walking/traveling to the designated locker room area to change into safety related uniforms and work clothes required by Wayne Farms to be worn while working and which cannot be taken off the premises, changing into the company owned safety related uniforms and work clothes, and walking/traveling from the designated locker room area to their work area. This uncompensated work time also includes time spent after the scheduled end of their shift in

proceeding through security devices strictly and solely for the benefit of the employer, Wayne Farms, before being allowed to exit the workplace. The work time spent by the Plaintiffs in engaging in the aforesaid activities was not compensated in violation of the aforesaid federal statutes.

7.     Plaintiffs regularly and consistently worked more than 40 hours per week with the knowledge of Wayne Farms for the work activities described herein and for which Wayne Farms did not pay Plaintiffs for such time.   Defendant has willfully engaged in a pattern, practice, and policy of unlawful conduct by failing to pay the lawful and required overtime rate for hours worked beyond 40 per week to employees in the United States in violation of the FLSA statutes referenced herein.

8.     Finally, Plaintiffs claim that they were was not paid the correct hourly rate or that their wages were not calculated properly.

9.     Plaintiffs believe and, therefore, allege that the failure of Wayne Farms to correctly pay Plaintiffs for all compensable time spent in furtherance of Wayne Farms business was intentional.

## **CLAIMS**

10.     The Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) is commonly referred to as "FSLA."  Among other things, the FSLA statutes and the regulations promulgated thereunder govern the activities of the pay practices of employers involved in commerce.  Plaintiffs allege that the failure to pay Plaintiffs for all hours worked is a direct violation of the FLSA statutes and regulations.  Additionally, Plaintiffs allege that the failure to pay Plaintiffs one and one-half her regular rate for all hours worked in excess of 40 hours in a work week is a direct violation of the

FLSA statutes and regulations. Plaintiffs are entitled to receive the unpaid wages due them, liquidated damages, costs, and attorneys' fees.

## COLLECTIVE ACTION

11.     Pursuant to 29 U.S.C. § 216(b) the named Plaintiffs also brings this action as a collective action.  The named Plaintiffs are representative of a class of employees of Wayne Farms, who were not paid for all hours worked for Wayne Farms as described herein.  Plaintiffs have actual knowledge that there are numerous employees who were not paid for all hours worked for Wayne Farms as described herein.

12.     All, or virtually all, of the legal and factual issues that will arise in litigating the class claims will be common to the class members and the named Plaintiffs.   These issues include: uncompensated work time in question constituted principal activities integral and indispensable to the performance of Plaintiff's jobs as required by Wayne Farms and performed by Plaintiffs prior to the scheduled start and after the scheduled end of their shifts. These issues also include: time spent working in proceeding through security devices prior to and upon entry to the workplace, walking/traveling to the designated locker room area to change into safety related uniforms and work clothes required by Wayne Farms to be worn while working and which cannot be taken off the premises, changing into the company owned safety related uniforms and work clothes, and walking/traveling from the designated locker room area to their work area. This uncompensated work time also includes time spent after the scheduled end of their shift in proceeding through security devices strictly and solely for the benefit of the employer Wayne Farms before being allowed to exit the workplace. For the last several years, Wayne Farms has employed hundreds of employees in Morgan, Coffee, Marshall and Bullock Counties in

Alabama, Yell County in Arkansas, Jones County in Mississippi, Surry County in North Carolina and Jackson, Fulton, Hall and Coffee Counties in Georgia.

13.     The questions of law and fact are common to the class. The failure to pay its employees for the compensable time spent in furtherance of Wayne Farms business was common to all hourly employees at the Wayne Farms plants in Morgan, Coffee, Marshall and Bullock Counties in Alabama, Yell County in Arkansas, Jones County in Mississippi, Surry County in North Carolina and Jackson, Fulton, Hall and Coffee Counties in Georgia.  The Plaintiffs' claims arise from the same course of conduct.

14.     Plaintiffs, April Agee, Cassillie Allen, Pamela M. Allen, Cheryl Anthony, Derrick L. Burber, James Wesley Burnett, Pamela M. Bass, Calvin Bolar, Robert Thomas Dunn and Chris Hood requests that they be permitted to serve as representatives of the affected class, and this action should be certified as a collective action.

## JURY DEMAND

15.     Plaintiffs, individually and as representatives of the class, request a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the case be certified as a collective action and that the Plaintiffs and each member of the class recover from Wayne Farms, the following:

1.     The unpaid wages due to Plaintiffs;

2.     Liquidated damages authorized by the applicable statutes;

3.     Unpaid wages due to all class members;

4.     Liquidated damages to all class members;

5.     Court costs;

6.     Attorneys' fees; and

7.     Such other and further relief as the Court deems just.

Respectfully submitted,

Seth M. Hunter
Mississippi Bar No. 101145
Attorney & Counselor at Law, PLLC
404 Hemphill Street
Hattiesburg, Mississippi 39401
Telephone: (601) 450-8682
Facsimile: (601) 450-8683

*ATTORNEY FOR PLAINTIFFS*

FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**MIDDLE DIVISION**

2006 OCT 18 PM 12:31

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| **JIMMY W. VIRTUE, LISA N. BLANKENSHIP, PAUL NAYLOR, MICHAEL W. RICE, BARBARA D. BAKER, ERSKINE BAKER, MARTIN CHAMBERS, FRANCES CHAMBLEE, JEFFERY S. CHANDLER, DONNA J. DOOLEY, JIMMY HAMILTON, CAROLYN SUE HOGELAND, WENDY MENDEL, KATHY MOORE, JUDY S. OLIVER, BRUCE T. POE, TAMMY RENEE RICHEY, BETTY R. TIPTON CONSTANCE VINSON, and JENIFIER WYNN** ) |  |
|  ) |  |
| **Plaintiffs,** ) |  |
|  ) |  |
| **vs.** ) | **Case No.: 06-CV-_____** |
|  ) |  |
| **WAYNE FARMS LLC., a Delaware Corporation doing business in Alabama,** ) | CV-06-P-2095-M |
|  ) |  |
| **Defendant.** ) |  |

## COMPLAINT

Plaintiffs, individually and on behalf of all others similarly situated ("Plaintiffs"), by and through their counsel, for their Complaint against Defendant Wayne Farms LLC., (collectively "Wayne Farms" or "Defendant"), seek to recover for Wayne Farms' violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 *et seq.*, and hereby state and allege as follows:

### INTRODUCTION

1.    This is a representative action brought pursuant to FLSA § 216(b) by Plaintiffs on behalf of themselves and all other similarly situated current and former

production employees of Wayne Farms at its Albertville facility, located in Marshall County, Alabama, for purposes of obtaining relief under the FLSA for unpaid wages, unpaid overtime wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2.      Wayne Farms operates a chicken processing plant in Albertville, Alabama ("Albertville facility"). The complained of unlawful compensation system at issue in this Complaint has affected Defendant's present and former hourly production employees at this location.

3.      In *IBP, Inc. v. Alvarez,* 126 S. Ct. 514 (2005), the United States Supreme Court unanimously affirmed a ruling that IBP's wage and hour policies – those at issue in this case – violated the Fair Labor Standards Act of 1938 ("FLSA").

4.      Wayne Farms uniformly denies hourly wages and overtime premium pay to its employees, by requiring them to perform "off the clock" work. Wayne Farms' deliberate failure to pay employees earned wages and overtime compensation violates federal law as set out in the Fair Labor Standards Act.

5.      Plaintiffs perform multiple tasks, but are all victims to the same illegal policy and practice of failing to pay workers for all time worked, including unpaid, but compensable break periods, unpaid hourly wage times and unpaid overtime premium wage times.

## JURISDICTION AND VENUE

6.      The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331-37.

2

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Wayne Farms does business in this district and a substantial part of the unlawful conduct giving rise to the claims occurred in this district.

## PARTIES

8. Defendant, Wayne Farms LLC., is a Delaware corporation with its principal place of business in Georgia.

9. Plaintiffs are current and former Wayne Farms employees who work(ed) at the Wayne Farms Albertville facility within the last three years, dating back to October 16, 2003, and can be generally categorized herein as "First Processing" and "Second Processing" employees.

10. First Processing generally includes those employees who work in an area of the plant where the product (chickens) is introduced into the plant and placed or hung on "the line" for killing, cleaning, disemboweling, and chilling.

11. Second Processing generally includes those employees who work in an area of the plant where after the product has completed First Processing, it is further processed, prepared, cut-up, marinated, deboned, weighed, sized, packed, loaded on trucks, etc. for delivery to plant customers.

12. Plaintiffs listed herein who primarily work in First Processing include: Jimmy W. Belue, Lisa Blankenship, Paul Naylor, and Michael W. Rice.

13. Plaintiffs listed herein who primarily work in Second Processing include: Barbara D. Baker, Erskine Baker, Martin Chambers, Frances Chamblee, Jeffery S. Chandler, Donna J. Dooley, Jimmy Hamilton, Carolyn Sue Hogeland, Wendy Mendel, Kathy Moore, Judy S. Oliver, Bruce T. Poe, Tammy Renee Richey, Betty R. Tipton, Constance Vinson, and Jenifer Wynn.

3

14. Plaintiffs are residents and domiciled in the State of Alabama. Plaintiffs have concurrently filed their Consents to Become Party Plaintiffs pursuant to 29 U.S.C. § 216(b). See Exhibit A.

## GENERAL ALLEGATIONS

15. As an integral and indispensable part of Plaintiffs' jobs, Plaintiffs are required to pass through security when entering and leaving the facility. Plaintiffs' are required to have their employment status verified and their arrival and departures documented as well as submit to searches of the person and personal possessions. Plaintiffs aver they are not compensated for the time it takes security to clear them and allow them into the facility and the compensable time afterwards prior to the commencement of production work.

16. Plaintiffs go to a designated area to receive required clothing and/or personal protective equipment (PPE) that is required for the work to be performed. The employees are required to don certain equipment before moving into the production areas. The employees are required to perform washing activities associated with preparing for work in the production area. And depending on whether the employee works in First Processing or Second Processing, the employee may be required to acquire special tools for the work to be performed. During the course of this process, the employee then must walk a significant distance to arrive at the respective workstations on the line.

17. When Plaintiffs leave the line for unpaid breaks or at the end of their shift, they again walk a considerable distance to their respective doffing area where they remove their personal protective equipment, wash or sanitize themselves, their personal

4

protective equipment, sanitary clothing, and/or equipment or tools and return various
clothes, personal protective equipment, equipment or tools to the proper areas.

18.    Defendant Wayne Farms owns and operates poultry facilities in
Albertville, Alabama. The unlawful compensation system at issue in the Complaint has
affected Defendant's former and present hourly production employees at this location.

19.    Under Wayne Farms' wage compensation system, Wayne Farms pays
Plaintiffs and others similarly situated employees only regularly scheduled time that they
are on the production assembly line or in production areas under a system known as
master time, master key, line time or gang time, collectively referred to herein as "master
time". Conversely, as a matter of policy and practice, Wayne Farms does not pay its
hourly employees for required pre-production line and post-production line activities that
are necessary and integral to their overall employment responsibilities, such as the time it
takes to clear security, donning and doffing protective and sanitary equipment, cleaning
and sanitizing equipment as well as themselves, walking to and from security and the
production line from their locker or dressing area after already performing compensable
activities, and waiting in line to return required supplies, tools and other equipment
needed for line activities. In addition, Wayne Farms does not pay its employees for time
spent waiting at the line, prior to the line start up. Plaintiffs are required to report to duty
before the start of the master time clock and required to continue work after the master
time clock has stopped.

20.    During the course of the day, Plaintiffs are provided unpaid breaks
requiring them to walk considerable distances where they remove sanitary clothing and
personal protection equipment for their break. The remaining time allowed for the break
is further shortened by the requirement for the employee to wash and sanitize, don his or

5

her sanitary clothing and personal protection equipment and return to the workstation. Plaintiffs assert these unpaid breaks are compensable. Alternatively if the total unpaid break is not deemed compensable Plaintiffs allege they are owed compensation for the walk time prior to and after unpaid breaks, the time spent donning and doffing clothing and equipment pre and post break respectively, and the time spent washing and/or waiting to wash themselves and their equipment.

21. Defendant deducts from Plaintiffs daily time worked, without regard for the actual time spent on break, two (2) uncompensated breaks of fixed duration.

22. The time for which Plaintiffs and other similarly situated employees are paid is significantly less than the time they spend at work between the time they begin their integral, essential and indispensable work duties and the time they arrive at their workstations on the line. The work time for which Plaintiffs are not paid include, but are not limited to: (1) changing into the protective required work uniforms, sanitary clothing and protective safety equipment that can include, among other things (depending on the task and whether First or Second Processing): ear plugs, smocks, work pants and shirts; safety jump suits; safety boots; hair nets; face nets; hard hats; aprons; belts with holsters and knifes; and hand and arm protections; and (2) walking to and from the changing area, work areas and break areas; washing activities; and (3) breaks that are effectively compensable .

23. The walking time for which Plaintiffs are not paid occurs after the beginning of the employee's first principal activity and before the end of the employee's last principal activity.

24. The required protective work uniforms, sanitary clothing and protective safety equipment that Plaintiffs must wear, and for which they are not paid for donning

6

and doffing times, is required by Wayne Farms and/or by government regulation. Plaintiffs' jobs are dangerous and involve serious health and safety risks. The circumstances of Plaintiffs' jobs, including vital considerations of health and hygiene, require them to wear the protective work uniforms, sanitary clothing and protective safety equipment. These donning, doffing, washing activities, compensable unpaid breaks and walking duties all add up to a significant amount of time every day for which Plaintiffs and others similarly situated are not paid.

25.     In addition to depriving Plaintiffs and others similarly situated of hourly wages for compensable time pursuant to the FLSA, Defendant Wayne Farms' failure to accurately account for and report all compensable time worked by the Plaintiffs and others similarly situated, and has deprived Plaintiffs and others similarly situated of what would otherwise be overtime pay, pursuant to the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

26.     Plaintiffs bring Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). In addition to the claims of individually named Plaintiffs, Plaintiffs bring this action as representatives of all similarly situated former and current employees of the Albertville facility. The potential class of "opt-in" employees can be defined as:

> All current and former hourly employees of Defendants who worked at the Albertville facility since October 16, 2003, and who were not paid for all the time spent performing compensable work-related tasks or legally compensable time, including, but not limited to authorized unpaid break times, donning and doffing times, washing activity times, time associated with passing through security check points and walking to changing areas and time walking to security and passing through security at the end of the day and walking times to and from break areas or donning and doffing areas, and including time compensable at regular hourly wages, as well as overtime pay for these employees.

7

27.     The FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

28.     Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to accurately record all hours worked and failing to pay employees for all hours worked, including overtime compensation.

29.     The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of Defendant, and potential class members may easily and quickly be notified of the pendency of this action.

30.     On information and belief, the Albertville facility employs approximately 500 hourly wage employees who potentially have FLSA claims similar to the claims set out herein.  Consequently, joinder of all collective action members in a single action is impracticable.

31.     Potential collective action members may be informed of the pendency of this class action through direct mail.

32.     There are questions of fact and law common to the class that predominates over any questions affecting only individual members.  The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

> a) Whether Plaintiffs were compensated for time spent clearing security and time spent walking from security to their changing areas and from changing areas to security;
>
> b) Whether the security activities at issue are integral or indispensable to Defendant's business activities;

8

c) Whether Plaintiffs were compensated for time spent donning and doffing clothing and protective gear, washing, and walking to and from their job posts;

d) Whether the donning, doffing and washing activities at issue are integral or indispensable to Defendant's business activities;

e) Whether Plaintiffs were entitled to compensation for time spent donning and doffing, washing activity time, and walking time to and from "the line";

f) Whether Plaintiffs' donning, doffing, washing activity, and walking time is integral and indispensable to their principal activities;

g) Whether Defendant failed to pay employees for unpaid breaks that were effectively compensable.

h) Whether Defendant's compensation policy and practice accurately accounts for the time Plaintiffs are actually working;

i) Whether Defendant's compensation policy and practice is illegal;

j) Whether Defendant had a policy and practice of willfully failing to record and compensate employees for all time worked; and

k) Whether Defendant failed to accurately record all compensable time, resulting in a failure to compensate Plaintiffs and other similarly situated employees of regular hourly wages and overtime pay, in violation of Defendant's policies and procedures and the mandate of the FLSA.

33. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

34. The Collective Action Representatives' claims are typical of those of the similarly situated employees in that these employees have been employed in the same or similar positions as the Collective Action Representatives and were subject to the same or similar unlawful practices as the Collective Action Representatives.

9

35.    A collective action is the appropriate method for the fair and efficient

adjudication of this controversy. Defendant has acted or refused to act on grounds

generally applicable to the similarly situated current and former employees. The

presentation of separate actions by individual similarly situated current or former

employees could create a risk of inconsistent and varying adjudications, establish

incompatible standards of conduct for Defendant, and/or substantially impair or impede

the ability of Collective Action members to protect their interests.

36.    The Collective Action Representatives are adequate representatives of the

similarly situated current and former employees because they are employees of the same

processing plant and their interests do not conflict with the interests of the other similarly

situated current and former employees they seek to represent. The interests of the

members of the class of employees will be fairly and adequately protected by the

Collective Action Representatives and their undersigned counsel, who have extensive

experience prosecuting complex class action lawsuits.

37.    Maintenance of this action as a collective action is a fair and efficient

method for the adjudication of this controversy. It would be impracticable and

undesirable for each member of the collective action who suffered harm to bring a

separate action. In addition, the maintenance of separate actions would place a

substantial and unnecessary burden on the courts and could result in inconsistent

adjudications, while a single collective action can determine, with judicial economy, the

rights of all collective action members.

## COUNT I

## Violation of the Fair Labor Standards Act of 1938

### (Brought Against Defendant by All Individually-Named Plaintiffs and on Behalf of All Others Similarly Situated)

10

38.     Plaintiffs reassert and incorporate by reference paragraphs 1 through 37 as set forth above as if fully restated herein.

39.     At all time material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

40.     The individually named Plaintiffs and all similarly situated employees are victims of a uniform and facility-wide compensation policy and practice, in violation of the FLSA.

41.     Wayne Farms violated the FLSA by failing to account for all compensable time of its employees that resulted in a failure to pay Plaintiffs and others similarly situated for compensable hourly wages and overtime premium pay.

42.     Wayne Farms violated the FLSA by failing to pay for time donning and doffing essential required equipment, integral to the principle work activity.

43.     Wayne Farms failed to account for and pay for time walking to and from the line to break areas and/or donning and doffing areas.

44.     Wayne Farms failed to account for and pay for time spent clearing security and for time walking to and from security to donning and doffing areas.

45.     Wayne Farms failed to account for and pay for time allocated as unpaid breaks. In the alternative, Wayne Farms failed to pay for walk time to and from unpaid meal break areas, time spent donning and doffing on unpaid meal breaks, and washing activities associated with meal breaks.

46.     In perpetrating these unlawful practices, Wayne Farms has also willfully failed to keep accurate records for all of the time worked by its hourly employees.

47.     The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of

11

goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

48.     Wayne Farms was, and is, subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

49.     Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to the Plaintiffs. Accordingly, Plaintiffs must be paid overtime pay in accordance with the FLSA.

50.     Wayne Farms' failure to accurately record compensable work time was willfully perpetrated. Wayne Farms has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid hourly wages and overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find Wayne Farms did not act willfully in failing to pay all hourly wages and overtime premium pay wages, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

51.     As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by Wayne Farms from Plaintiffs for which Wayne Farms is liable pursuant to 29 U.S.C. § 216(b).

52.     Plaintiffs and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing

12

of this Complaint, plus periods of equitable tolling, because Wayne Farms acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

53.    Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorney's fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

WHEREFORE, it is respectfully prayed that this Court grant to the Plaintiffs the following relief:

> a) At the earliest possible time, issue an Order allowing Notice or issue such Court supervised Notice to all similarly situated current and former Wayne Farms hourly employees (working at the Wayne Farms, Albertville location in the last three years) of this action and their rights to participate in this action. Such Notice shall inform all similarly situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action if they worked "off the clock" for times not paid, including time that may be paid at overtime rates.
>
> b) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring that Defendant Wayne Farms' actions, as described in the Complaint, are unlawful and in violation of the FLSA and applicable regulations and are and were willful as defined in the FLSA;
>
> c) Issue an Order directing and requiring Defendant Wayne Farms to pay Plaintiffs and all other similarly situated employees damages in the form of reimbursement for unpaid hourly and premium overtime wages (past

13

and future) for all time spent performing compensable work for which
they were not paid pursuant to the rate provided by the FLSA;

d) Issue an Order directing and requiring Defendant Wayne Farms to pay
Plaintiffs and all other similarly situated employees liquidated damages
pursuant to the FLSA in an amount equal to, and in addition to the amount
of wages and overtime wages owed to them;

e) Issue and Order directing Defendant Wayne Farms to reimburse Plaintiffs
and other similarly situated employees for the costs and attorneys fees
expended in the course of litigating this action, pre-judgment and post-
judgment interest;

f) Provide Plaintiffs with such other and further relief, as the Court deems
just and equitable.

## DEMAND FOR JURY TRIAL

All Plaintiffs hereby request trial by jury of all issues liable by jury under
Alabama and federal law.

Respectfully submitted this the 16th day of __October__ 2006.

COCHRAN, CHERRY, GIVENS,
SMITH, LANE & TAYLOR, P.C.

JOSEPH D. LANE (LAN049)
LANCE H. SWANNER (SWA013)
SAMUEL A. CHERRY, JR., (CHE008)

14

Attorney for Plaintiffs
163 West Main Street
P.O. Box 927
Dothan, AL 36302
(334) 793-1555
(334) 793-8280 (fax)


Defendant may be served at:

The Corporation Company
o/b/o Wayne Farms LLC – Albertville Plant
2000 Interstate Park Drive Ste 204
Montgomery, AL  36109

15

SOUTHERN DIST...
FILED
DEC 1 9 2006
J. T. NOBLIN, CLERK
BY_____ DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

| | |
|---|---|
| **APRIL AGEE, CASSILLIE ALLEN** § | |
| **PAMELA M. ALLEN, CHERYL** § | |
| **ANTHONY, DERRICK L. BURBER** § | |
| **JAMES WESLEY BARNETT,** § | |
| **PAULA M. BASS, CALVIN BOLAR** § | |
| **ROBERT THOMAS DUNN** § | |
| **AND CHRIS HOOD, On behalf of** § | **CIVIL ACTION NO.** 2:06cv268KS-MTP |
| **themselves and All Others Similarly** § | **JURY DEMANDED** |
| **Situated** § | |
| § | |
| § | |
| **VS.** § | |
| § | |
| § | |
| **WAYNE FARMS, L.L.C.,** § | |
| **CONTINENTAL GRAIN COMPANY** § | |
| **d/b/a WAYNE FARMS, L.L.C.** § | |

<u>**PLAINTIFFS' ORIGINAL COMPLAINT**</u>

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

<u>**INTRODUCTION**</u>

1.     Pursuant to 29 USC § 207 ("FLSA"), the named plaintiffs as hourly, non-exempt employees allege violations of their statutory employment right to receive pay for all compensable time worked and overtime for Defendant, Wayne Farms, L.L.C., Continental Grain Company, d/b/a Wayne Farms, L.L.C. (Collectively hereinafter "Wayne Farms"). Pursuant to 29 USC § 216(b), the named plaintiffs also seek to represent all other similarly situated past and present employees, as described herein, who have not been paid for all compensable time worked and overtime and to have this action certified as a collective action. For themselves and all those similarly situated, the named employees seeks their unpaid hours worked, unpaid overtime,

liquidated damages, all available equitable relief, attorney fees, and litigation expenses/costs, including expert witness fees and expenses.

## PARTIES

2.      Plaintiffs, April Agee, Cassillie Allen, Pamela M. Allen, Cheryl Anthony, Derrick L. Burber, James Wesley Burnett, Pamela M. Bass, Calvin Bolar, Robert Thomas Dunn and Chris Hood are individuals residing in Mississippi and Alabama and are present/former employees at the Wayne Farms chicken processing and production plants in Morgan, Coffee, Marshall and Bullock Counties in Alabama, Yell County in Arkansas, Jones County in Mississippi, Surry County in North Carolina and Jackson, Fulton, Hall and Coffee Counties in Georgia. Plaintiffs' written consents to this action are attached hereto as Exhibit A. The Plaintiffs bring this action individually in their own behalf and, pursuant to 29 U.S.C. §216(b), as representatives of a class of individuals who are similarly situated and who have suffered the same or similar damages.

3.      Defendant, Wayne Farms, L.L.C. and Continental Grain Company, d/b/a Wayne Farms, L.L.C. are Delaware Corporations conducting business in the State of Mississippi, Alabama, Georgia, North Carolina and Arkansas.  Said Defendant may be served by delivering the summons and complaint to its registered agent for service, C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

## JURISDICTION AND VENUE

4.      This court has jurisdiction by virtue of 28 U.S.C. §1331 and §1337. The Court has subject matter jurisdiction over Plaintiff's claims under the Fair Labor Standards Act and has personal jurisdiction to hear the case. *See* 29 U.S.C. 201, et seq. Venue is proper in the Southern District of Mississippi pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims have occurred within the Southern District.

## FACTS

5.      Since December 13, 2003, Plaintiffs were employees at Wayne Farms chicken processing and production facilities located in Morgan, Coffee, Marshall and Bullock Counties in Alabama, Yell County in Arkansas, Jones County in Mississippi, Surry County in North Carolina and Jackson, Fulton, Hall and Coffee Counties in Georgia.  The Plaintiffs' jobs required that they put on or "don" protective clothing as well as sanitize certain protective garments in preparation for their performance of their duties.  At the end of their shift, Plaintiffs were required to take off or "doff" the same protective and sanitary clothing.  The evidence at trial will show that Plaintiffs were not compensated for the time spent in "donning" and "doffing" the protective and sanitary clothing mentioned above. The evidence at trial will also show that Wayne Farms automatically deducted thirty minutes from each worker's workday for a meal break regardless of the actual time spent on their meal break. In addition, Plaintiffs allege that they were not paid overtime wages at one and one-half times their regular hourly rate for all hours worked in excess of 40 hours in a work week.

6.      The uncompensated work time in question constituted principal activities integral and indispensable to the performance of Plaintiffs' job as required by Wayne Farms and performed by Plaintiffs prior to the scheduled start and after the scheduled end of their shifts. This includes time spent working in proceeding through security devices prior to and upon entry to the workplace, walking/traveling to the designated locker room area to change into safety related uniforms and work clothes required by Wayne Farms to be worn while working and which cannot be taken off the premises, changing into the company owned safety related uniforms and work clothes, and walking/traveling from the designated locker room area to their work area. This uncompensated work time also includes time spent after the scheduled end of their shift in

proceeding through security devices strictly and solely for the benefit of the employer, Wayne Farms, before being allowed to exit the workplace. The work time spent by the Plaintiffs in engaging in the aforesaid activities was not compensated in violation of the aforesaid federal statutes.

7.    Plaintiffs regularly and consistently worked more than 40 hours per week with the knowledge of Wayne Farms for the work activities described herein and for which Wayne Farms did not pay Plaintiffs for such time.   Defendant has willfully engaged in a pattern, practice, and policy of unlawful conduct by failing to pay the lawful and required overtime rate for hours worked beyond 40 per week to employees in the United States in violation of the FLSA statutes referenced herein.

8.    Finally, Plaintiffs claim that they were was not paid the correct hourly rate or that their wages were not calculated properly.

9.    Plaintiffs believe and, therefore, allege that the failure of Wayne Farms to correctly pay Plaintiffs for all compensable time spent in furtherance of Wayne Farms business was intentional.

## **CLAIMS**

10.    The Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) is commonly referred to as "FSLA."  Among other things, the FSLA statutes and the regulations promulgated thereunder govern the activities of the pay practices of employers involved in commerce.  Plaintiffs allege that the failure to pay Plaintiffs for all hours worked is a direct violation of the FLSA statutes and regulations.  Additionally, Plaintiffs allege that the failure to pay Plaintiffs one and one-half her regular rate for all hours worked in excess of 40 hours in a work week is a direct violation of the

FLSA statutes and regulations. Plaintiffs are entitled to receive the unpaid wages due them, liquidated damages, costs, and attorneys' fees.

## COLLECTIVE ACTION

11.     Pursuant to 29 U.S.C. § 216(b) the named Plaintiffs also brings this action as a collective action.  The named Plaintiffs are representative of a class of employees of Wayne Farms, who were not paid for all hours worked for Wayne Farms as described herein.  Plaintiffs have actual knowledge that there are numerous employees who were not paid for all hours worked for Wayne Farms as described herein.

12.     All, or virtually all, of the legal and factual issues that will arise in litigating the class claims will be common to the class members and the named Plaintiffs.   These issues include: uncompensated work time in question constituted principal activities integral and indispensable to the performance of Plaintiff's jobs as required by Wayne Farms and performed by Plaintiffs prior to the scheduled start and after the scheduled end of their shifts. These issues also include: time spent working in proceeding through security devices prior to and upon entry to the workplace, walking/traveling to the designated locker room area to change into safety related uniforms and work clothes required by Wayne Farms to be worn while working and which cannot be taken off the premises, changing into the company owned safety related uniforms and work clothes, and walking/traveling from the designated locker room area to their work area. This uncompensated work time also includes time spent after the scheduled end of their shift in proceeding through security devices strictly and solely for the benefit of the employer Wayne Farms before being allowed to exit the workplace. For the last several years, Wayne Farms has employed hundreds of employees in Morgan, Coffee, Marshall and Bullock Counties in

Alabama, Yell County in Arkansas, Jones County in Mississippi, Surry County in North Carolina and Jackson, Fulton, Hall and Coffee Counties in Georgia.

13.    The questions of law and fact are common to the class. The failure to pay its employees for the compensable time spent in furtherance of Wayne Farms business was common to all hourly employees at the Wayne Farms plants in Morgan, Coffee, Marshall and Bullock Counties in Alabama, Yell County in Arkansas, Jones County in Mississippi, Surry County in North Carolina and Jackson, Fulton, Hall and Coffee Counties in Georgia. The Plaintiffs' claims arise from the same course of conduct.

14.    Plaintiffs, April Agee, Cassillie Allen, Pamela M. Allen, Cheryl Anthony, Derrick L. Burber, James Wesley Burnett, Pamela M. Bass, Calvin Bolar, Robert Thomas Dunn and Chris Hood requests that they be permitted to serve as representatives of the affected class, and this action should be certified as a collective action.

## JURY DEMAND

15.    Plaintiffs, individually and as representatives of the class, request a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the case be certified as a collective action and that the Plaintiffs and each member of the class recover from Wayne Farms, the following:

1.    The unpaid wages due to Plaintiffs;

2.    Liquidated damages authorized by the applicable statutes;

3.    Unpaid wages due to all class members;

4.    Liquidated damages to all class members;

5.    Court costs;

6.      Attorneys' fees; and

7.      Such other and further relief as the Court deems just.

Respectfully submitted,

Seth M. Hunter
Mississippi Bar No. 101145
Attorney & Counselor at Law, PLLC
404 Hemphill Street
Hattiesburg, Mississippi 39401
Telephone: (601) 450-8682
Facsimile: (601) 450-8683

*ATTORNEY FOR PLAINTIFFS*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

RECEIVED

2006 OCT 20  A 9: 30

US DISTRICT COURT
MIDDLE DISTRICT AL.

|  |  |  |
|---|---|---|
| SAMUEL ADAMS, TERESA ADAMS, PAMELA MILLER, and ZONDRA SHIPMON | ) ) ) ) |  |
|  | ) |  |
| Plaintiffs, | ) ) |  |
| vs. | ) ) | Case No.: ~~06-CV-~~  1:06 CV 950 - MEF |
| WAYNE FARMS LLC., a Delaware Corporation doing business in Alabama, | ) ) ) | **DEMAND FOR JURY TRIAL** |
| Defendant. | ) ) |  |

## COMPLAINT

Plaintiffs, individually and on behalf of all others similarly situated ("Plaintiffs"), by and through their counsel, for their Complaint against Defendant Wayne Farms LLC., (collectively "Wayne Farms" or "Defendant"), seek to recover for Wayne Farms' violations of the Fair Labor Standards Act of 1938 (FLSA) , 29 U.S.C. §§ 201 *et seq.*, and hereby state and allege as follows:

## INTRODUCTION

1.    This is a representative action brought pursuant to FLSA § 216(b) by Plaintiffs on behalf of themselves and all other similarly situated current and former production employees of Wayne Farms at its Jack facility, located in Coffee County, Alabama, for purposes of obtaining relief under the FLSA for unpaid wages, unpaid overtime wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2.    Wayne Farms operates a chicken processing plant in Jack, Alabama ("Jack facility"). The complained of unlawful compensation system at issue in this Complaint

has affected Defendant's present and former hourly production employees at this location.

3.      In *IBP, Inc. v. Alvarez,* 126 S. Ct. 514 (2005), the United States Supreme Court unanimously affirmed a ruling that IBP's wage and hour policies – those at issue in this case – violated the Fair Labor Standards Act of 1938 ("FLSA").

4.      Wayne Farms uniformly denies hourly wages and overtime premium pay to its employees, by requiring them to perform "off the clock" work. Wayne Farms' deliberate failure to pay employees earned wages and overtime compensation violates federal law as set out in the Fair Labor Standards Act.

5.      Plaintiffs perform multiple tasks, but are all victims to the same illegal policy and practice of failing to pay workers for all time worked, including unpaid, but compensable break periods, unpaid hourly wage times and unpaid overtime premium wage times.

## JURISDICTION AND VENUE

6.      The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331-37.

7.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Wayne Farms does business in this district and a substantial part of the unlawful conduct giving rise to the claims occurred in this district.

## PARTIES

8.   Defendant, Wayne Farms LLC., is a Delaware corporation with its principal place of business in Georgia.

9.   Plaintiffs are current and former Wayne Farms employees who work(ed) at the Wayne Farms Jack facility within the last three years, dating back to October 16, 2003, and can be generally categorized herein as "First Processing" and "Second Processing" employees.

10.   First Processing generally includes those employees who work in an area of the plant where the product (chickens) is introduced into the plant and placed or hung on "the line" for killing, cleaning, disemboweling, and chilling.

11.   Second Processing generally includes those employees who work in an area of the plant where after the product has completed First Processing, it is further processed, prepared, cut-up, marinated, deboned, weighed, sized, packed, loaded on trucks, etc. for delivery to plant customers.

12.   Plaintiffs listed herein who primarily work in First Processing include: Samuel Adams.

13.   Plaintiffs listed herein who primarily work in Second Processing include: Teresa Admas, Pamela Miller, and Zondra Shipmon.

14.   Plaintiffs are residents and domiciled in the State of Alabama.  Plaintiffs have concurrently filed their Consents to Become Party Plaintiffs pursuant to 29 U.S.C. § 216(b).  See Exhibit A.

## GENERAL ALLEGATIONS

15.   As an integral and indispensable part of Plaintiffs' jobs, Plaintiffs are required to pass through security when entering and leaving the facility.  Plaintiffs' are

required to have their employment status verified and their arrival and departures documented as well as submit to searches of the person and personal possessions. Plaintiffs aver they are not compensated for the time it takes security to clear them and allow them into the facility and the compensable time afterwards prior to the commencement of production work.

16.    Plaintiffs go to a designated area to receive required clothing and/or personal protective equipment (PPE) that is required for the work to be performed. The employees are required to don certain equipment before moving into the production areas. The employees are required to perform washing activities associated with preparing for work in the production area. And depending on whether the employee works in First Processing or Second Processing, the employee may be required to acquire special tools for the work to be performed. During the course of this process, the employee then must walk a significant distance to arrive at the respective workstations on the line.

17.    When Plaintiffs leave the line for unpaid breaks or at the end of their shift, they again walk a considerable distance to their respective doffing area where they remove their personal protective equipment, wash or sanitize themselves, their personal protective equipment, sanitary clothing, and/or equipment or tools and return various clothes, personal protective equipment, equipment or tools to the proper areas.

18.    Defendant Wayne Farms owns and operates poultry facilities in Jack, Alabama. The unlawful compensation system at issue in the Complaint has affected Defendant's former and present hourly production employees at this location.

19.    Under Wayne Farms' wage compensation system, Wayne Farms pays Plaintiffs and others similarly situated employees only regularly scheduled time that they

4

are on the production assembly line or in production areas under a system known as master time, master key, line time or gang time, collectively referred to herein as "master time". Conversely, as a matter of policy and practice, Wayne Farms does not pay its hourly employees for required pre-production line and post-production line activities that are necessary and integral to their overall employment responsibilities, such as the time it takes to clear security, donning and doffing protective and sanitary equipment, cleaning and sanitizing that equipment as well as themselves, walking to and from security and the production line from their locker or dressing area after already performing compensable activities, and waiting in line to return required supplies, tools and other equipment needed for line activities. In addition, Wayne Farms does not pay its employees for time spent waiting at the line, prior to the line start up. Plaintiffs are required to report to duty before the start of the master time clock and required to continue work after the master time clock has stopped.

20.     During the course of the day, Plaintiffs are provided unpaid breaks requiring them to walk considerable distances where they remove sanitary clothing and personal protection equipment for their break. The remaining time allowed for the break is further shortened by the requirement for the employee to wash and sanitize, don his or her sanitary clothing and personal protection equipment and return to the workstation. Plaintiffs assert these unpaid breaks are compensable. Alternatively if the total unpaid break is not deemed compensable Plaintiffs allege they are owed compensation for the walk time prior to and after unpaid breaks, the time spent donning and doffing clothing and equipment pre and post break respectively, and the time spent washing and/or waiting to wash themselves and their equipment.

21.    Defendant deducts from Plaintiffs daily time worked, without regard for the actual time spent on break, two (2) uncompensated breaks of fixed duration.

22.    The time for which Plaintiffs and other similarly situated employees are paid is significantly less than the time they spend at work between the time they begin their integral, essential and indispensable work duties and the time they arrive at their workstations on the line. The work time for which Plaintiffs are not paid include, but are not limited to: (1) changing into the protective required work uniforms, sanitary clothing and protective safety equipment that can include, among other things (depending on the task and whether First or Second Processing): ear plugs, smocks, work pants and shirts; safety jump suits; safety boots; hair nets; face nets; hard hats; aprons; belts with holsters and knifes; and hand and arm protections; and (2) walking to and from the changing area, work areas and break areas; washing activities; and (3) breaks that are effectively compensable .

23.    The walking time for which Plaintiffs are not paid occurs after the beginning of the employee's first principal activity and before the end of the employee's last principal activity.

24.    The required protective work uniforms, sanitary clothing and protective safety equipment that Plaintiffs must wear, and for which they are not paid for donning and doffing times, is required by Wayne Farms and/or by government regulation. Plaintiffs' jobs are dangerous and involve serious health and safety risks. The circumstances of Plaintiffs' jobs, including vital considerations of health and hygiene, require them to wear the protective work uniforms, sanitary clothing and protective safety equipment. These donning, doffing, washing activities, compensable unpaid breaks and

walking duties all add up to a significant amount of time every day for which Plaintiffs and others similarly situated are not paid.

25.    In addition to depriving Plaintiffs and others similarly situated of hourly wages for compensable time pursuant to the FLSA, Defendant Wayne Farms' failure to accurately account for and report all compensable time worked by the Plaintiffs and others similarly situated, and has deprived Plaintiffs and others similarly situated of what would otherwise be overtime pay, pursuant to the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

26.    Plaintiffs bring Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). In addition to the claims of individually named Plaintiffs, Plaintiffs bring this action as representatives of all similarly situated former and current employees of the Jack facility. The potential class of "opt-in" employees can be defined as:

> All current and former hourly employees of Defendants who worked at the Jack facility since October 16, 2003, and who were not paid for all the time spent performing compensable work-related tasks or legally compensable time, including, but not limited to authorized unpaid break times, donning and doffing times, washing activity times, time associated with passing through security check points and walking to changing areas and time walking to security and passing through security at the end of the day and walking times to and from break areas or donning and doffing areas, and including time compensable at regular hourly wages, as well as overtime pay for these employees.

27.    The FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

28.    Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to accurately record all hours worked and failing to pay employees for all hours worked, including overtime compensation.

7

29.     The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of Defendant, and potential class members may easily and quickly be notified of the pendency of this action.

30.     On information and belief, the Jack facility employs approximately 500 hourly wage employees who potentially have FLSA claims similar to the claims set out herein.  Consequently, joinder of all collective action members in a single action is impracticable.

31.     Potential collective action members may be informed of the pendency of this class action through direct mail.

32.     There are questions of fact and law common to the class that predominates over any questions affecting only individual members.  The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

     a)  Whether Plaintiffs were compensated for time spent clearing security and time spent walking from security to their changing areas and from changing areas to security;

     b)  Whether the security activities at issue are integral or indispensable to Defendant's business activities;

     c)  Whether Plaintiffs were compensated for time spent donning and doffing clothing and protective gear, washing, and walking to and from their job posts;

     d)  Whether the donning, doffing and washing activities at issue are integral or indispensable to Defendant's business activities;

     e)  Whether Plaintiffs were entitled to compensation for time spent donning and doffing, washing activity time, and walking time to and from "the line";

     f)  Whether Plaintiffs' donning, doffing, washing activity, and walking time is integral and indispensable to their principal activities;

8

g) Whether Defendant failed to pay employees for unpaid breaks that were effectively compensable.

h) Whether Defendant's compensation policy and practice accurately accounts for the time Plaintiffs are actually working;

i) Whether Defendant's compensation policy and practice is illegal;

j) Whether Defendant had a policy and practice of willfully failing to record and compensate employees for all time worked; and

k) Whether Defendant failed to accurately record all compensable time, resulting in a failure to compensate Plaintiffs and other similarly situated employees of regular hourly wages and overtime pay, in violation of Defendant's policies and procedures and the mandate of the FLSA.

33. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

34. The Collective Action Representatives' claims are typical of those of the similarly situated employees in that these employees have been employed in the same or similar positions as the Collective Action Representatives and were subject to the same or similar unlawful practices as the Collective Action Representatives.

35. A collective action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the similarly situated current and former employees. The presentation of separate actions by individual similarly situated current or former employees could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of Collective Action members to protect their interests.

9

36.    The Collective Action Representatives are adequate representatives of the similarly situated current and former employees because they are employees of the same processing plant and their interests do not conflict with the interests of the other similarly situated current and former employees they seek to represent.  The interests of the members of the class of employees will be fairly and adequately protected by the Collective Action Representatives and their undersigned counsel, who have extensive experience prosecuting complex class action lawsuits.

37.    Maintenance of this action as a collective action is a fair and efficient method for the adjudication of this controversy.  It would be impracticable and undesirable for each member of the collective action who suffered harm to bring a separate action.  In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single collective action can determine, with judicial economy, the rights of all collective action members.

## COUNT I

### Violation of the Fair Labor Standards Act of 1938

### (Brought Against Defendant by All Individually-Named Plaintiffs and on Behalf of All Others Similarly Situated)

38.    Plaintiffs reassert and incorporate by reference paragraphs 1 through 37 as set forth above as if fully restated herein.

39.    At all time material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

40.    The individually named Plaintiffs and all similarly situated employees are victims of a uniform and facility-wide compensation policy and practice, in violation of the FLSA.

41.     Wayne Farms violated the FLSA by failing to account for all compensable time of its employees that resulted in a failure to pay Plaintiffs and others similarly situated for compensable hourly wages and overtime premium pay.

42.     Wayne Farms violated the FLSA by failing to pay for time donning and doffing essential required equipment, integral to the principle work activity.

43.     Wayne Farms failed to account for and pay for time walking to and from the line to break areas and/or donning and doffing areas.

44.     Wayne Farms failed to account for and pay for time spent clearing security and for time walking to and from security to donning and doffing areas.

45.     Wayne Farms failed to account for and pay for time allocated as unpaid breaks.  In the alternative, Wayne Farms failed to pay for walk time to and from unpaid meal break areas, time spent donning and doffing on unpaid meal breaks, and washing activities associated with meal breaks.

46.     In perpetrating these unlawful practices, Wayne Farms has also willfully failed to keep accurate records for all of the time worked by its hourly employees.

47.     The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a)(1).

48.     Wayne Farms was, and is, subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

49.     Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations.  None of the FLSA exemptions apply to the

Plaintiffs.  Accordingly, Plaintiffs must be paid overtime pay in accordance with the FLSA.

50.    Wayne Farms' failure to accurately record compensable work time was willfully perpetrated.  Wayne Farms has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid hourly wages and overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).  Alternatively, should the Court find Wayne Farms did not act willfully in failing to pay all hourly wages and overtime premium pay wages, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

51.    As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by Wayne Farms from Plaintiffs for which Wayne Farms is liable pursuant to 29 U.S.C.  § 216(b).

52.    Plaintiffs and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Wayne Farms acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

53.    Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorney's fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

WHEREFORE, it is respectfully prayed that this Court grant to the Plaintiffs the following relief:

a) At the earliest possible time, issue an Order allowing Notice or issue such Court supervised Notice to all similarly situated current and former Wayne Farms hourly employees (working at the Wayne Farms, Jack location in the last three years) of this action and their rights to participate in this action. Such Notice shall inform all similarly situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action if they worked "off the clock" for times not paid, including time that may be paid at overtime rates.

b) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring that Defendant Wayne Farms' actions, as described in the Complaint, are unlawful and in violation of the FLSA and applicable regulations and are and were willful as defined in the FLSA;

c) Issue an Order directing and requiring Defendant Wayne Farms to pay Plaintiffs and all other similarly situated employees damages in the form of reimbursement for unpaid hourly and premium overtime wages (past and future) for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

d) Issue an Order directing and requiring Defendant Wayne Farms to pay Plaintiffs and all other similarly situated employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

e) Issue and Order directing Defendant Wayne Farms to reimburse Plaintiffs and other similarly situated employees for the costs and attorneys fees expended in the course of litigating this action, pre-judgment and post-judgment interest;

f) Provide Plaintiffs with such other and further relief, as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

All Plaintiffs hereby request trial by jury of all issues liable by jury under Alabama and federal law.

Respectfully submitted this the 17th day of October 2006.

**COCHRAN, CHERRY, GIVENS,**
**SMITH, LANE & TAYLOR, P.C.**

**JOSEPH D. LANE (LAN049)**
**LANCE H. SWANNER (SWA013)**
**SAMUEL A. CHERRY, JR., (CHE008)**
Attorney for Plaintiffs
163 West Main Street
P.O. Box 927
Dothan, AL 36302
(334) 793-1555
(334) 793-8280 (fax)

Defendant may be served at:

The Corporation Company
o/b/o Wayne Farms LLC – Jack Plant
2000 Interstate Park Drive Ste 204
Montgomery, AL  36109

FILED

2007 Apr 19 AM 10:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

DEC 1 9 2006

J. T. NOBLIN, CLERK
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## HATTIESBURG DIVISION

| | | |
|---|---|---|
| **APRIL AGEE, CASSILLIE ALLEN** | § | |
| **PAMELA M. ALLEN, CHERYL** | § | |
| **ANTHONY, DERRICK L. BURBER** | § | |
| **JAMES WESLEY BARNETT,** | § | |
| **PAULA M. BASS, CALVIN BOLAR** | § | |
| **ROBERT THOMAS DUNN** | § | |
| **AND CHRIS HOOD, On behalf of** | § | **CIVIL ACTION NO.** 2:06cv268KS-MTP |
| **themselves and All Others Similarly** | § | **JURY DEMANDED** |
| **Situated** | § | |
| | § | |
| | § | |
| | § | |
| **VS.** | § | |
| | § | |
| | § | |
| | § | |
| **WAYNE FARMS, L.L.C.,** | § | |
| **CONTINENTAL GRAIN COMPANY** | § | |
| **d/b/a WAYNE FARMS, L.L.C.** | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

## INTRODUCTION

1.      Pursuant to 29 USC § 207 ("FLSA"), the named plaintiffs as hourly, non-exempt employees allege violations of their statutory employment right to receive pay for all compensable time worked and overtime for Defendant, Wayne Farms, L.L.C., Continental Grain Company, d/b/a Wayne Farms, L.L.C. (Collectively hereinafter "Wayne Farms"). Pursuant to 29 USC § 216(b), the named plaintiffs also seek to represent all other similarly situated past and present employees, as described herein, who have not been paid for all compensable time worked and overtime and to have this action certified as a collective action. For themselves and all those similarly situated, the named employees seeks their unpaid hours worked, unpaid overtime,

liquidated damages, all available equitable relief, attorney fees, and litigation expenses/costs, including expert witness fees and expenses.

## PARTIES

2.     Plaintiffs, April Agee, Cassillie Allen, Pamela M. Allen, Cheryl Anthony, Derrick L. Burber, James Wesley Burnett, Pamela M. Bass, Calvin Bolar, Robert Thomas Dunn and Chris Hood are individuals residing in Mississippi and Alabama and are present/former employees at the Wayne Farms chicken processing and production plants in Morgan, Coffee, Marshall and Bullock Counties in Alabama, Yell County in Arkansas, Jones County in Mississippi, Surry County in North Carolina and Jackson, Fulton, Hall and Coffee Counties in Georgia.  Plaintiffs' written consents to this action are attached hereto as Exhibit A.  The Plaintiffs bring this action individually in their own behalf and, pursuant to 29 U.S.C. §216(b), as representatives of a class of individuals who are similarly situated and who have suffered the same or similar damages.

3.     Defendant, Wayne Farms, L.L.C. and Continental Grain Company, d/b/a Wayne Farms, L.L.C. are Delaware Corporations conducting business in the State of Mississippi, Alabama, Georgia, North Carolina and Arkansas.  Said Defendant may be served by delivering the summons and complaint to its registered agent for service, C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

## JURISDICTION AND VENUE

4.     This court has jurisdiction by virtue of 28 U.S.C. §1331 and §1337. The Court has subject matter jurisdiction over Plaintiff's claims under the Fair Labor Standards Act and has personal jurisdiction to hear the case.  *See* 29 U.S.C. 201, et seq.  Venue is proper in the Southern District of Mississippi pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims have occurred within the Southern District.

## FACTS

5.      Since December 13, 2003, Plaintiffs were employees at Wayne Farms chicken processing and production facilities located in Morgan, Coffee, Marshall and Bullock Counties in Alabama, Yell County in Arkansas, Jones County in Mississippi, Surry County in North Carolina and Jackson, Fulton, Hall and Coffee Counties in Georgia. The Plaintiffs' jobs required that they put on or "don" protective clothing as well as sanitize certain protective garments in preparation for their performance of their duties. At the end of their shift, Plaintiffs were required to take off or "doff" the same protective and sanitary clothing. The evidence at trial will show that Plaintiffs were not compensated for the time spent in "donning" and "doffing" the protective and sanitary clothing mentioned above. The evidence at trial will also show that Wayne Farms automatically deducted thirty minutes from each worker's workday for a meal break regardless of the actual time spent on their meal break. In addition, Plaintiffs allege that they were not paid overtime wages at one and one-half times their regular hourly rate for all hours worked in excess of 40 hours in a work week.

6.      The uncompensated work time in question constituted principal activities integral and indispensable to the performance of Plaintiffs' job as required by Wayne Farms and performed by Plaintiffs prior to the scheduled start and after the scheduled end of their shifts. This includes time spent working in proceeding through security devices prior to and upon entry to the workplace, walking/traveling to the designated locker room area to change into safety related uniforms and work clothes required by Wayne Farms to be worn while working and which cannot be taken off the premises, changing into the company owned safety related uniforms and work clothes, and walking/traveling from the designated locker room area to their work area. This uncompensated work time also includes time spent after the scheduled end of their shift in

proceeding through security devices strictly and solely for the benefit of the employer, Wayne Farms, before being allowed to exit the workplace. The work time spent by the Plaintiffs in engaging in the aforesaid activities was not compensated in violation of the aforesaid federal statutes.

7.     Plaintiffs regularly and consistently worked more than 40 hours per week with the knowledge of Wayne Farms for the work activities described herein and for which Wayne Farms did not pay Plaintiffs for such time.   Defendant has willfully engaged in a pattern, practice, and policy of unlawful conduct by failing to pay the lawful and required overtime rate for hours worked beyond 40 per week to employees in the United States in violation of the FLSA statutes referenced herein.

8.     Finally, Plaintiffs claim that they were was not paid the correct hourly rate or that their wages were not calculated properly.

9.     Plaintiffs believe and, therefore, allege that the failure of Wayne Farms to correctly pay Plaintiffs for all compensable time spent in furtherance of Wayne Farms business was intentional.

## CLAIMS

10.     The Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) is commonly referred to as "FSLA."   Among other things, the FSLA statutes and the regulations promulgated thereunder govern the activities of the pay practices of employers involved in commerce.   Plaintiffs allege that the failure to pay Plaintiffs for all hours worked is a direct violation of the FLSA statutes and regulations.   Additionally, Plaintiffs allege that the failure to pay Plaintiffs one and one-half her regular rate for all hours worked in excess of 40 hours in a work week is a direct violation of the

FLSA statutes and regulations. Plaintiffs are entitled to receive the unpaid wages due them, liquidated damages, costs, and attorneys' fees.

## COLLECTIVE ACTION

11.     Pursuant to 29 U.S.C. § 216(b) the named Plaintiffs also brings this action as a collective action.  The named Plaintiffs are representative of a class of employees of Wayne Farms, who were not paid for all hours worked for Wayne Farms as described herein.  Plaintiffs have actual knowledge that there are numerous employees who were not paid for all hours worked for Wayne Farms as described herein.

12.     All, or virtually all, of the legal and factual issues that will arise in litigating the class claims will be common to the class members and the named Plaintiffs.   These issues include: uncompensated work time in question constituted principal activities integral and indispensable to the performance of Plaintiff's jobs as required by Wayne Farms and performed by Plaintiffs prior to the scheduled start and after the scheduled end of their shifts. These issues also include: time spent working in proceeding through security devices prior to and upon entry to the workplace, walking/traveling to the designated locker room area to change into safety related uniforms and work clothes required by Wayne Farms to be worn while working and which cannot be taken off the premises, changing into the company owned safety related uniforms and work clothes, and walking/traveling from the designated locker room area to their work area. This uncompensated work time also includes time spent after the scheduled end of their shift in proceeding through security devices strictly and solely for the benefit of the employer Wayne Farms before being allowed to exit the workplace. For the last several years, Wayne Farms has employed hundreds of employees in Morgan, Coffee, Marshall and Bullock Counties in

Alabama, Yell County in Arkansas, Jones County in Mississippi, Surry County in North Carolina and Jackson, Fulton, Hall and Coffee Counties in Georgia.

13.     The questions of law and fact are common to the class. The failure to pay its employees for the compensable time spent in furtherance of Wayne Farms business was common to all hourly employees at the Wayne Farms plants in Morgan, Coffee, Marshall and Bullock Counties in Alabama, Yell County in Arkansas, Jones County in Mississippi, Surry County in North Carolina and Jackson, Fulton, Hall and Coffee Counties in Georgia.  The Plaintiffs' claims arise from the same course of conduct.

14.     Plaintiffs, April Agee, Cassillie Allen, Pamela M. Allen, Cheryl Anthony, Derrick L. Burber, James Wesley Burnett, Pamela M. Bass, Calvin Bolar, Robert Thomas Dunn and Chris Hood requests that they be permitted to serve as representatives of the affected class, and this action should be certified as a collective action.

## JURY DEMAND

15.     Plaintiffs, individually and as representatives of the class, request a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the case be certified as a collective action and that the Plaintiffs and each member of the class recover from Wayne Farms, the following:

1.      The unpaid wages due to Plaintiffs;

2.      Liquidated damages authorized by the applicable statutes;

3.      Unpaid wages due to all class members;

4.      Liquidated damages to all class members;

5.      Court costs;

6.      Attorneys' fees; and

7.      Such other and further relief as the Court deems just.

Respectfully submitted,

Seth M. Hunter
Mississippi Bar No. 101145
Attorney & Counselor at Law, PLLC
404 Hemphill Street
Hattiesburg, Mississippi 39401
Telephone: (601) 450-8682
Facsimile: (601) 450-8683

*ATTORNEY FOR PLAINTIFFS*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

RECEIVED

2007 OCT 20  A 9: 33

U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

DARREN ANDERSON, BRENDA )
AUSTIN, MARY L. AVERY, SHIRLEY )
ANN BORDERS, CARLA BYRTS, )
CASSANDRA D. CALHOUN, )
CORNELIUS COBBS, EDNA )
COLEMAN, CAROLYN M. COOPER, )
DEDDERA DAVIS,  CAROLYN J. )
DOWDELL, TREVOR FERRELL, )
DIANNE FINNEY, MARGARET )
FOSTER, SANDRA FRANKLIN, )
DERRICK GACHET, ROBERT )
GOODE, TERESA ANN GRAVES, )
ALONZA HAMPTON, ANTWAIN )
HARRIS, JOE L. HATCHER, )
RODNEY HATCHER, DORIS )
HOLMES, CHARLENE HOOKS, )
KRESHAN R. JOHNSON, ROSARIO )
JOHNSON, KEVIN KEITH, TIFFANY )
M. KING, MICHAEL LAWRENCE, )
KAWAQUANE LEE, FANNIE B. )
LOCKWOOD, SANTANA )
MCCLENDON, DUANE MOMENT, )
DEBORAH D. MORRIS, SHIRLEY )
PATTERSON, DEMETRIUS RIVERS, )
AGGIE LEE SCOTT, CARLOS )
STANLEY, RUBY STEPHENS, )
MARCHE STEWART, DARLENE A. )
TARVER, ALICE TOWNSEND, EULA )
M. TOWNSEND, MARTHA A. )
TUGGLES, MARY J. WASHINGTON, )
CALLIE M. WILLIAMS, JOYCE R. )
ADDISON, ALBERT K. ANDERSON, )
CAROLYN E. ANTHONY, CHERYL )
ANTHONY, TERRANCE K. ANTHONY,)
LUCILLE W. AUSTIN, VANESSA )
BABERS, DOROTHY BAKER, )
MATTIE BAKER, NONA REE )
BALDWIN, MARY N. BANDY, )
LASHONDRA BEASON, LEON )
BOWENS, KATHY BURNEY, ANNIE )
BUSSEY, VALARIE BYRTS, BEVERLY)
CALHOUN, TOMECHA CANTY, )
MARTHA M. CHANCE, JACQUELINE )

**DEMAND FOR JURY TRIAL**

COOPER, EBONIA L. COPES,         )
JAWANNA CUNNINGHAM,              )
MARQUETTA L. CUNNINGHAM,         )
RONALD DAVIE, DELORES DAVIS,     )
KIRBY DAVIS, REGINA A. DAWKINS   )
GILLIS, MARY ANN DULANEY,        )
LAKESHA EFFORD, BOBBIE J. ELLIS,)
DELORIS ELLIS, DENISE R. ELLIS,  )
HELEN ELLIS, MAMIE FITZATRICK, )
CATHLEEN THOMAS FOSTER,          )
TERRENCE FRANKLIN, DERRICK       )
GOODE, MICHAEL GOODE, MARK       )
GOSHAY, TERESA M. GREY, JUSTIN )
HALL, SHONA HAMPTON, HENRY       )
HARRIS, JR., JIMMY HATCHER,      )
NICKLOUS HILL, RICHETTA          )
HOLLIDAY, QUINOSHA HOOKS,        )
EDDIE M. HOUGH, BYTHINE H.       )
IVERY, ALONZO JACKSON, BETTYE )
A. JACKSON, EVELINA JACKSON,     )
FRANCES JACKSON, SUSIE A.        )
JACKSON, JESSICA M. JENKINS,     )
DORETHA JOHNSON, PAMELA          )
JOHNSON, RECIKE JOHNSON,         )
BRUCE JONES, DWIGHT JONES,       )
LORETTA R. JONES, LUCY JONES,    )
REGGIE PARNELL JONES, TIMOTHY)
JORDAN, TRELLIS S. JORDAN,       )
JENNIFER KEY, DEVORIS LAMPLEY,)
KAREN LEE, REGENIA F. LONG,      )
ANNIE PEARL MACK, FRANKIE M.     )
MADDOX, JESSE MAHONE, NEKESIA)
MARTIN, HELEN L. MASON, SHEILA )
MCCLAIN, QUNNIE L. MCCLENDON, )
SHAWANNA MCSWAIN, VIOLA LEE )
MONDAY, JEFFERY MURRAY, JOAN )
M. OLIVER, LAMISHA OLIVER,       )
GEORGE PALM, BOBBIE A.           )
PARHAMS GEORGE PARHAM,           )
DANNY PARKER, HARVEY C.          )
PARKER, LENETT PATTERSON,        )
SHIRTORIA PATTERSON, JAIME       )
PEEBLES, RUBY PEEBLES, RACHEL )
PENN, RUBY M. PERSON, PEGGY L. )
PITTS, DELOIS PRITCHETT, MARIE )
PRITCHETT, OLLIE M. PUGH, BETTY)
J. RANDOLPH, DELOISE RANDOLPH,)
MARY DEAN RAYBURN, OLA MAE     )

REED, TRACY ROBBINS, ALFRED )
ROBINSON, CHRISTINE RODGERS, )
MATTIE P. RODGERS, LARRY )
RUMPH, SHERRY RUMPH, JOHN W. )
SCOTT, FREDDIE LEE SHELLEY, )
MAYOLA SHELLEY, BEVERLY A. )
SIMMONS, TAMMY J. SMART, )
ALTHEA SMITH, CHAROLETTE )
SMITH, DESSIE SMITH, GLORIA )
SMITH, JANEKIA SMITH, MARY )
SPANN, EUNICE B. SPARKS, )
KIMBERLYN SPRAKS, MARVIN )
STEWART, LANETHIA STILL, )
DARLENE A. SULLEN, LAWANDA )
TARVER, LILLIE B. TARVER, )
SABRENA M. TARVER, SHERRY )
TARVER, THERESA ANN TARVER, )
WENDY TARVER, MARY E. THOMAS,)
TUWANDA THOMAS, PAMELA )
THORPE, TERRANCE WARMACK, )
PLESHETTE WILLIAMS, ALAN )
WILLIAMSON, LAURIE ANN WILLIS,)
LAQUETTA WOODS, VERA WRIGHT, )
BETTY JEAN YOUNG, ANGELA )
YOUNGLOOD, CHRISTINE )
YOUNGLOOD, DARNAILLEE )
YOUNGBLOOD, and SHIRLEY P. )
YOUNGBLOOD )
)
　　　　Plaintiffs, )
) Case No.: 2:06-CV-951-ID
　　vs. )
)
WAYNE FARMS LLC., a Delaware )
Corporation doing business in Alabama, )
)
　　　　Defendant. )

## COMPLAINT

Plaintiffs, individually and on behalf of all others similarly situated ("Plaintiffs"),

by and through their counsel, for their Complaint against Defendant Wayne Farms LLC.,

(collectively "Wayne Farms" or "Defendant"), seek to recover for Wayne Farms'

violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 201 *et seq.*, and hereby state and allege as follows:

## INTRODUCTION

1.      This is a representative action brought pursuant to FLSA § 216(b) by Plaintiffs on behalf of themselves and all other similarly situated current and former production employees of Wayne Farms at its Union Springs facility, located in Bullock County, Alabama, for purposes of obtaining relief under the FLSA for unpaid wages, unpaid overtime wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2.      Wayne Farms operates a chicken processing plant in Union Springs, Alabama ("Union Springs facility"). The complained of unlawful compensation system at issue in this Complaint has affected Defendant's present and former hourly production employees at this location.

3.      In *IBP, Inc. v. Alvarez,* 126 S. Ct. 514 (2005), the United States Supreme Court unanimously affirmed a ruling that IBP's wage and hour policies – those at issue in this case – violated the Fair Labor Standards Act of 1938 ("FLSA").

4.      Wayne Farms uniformly denies hourly wages and overtime premium pay to its employees, by requiring them to perform "off the clock" work. Wayne Farms' deliberate failure to pay employees earned wages and overtime compensation violates federal law as set out in the Fair Labor Standards Act.

5.      Plaintiffs perform multiple tasks, but are all victims to the same illegal policy and practice of failing to pay workers for all time worked, including unpaid, but compensable break periods, unpaid hourly wage times and unpaid overtime premium wage times.

4

## JURISDICTION AND VENUE

6.      The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331-37.

7.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Wayne Farms does business in this district and a substantial part of the unlawful conduct giving rise to the claims occurred in this district.

## PARTIES

8.      Defendant, Wayne Farms LLC., is a Delaware corporation with its principal place of business in Georgia.

9.      Plaintiffs are current and former Wayne Farms employees who work(ed) at the Wayne Farms Union Springs facility within the last three years, dating back to October 17, 2003, and can be generally categorized herein as "First Processing" and "Second Processing" employees.

10.     First Processing generally includes those employees who work in an area of the plant where the product (chickens) is introduced into the plant and placed or hung on "the line" for killing, cleaning, disemboweling, and chilling.

11.     Second Processing generally includes those employees who work in an area of the plant where after the product has completed First Processing, it is further processed, prepared, cut-up, marinated, deboned, weighed, sized, packed, loaded on trucks, etc. for delivery to plant customers.

12.     Plaintiffs listed herein who primarily work in First Processing include: Darren Anderson, Brenda Austin, Mary L. Avery, Shirley Ann Borders, Carla L Byrts,

Cassandra D. Calhoun, Cornelius Cobbs, Edna Coleman, Carolyn M. Cooper, Deddera
Davis, Carolyn J. Dowdell, Trevor Ferrell, Dianne Finney, Margaret Foster, Sandra
Franklin, Derrick Gachet, Robert Goode, Teresa Ann Grave, Alonza Hampton, Antwain
Harris, Joe L. Hatcher, Rodney Hatcher, Doris Holmes, Charlene Hooks, Kreshan R.
Johnson, Rosario Johnson, Kevin Keith, Tiffany M. King, Michael Lawrence,
Kawaquane Lee, Fannie B. Lockwood, Santana McClendon, Duane Moment, Deborah D.
Morris, Shirley Patterson, Demetrius Rivers, Aggie Lee Scott, Carlos Stanley, Ruby
Stephens, Marche Stewart, Darlene A. Tarver, Alice Townsend, Eula M. Townsend,
Martha A. Tuggles, Mary J. Washington, and Callie M. Williams.

13.    Plaintiffs listed herein who primarily work in Second Processing include:
Joyce R. Addison, Alberta K. Anderson, Carolyn E. Anthony, Cheryl Anthony, Terrance
K. Anthony, Lucille W. Austin, Vanessa Babers, Dorothy Baker, Mattie Baker, Nona Ree
Baldwin, Mary N. Bandy, LaShondra Beason, Leon Bowens, Kathy Burney, Annie
Bussey, Valarie Byrts, Beverly Calhoun, Tomecha Canty, Martha M. Chance, Jacqueline
Cooper, Ebonia L. Copes, Jawanna Cunningham, Marquetta L. Cunningham, Ronald
Davie, Delores Davis, Kirby Davis, Regina A. Dawkins Gillis, Mary Ann Dulaney,
Lakesha Efford, Bobbie J. Ellis, Deloris Ellis, Denise R. Ellis, Helen Ellis, Mamie
Fitzpatrick, Cathleen Thomas Foster, Terrence Franklin, Derrick Goode, Michael Goode,
Mark Goshay, Teresa M. Grey, Justin Hall, Shona Hampton, Henry Harris, Jr., Jimmy
Hathcer, Nicklous Hill, Richetta Holliday, Quinosha Hooks, Eddie M. Hough, Bythine H.
Ivery, Alonzo Jackson, Bettye A. Jackson, Evelina Jackson, Frances Jackson, Susie A.
Jackson, Jessica M. Jenkins, Doretha Johnosn, Pamela Johnson, Recike Johnson, Bruce
Jones, Dwight Jones, Loretta R. Jones, Lucy Jones, Reggie Parnell Jones, Timothy
Jordan, Trellis S. Jordan, Jennifer Key, Devoris Lampley, Karen Lee, Regenia F. Long,

Annie Pearl Mack, Frankie M. Maddox, Jesse Mahone, Nekesia Martin, Helen L. Mason,

Sheila McClain, Qunnie L. McClendon, Shawanna McSwain, Viola Lee Monday, Jeffery

Murray, Joan M. Oliver, Lamisha Oliver, George Palm, Bobbie A. Parhams, George

Parham, Danny Parker, Harvey C. Parker, Lenett Patterson, Shirtoria Patterson, Jaime

Peebles, Ruby Peebles, Rachel Penn, Ruby M. Person, Peggy L. Pitts, Delois Pritchett,

Marie Pritchett, Ollie M. Pugh, Betty J. Randolph, Deloise Randolph, Mary Dean

Rayburn, Ola Mae Reed, Tracy Robbins, Alfred Robinson, Christine Rodgers, Mattie P.

Rodgers, Larry Rumph, Sherry Rumph, John W. Soctt, Freddie Lee Shelley, Mayola

Shelley, Beverly A. Simmons, Tammy J. Smart, Althea Smith, Charolette Smith, Dessie

Smith, Gloria Smith, Janekia Smith, Mary Spann, Eunice B. Sparks, Kimberlyn Sparks,

Marvin Stewart, Lanethia Still, Darlene A. Sullen, Lawanda Tarver, Lillie B. Tarver,

Sabrena M. Tarver, Sherry Tarver, Theresa Ann Tarver, Wendy Tarver, Mary E. Thomas,

Tuwanda Thomas, Pamela Thorpe, Terrance Warmack, Pleshette Williams, Alan

Williamson, Laurie Ann Willis, LaQuetta Woods, Vera Wright, Betty Jean Young,

Angela Youngblood, Christine Youngblood, Dernaillee Youngblood, and Shirley P.

Youngblood.

14.    Plaintiffs are residents and domiciled in the State of Alabama.  Plaintiffs

have concurrently filed their Consents to Become Party Plaintiffs pursuant to 29 U.S.C. §

216(b).  See Exhibit A.

## **GENERAL ALLEGATIONS**

15.    As an integral and indispensable part of Plaintiffs' jobs, Plaintiffs are

required to pass through security when entering and leaving the facility.  Plaintiffs' are

required to have their employment status verified and their arrival and departures

documented as well as submit to searches of the person and personal possessions.

Plaintiffs aver they are not compensated for the time it takes security to clear them and allow them into the facility and the compensable time afterwards prior to the commencement of production work.

16.     Plaintiffs go to a designated area to receive required clothing and/or personal protective equipment (PPE) that is required for the work to be performed. The employees are required to don certain equipment before moving into the production areas. The employees are required to perform washing activities associated with preparing for work in the production area. And depending on whether the employee works in First Processing or Second Processing, the employee may be required to acquire special tools for the work to be performed. During the course of this process, the employee then must walk a significant distance to arrive at the respective workstations on the line.

17.     When Plaintiffs leave the line for unpaid breaks or at the end of their shift, they again walk a considerable distance to their respective doffing area where they remove their personal protective equipment, wash or sanitize themselves, their personal protective equipment, sanitary clothing, and/or equipment or tools and return various clothes, personal protective equipment, equipment or tools to the proper areas.

18.     Defendant Wayne Farms owns and operates poultry facilities in Union Springs, Alabama. The unlawful compensation system at issue in the Complaint has affected Defendant's former and present hourly production employees at this location.

19.     Under Wayne Farms' wage compensation system, Wayne Farms pays Plaintiffs and others similarly situated employees only regularly scheduled time that they are  on the production assembly line or in production areas  under a system known as master time, master key, line time or gang time, collectively referred to herein as "master

time". Conversely, as a matter of policy and practice, Wayne Farms does not pay its hourly employees for required pre-production line and post-production line activities that are necessary and integral to their overall employment responsibilities, such as the time it takes to clear security, donning and doffing protective and sanitary equipment, cleaning and sanitizing that equipment as well as themselves, walking to and from security and the production line from their locker or dressing area after already performing compensable activities, and waiting in line to return required supplies, tools and other equipment needed for line activities. In addition, Wayne Farms does not pay its employees for time spent waiting at the line, prior to the line start up. Plaintiffs are required to report to duty before the start of the master time clock and required to continue work after the master time clock has stopped.

20. During the course of the day, Plaintiffs are provided unpaid breaks requiring them to walk considerable distances where they remove sanitary clothing and personal protection equipment for their break. The remaining time allowed for the break is further shortened by the requirement for the employee to wash and sanitize, don his or her sanitary clothing and personal protection equipment and return to the workstation. Plaintiffs assert these unpaid breaks are compensable. Alternatively if the total unpaid break is not deemed compensable Plaintiffs allege they are owed compensation for the walk time prior to and after unpaid breaks, the time spent donning and doffing clothing and equipment pre and post break respectively, and the time spent washing and/or waiting to wash themselves and their equipment.

21. Defendant deducts from Plaintiffs daily time worked, without regard for the actual time spent on break, two (2) uncompensated breaks of fixed duration.

22.     The time for which Plaintiffs and other similarly situated employees are paid is significantly less than the time they spend at work between the time they begin their integral, essential and indispensable work duties and the time they arrive at their workstations on the line.  The work time for which Plaintiffs are not paid include, but are not limited to:  (1) changing into the protective required work uniforms, sanitary clothing and protective safety equipment that can include, among other things (depending on the task and whether First or Second Processing):  ear plugs, smocks, work pants and shirts; safety jump suits; safety boots; hair nets; face nets; hard hats; aprons; belts with holsters and knifes; and hand and arm protections; and (2) walking to and from the changing area, work areas and break areas; washing activities; and (3) breaks  that are effectively compensable .

23.     The walking time for which Plaintiffs are not paid occurs after the beginning of the employee's first principal activity and before the end of the employee's last principal activity.

24.     The required protective work uniforms, sanitary clothing and protective safety equipment that Plaintiffs must wear, and for which they are not paid for donning and doffing times, is required by Wayne Farms and/or by government regulation. Plaintiffs' jobs are dangerous and involve serious health and safety risks.  The circumstances of Plaintiffs' jobs, including vital considerations of health and hygiene, require them to wear the protective work uniforms, sanitary clothing and protective safety equipment.  These donning, doffing, washing activities, compensable unpaid breaks and walking duties all add up to a significant amount of time every day for which Plaintiffs and others similarly situated are not paid.

10

25.     In addition to depriving Plaintiffs and others similarly situated of hourly wages for compensable time pursuant to the FLSA, Defendant Wayne Farms' failure to accurately account for and report all compensable time worked by the Plaintiffs and others similarly situated, and has deprived Plaintiffs and others similarly situated of what would otherwise be overtime pay, pursuant to the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

26.     Plaintiffs bring Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). In addition to the claims of individually named Plaintiffs, Plaintiffs bring this action as representatives of all similarly situated former and current employees of the Union Springs facility. The potential class of "opt-in" employees can be defined as:

> All current and former hourly employees of Defendants who worked at the Union Springs facility since October 17, 2003, and who were not paid for all the time spent performing compensable work-related tasks or legally compensable time, including, but not limited to authorized unpaid break times, donning and doffing times, washing activity times, time associated with passing through security check points and walking to changing areas and time walking to security and passing through security at the end of the day and walking times to and from break areas or donning and doffing areas, and including time compensable at regular hourly wages, as well as overtime pay for these employees.

27.     The FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

28.     Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to accurately record all hours worked and failing to pay employees for all hours worked, including overtime compensation.

29.     The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of Defendant, and potential class members may easily and quickly be notified of the pendency of this action.

30.     On information and belief, the Union Springs facility employs approximately 500 hourly wage employees who potentially have FLSA claims similar to the claims set out herein.  Consequently, joinder of all collective action members in a single action is impracticable.

31.     Potential collective action members may be informed of the pendency of this class action through direct mail.

32.     There are questions of fact and law common to the class that predominates over any questions affecting only individual members.  The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

   a) Whether Plaintiffs were compensated for time spent clearing security and time spent walking from security to their changing areas and from changing areas to security;

   b) Whether the security activities at issue are integral or indispensable to Defendant's business activities;

   c) Whether Plaintiffs were compensated for time spent donning and doffing clothing and protective gear, washing, and walking to and from their job posts;

   d) Whether the donning, doffing and washing activities at issue are integral or indispensable to Defendant's business activities;

   e) Whether Plaintiffs were entitled to compensation for time spent donning and doffing, washing activity time, and walking time to and from "the line";

   f) Whether Plaintiffs' donning, doffing, washing activity, and walking time is integral and indispensable to their principal activities;

g) Whether Defendant failed to pay employees for unpaid breaks that were effectively compensable.

h) Whether Defendant's compensation policy and practice accurately accounts for the time Plaintiffs are actually working;

i) Whether Defendant's compensation policy and practice is illegal;

j) Whether Defendant had a policy and practice of willfully failing to record and compensate employees for all time worked; and

k) Whether Defendant failed to accurately record all compensable time, resulting in a failure to compensate Plaintiffs and other similarly situated employees of regular hourly wages and overtime pay, in violation of Defendant's policies and procedures and the mandate of the FLSA.

33.    The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

34.    The Collective Action Representatives' claims are typical of those of the similarly situated employees in that these employees have been employed in the same or similar positions as the Collective Action Representatives and were subject to the same or similar unlawful practices as the Collective Action Representatives.

35.    A collective action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the similarly situated current and former employees. The presentation of separate actions by individual similarly situated current or former employees could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of Collective Action members to protect their interests.

36.     The Collective Action Representatives are adequate representatives of the similarly situated current and former employees because they are employees of the same processing plant and their interests do not conflict with the interests of the other similarly situated current and former employees they seek to represent. The interests of the members of the class of employees will be fairly and adequately protected by the Collective Action Representatives and their undersigned counsel, who have extensive experience prosecuting complex class action lawsuits.

37.     Maintenance of this action as a collective action is a fair and efficient method for the adjudication of this controversy. It would be impracticable and undesirable for each member of the collective action who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single collective action can determine, with judicial economy, the rights of all collective action members.

## COUNT I

### Violation of the Fair Labor Standards Act of 1938

**(Brought Against Defendant by All Individually-Named Plaintiffs and on Behalf of All Others Similarly Situated)**

38.     Plaintiffs reassert and incorporate by reference paragraphs 1 through 37 as set forth above as if fully restated herein.

39.     At all time material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

40.     The individually named Plaintiffs and all similarly situated employees are victims of a uniform and facility-wide compensation policy and practice, in violation of the FLSA.

14

41.     Wayne Farms violated the FLSA by failing to account for all compensable time of its employees that resulted in a failure to pay Plaintiffs and others similarly situated for compensable hourly wages and overtime premium pay.

42.     Wayne Farms violated the FLSA by failing to pay for time donning and doffing essential required equipment, integral to the principle work activity.

43.     Wayne Farms failed to account for and pay for time walking to and from the line to break areas and/or donning and doffing areas.

44.     Wayne Farms failed to account for and pay for time spent clearing security and for time walking to and from security to donning and doffing areas.

45.     Wayne Farms failed to account for and pay for time allocated as unpaid breaks.  In the alternative, Wayne Farms failed to pay for walk time to and from unpaid meal break areas, time spent donning and doffing on unpaid meal breaks, and washing activities associated with meal breaks.

46.     In perpetrating these unlawful practices, Wayne Farms has also willfully failed to keep accurate records for all of the time worked by its hourly employees.

47.     The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a)(1).

48.     Wayne Farms was, and is, subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

49.     Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations.  None of the FLSA exemptions apply to the

Plaintiffs. Accordingly, Plaintiffs must be paid overtime pay in accordance with the FLSA.

50. Wayne Farms' failure to accurately record compensable work time was willfully perpetrated. Wayne Farms has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid hourly wages and overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find Wayne Farms did not act willfully in failing to pay all hourly wages and overtime premium pay wages, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

51. As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by Wayne Farms from Plaintiffs for which Wayne Farms is liable pursuant to 29 U.S.C. § 216(b).

52. Plaintiffs and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Wayne Farms acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

53. Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorney's fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

WHEREFORE, it is respectfully prayed that this Court grant to the Plaintiffs the following relief:

a)  At the earliest possible time, issue an Order allowing Notice or issue such Court supervised Notice to all similarly situated current and former Wayne Farms hourly employees (working at the Wayne Farms, Union Springs location in the last three years) of this action and their rights to participate in this action. Such Notice shall inform all similarly situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action if they worked "off the clock" for times not paid, including time that may be paid at overtime rates.

b)  Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring that Defendant Wayne Farms' actions, as described in the Complaint, are unlawful and in violation of the FLSA and applicable regulations and are and were willful as defined in the FLSA;

c)  Issue an Order directing and requiring Defendant Wayne Farms to pay Plaintiffs and all other similarly situated employees damages in the form of reimbursement for unpaid hourly and premium overtime wages (past and future) for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

d)  Issue an Order directing and requiring Defendant Wayne Farms to pay Plaintiffs and all other similarly situated employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

e) Issue and Order directing Defendant Wayne Farms to reimburse Plaintiffs and other similarly situated employees for the costs and attorneys fees expended in the course of litigating this action, pre-judgment and post-judgment interest;

f) Provide Plaintiffs with such other and further relief, as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

All Plaintiffs hereby request trial by jury of all issues liable by jury under Alabama and federal law.

Respectfully submitted this the 17th day of October 2006.

COCHRAN, CHERRY, GIVENS, SMITH, LANE & TAYLOR, P.C.

JOSEPH D. LANE (LAN049)
LANCE H. SWANNER (SWA013)
SAMUEL A. CHERRY, JR., (CHE008)
Attorney for Plaintiffs
163 West Main Street
P.O. Box 927
Dothan, AL 36302
(334) 793-1555
(334) 793-8280 (fax)

Defendant may be served at:
The Corporation Company
o/b/o Wayne Farms LLC – Union Springs Plant
2000 Interstate Park Drive Ste 204
Montgomery, AL 36109



FILED

2007 Apr 10 AM 10:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

DEC 1 9 2006

J. T. NOBLIN, CLERK
BY _____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## HATTIESBURG DIVISION

| | | |
|---|---|---|
| **APRIL AGEE, CASSILLIE ALLEN PAMELA M. ALLEN, CHERYL ANTHONY, DERRICK L. BURBER JAMES WESLEY BARNETT, PAULA M. BASS, CALVIN BOLAR ROBERT THOMAS DUNN AND CHRIS HOOD, On behalf of themselves and All Others Similarly Situated** | § § § § § § § § § § § § § § § § § § | **CIVIL ACTION NO.** 2:06cv268KS-MTP **JURY DEMANDED** |
| **VS.** | | |
| **WAYNE FARMS, L.L.C., CONTINENTAL GRAIN COMPANY d/b/a WAYNE FARMS, L.L.C.** | | |

### PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### INTRODUCTION

1.     Pursuant to 29 USC § 207 ("FLSA"), the named plaintiffs as hourly, non-exempt employees allege violations of their statutory employment right to receive pay for all compensable time worked and overtime for Defendant, Wayne Farms, L.L.C., Continental Grain Company, d/b/a Wayne Farms, L.L.C. (Collectively hereinafter "Wayne Farms"). Pursuant to 29 USC § 216(b), the named plaintiffs also seek to represent all other similarly situated past and present employees, as described herein, who have not been paid for all compensable time worked and overtime and to have this action certified as a collective action. For themselves and all those similarly situated, the named employees seeks their unpaid hours worked, unpaid overtime,

liquidated damages, all available equitable relief, attorney fees, and litigation expenses/costs, including expert witness fees and expenses.

## PARTIES

2.      Plaintiffs, April Agee, Cassillie Allen, Pamela M. Allen, Cheryl Anthony, Derrick L. Burber, James Wesley Burnett, Pamela M. Bass, Calvin Bolar, Robert Thomas Dunn and Chris Hood are individuals residing in Mississippi and Alabama and are present/former employees at the Wayne Farms chicken processing and production plants in Morgan, Coffee, Marshall and Bullock Counties in Alabama, Yell County in Arkansas, Jones County in Mississippi, Surry County in North Carolina and Jackson, Fulton, Hall and Coffee Counties in Georgia.  Plaintiffs' written consents to this action are attached hereto as Exhibit A.  The Plaintiffs bring this action individually in their own behalf and, pursuant to 29 U.S.C. §216(b), as representatives of a class of individuals who are similarly situated and who have suffered the same or similar damages.

3.      Defendant, Wayne Farms, L.L.C. and Continental Grain Company, d/b/a Wayne Farms, L.L.C. are Delaware Corporations conducting business in the State of Mississippi, Alabama, Georgia, North Carolina and Arkansas.   Said Defendant may be served by delivering the summons and complaint to its registered agent for service, C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

## JURISDICTION AND VENUE

4.      This court has jurisdiction by virtue of 28 U.S.C. §1331 and §1337. The Court has subject matter jurisdiction over Plaintiff's claims under the Fair Labor Standards Act and has personal jurisdiction to hear the case.  *See* 29 U.S.C. 201, et seq.  Venue is proper in the Southern District of Mississippi pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims have occurred within the Southern District.

# FACTS

5.      Since December 13, 2003, Plaintiffs were employees at Wayne Farms chicken processing and production facilities located in Morgan, Coffee, Marshall and Bullock Counties in Alabama, Yell County in Arkansas, Jones County in Mississippi, Surry County in North Carolina and Jackson, Fulton, Hall and Coffee Counties in Georgia.  The Plaintiffs' jobs required that they put on or "don" protective clothing as well as sanitize certain protective garments in preparation for their performance of their duties.  At the end of their shift, Plaintiffs were required to take off or "doff" the same protective and sanitary clothing.  The evidence at trial will show that Plaintiffs were not compensated for the time spent in "donning" and "doffing" the protective and sanitary clothing mentioned above. The evidence at trial will also show that Wayne Farms automatically deducted thirty minutes from each worker's workday for a meal break regardless of the actual time spent on their meal break. In addition, Plaintiffs allege that they were not paid overtime wages at one and one-half times their regular hourly rate for all hours worked in excess of 40 hours in a work week.

6.      The uncompensated work time in question constituted principal activities integral and indispensable to the performance of Plaintiffs' job as required by Wayne Farms and performed by Plaintiffs prior to the scheduled start and after the scheduled end of their shifts. This includes time spent working in proceeding through security devices prior to and upon entry to the workplace, walking/traveling to the designated locker room area to change into safety related uniforms and work clothes required by Wayne Farms to be worn while working and which cannot be taken off the premises, changing into the company owned safety related uniforms and work clothes, and walking/traveling from the designated locker room area to their work area. This uncompensated work time also includes time spent after the scheduled end of their shift in

proceeding through security devices strictly and solely for the benefit of the employer, Wayne Farms, before being allowed to exit the workplace. The work time spent by the Plaintiffs in engaging in the aforesaid activities was not compensated in violation of the aforesaid federal statutes.

7.      Plaintiffs regularly and consistently worked more than 40 hours per week with the knowledge of Wayne Farms for the work activities described herein and for which Wayne Farms did not pay Plaintiffs for such time.   Defendant has willfully engaged in a pattern, practice, and policy of unlawful conduct by failing to pay the lawful and required overtime rate for hours worked beyond 40 per week to employees in the United States in violation of the FLSA statutes referenced herein.

8.      Finally, Plaintiffs claim that they were was not paid the correct hourly rate or that their wages were not calculated properly.

9.      Plaintiffs believe and, therefore, allege that the failure of Wayne Farms to correctly pay Plaintiffs for all compensable time spent in furtherance of Wayne Farms business was intentional.

## CLAIMS

10.     The Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) is commonly referred to as "FSLA."  Among other things, the FSLA statutes and the regulations promulgated thereunder govern the activities of the pay practices of employers involved in commerce.  Plaintiffs allege that the failure to pay Plaintiffs for all hours worked is a direct violation of the FLSA statutes and regulations.  Additionally, Plaintiffs allege that the failure to pay Plaintiffs one and one-half her regular rate for all hours worked in excess of 40 hours in a work week is a direct violation of the

FLSA statutes and regulations. Plaintiffs are entitled to receive the unpaid wages due them, liquidated damages, costs, and attorneys' fees.

## COLLECTIVE ACTION

11.     Pursuant to 29 U.S.C. § 216(b) the named Plaintiffs also brings this action as a collective action.  The named Plaintiffs are representative of a class of employees of Wayne Farms, who were not paid for all hours worked for Wayne Farms as described herein.  Plaintiffs have actual knowledge that there are numerous employees who were not paid for all hours worked for Wayne Farms as described herein.

12.     All, or virtually all, of the legal and factual issues that will arise in litigating the class claims will be common to the class members and the named Plaintiffs.   These issues include: uncompensated work time in question constituted principal activities integral and indispensable to the performance of Plaintiff's jobs as required by Wayne Farms and performed by Plaintiffs prior to the scheduled start and after the scheduled end of their shifts. These issues also include: time spent working in proceeding through security devices prior to and upon entry to the workplace, walking/traveling to the designated locker room area to change into safety related uniforms and work clothes required by Wayne Farms to be worn while working and which cannot be taken off the premises, changing into the company owned safety related uniforms and work clothes, and walking/traveling from the designated locker room area to their work area. This uncompensated work time also includes time spent after the scheduled end of their shift in proceeding through security devices strictly and solely for the benefit of the employer Wayne Farms before being allowed to exit the workplace. For the last several years, Wayne Farms has employed hundreds of employees in Morgan, Coffee, Marshall and Bullock Counties in

Alabama, Yell County in Arkansas, Jones County in Mississippi, Surry County in North Carolina and Jackson, Fulton, Hall and Coffee Counties in Georgia.

13.     The questions of law and fact are common to the class. The failure to pay its employees for the compensable time spent in furtherance of Wayne Farms business was common to all hourly employees at the Wayne Farms plants in Morgan, Coffee, Marshall and Bullock Counties in Alabama, Yell County in Arkansas, Jones County in Mississippi, Surry County in North Carolina and Jackson, Fulton, Hall and Coffee Counties in Georgia.  The Plaintiffs' claims arise from the same course of conduct.

14.     Plaintiffs, April Agee, Cassillie Allen, Pamela M. Allen, Cheryl Anthony, Derrick L. Burber, James Wesley Burnett, Pamela M. Bass, Calvin Bolar, Robert Thomas Dunn and Chris Hood requests that they be permitted to serve as representatives of the affected class, and this action should be certified as a collective action.

## JURY DEMAND

15.     Plaintiffs, individually and as representatives of the class, request a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the case be certified as a collective action and that the Plaintiffs and each member of the class recover from Wayne Farms, the following:

1.     The unpaid wages due to Plaintiffs;

2.     Liquidated damages authorized by the applicable statutes;

3.     Unpaid wages due to all class members;

4.     Liquidated damages to all class members;

5.     Court costs;

6.     Attorneys' fees; and

7.     Such other and further relief as the Court deems just.

Respectfully submitted,

Seth M. Hunter
Mississippi Bar No. 101145
Attorney & Counselor at Law, PLLC
404 Hemphill Street
Hattiesburg, Mississippi 39401
Telephone: (601) 450-8682
Facsimile: (601) 450-8683

*ATTORNEY FOR PLAINTIFFS*




SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

DEC 1 3 2006

J. T. NOBLIN, CLERK
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## HATTIESBURG DIVISION

|  |  |  |
|---|---|---|
| APRIL AGEE, CASSILLIE ALLEN PAMELA M. ALLEN, CHERYL ANTHONY, DERRICK L. BURBER JAMES WESLEY BARNETT, PAULA M. BASS, CALVIN BOLAR ROBERT THOMAS DUNN AND CHRIS HOOD, On behalf of themselves and All Others Similarly Situated | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. *2:06cv268KS-MTP* JURY DEMANDED |
| VS. |  |  |
| WAYNE FARMS, L.L.C., CONTINENTAL GRAIN COMPANY d/b/a WAYNE FARMS, L.L.C. |  |  |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### INTRODUCTION

1.      Pursuant to 29 USC § 207 ("FLSA"), the named plaintiffs as hourly, non-exempt employees allege violations of their statutory employment right to receive pay for all compensable time worked and overtime for Defendant, Wayne Farms, L.L.C., Continental Grain Company, d/b/a Wayne Farms, L.L.C. (Collectively hereinafter "Wayne Farms").  Pursuant to 29 USC § 216(b), the named plaintiffs also seek to represent all other similarly situated past and present employees, as described herein, who have not been paid for all compensable time worked and overtime and to have this action certified as a collective action.  For themselves and all those similarly situated, the named employees seeks their unpaid hours worked, unpaid overtime,

liquidated damages, all available equitable relief, attorney fees, and litigation expenses/costs, including expert witness fees and expenses.

## PARTIES

2.    Plaintiffs, April Agee, Cassillie Allen, Pamela M. Allen, Cheryl Anthony, Derrick L. Burber, James Wesley Burnett, Pamela M. Bass, Calvin Bolar, Robert Thomas Dunn and Chris Hood are individuals residing in Mississippi and Alabama and are present/former employees at the Wayne Farms chicken processing and production plants in Morgan, Coffee, Marshall and Bullock Counties in Alabama, Yell County in Arkansas, Jones County in Mississippi, Surry County in North Carolina and Jackson, Fulton, Hall and Coffee Counties in Georgia.  Plaintiffs' written consents to this action are attached hereto as Exhibit A.  The Plaintiffs bring this action individually in their own behalf and, pursuant to 29 U.S.C. §216(b), as representatives of a class of individuals who are similarly situated and who have suffered the same or similar damages.

3.    Defendant, Wayne Farms, L.L.C. and Continental Grain Company, d/b/a Wayne Farms, L.L.C. are Delaware Corporations conducting business in the State of Mississippi, Alabama, Georgia, North Carolina and Arkansas.  Said Defendant may be served by delivering the summons and complaint to its registered agent for service, C T Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

## JURISDICTION AND VENUE

4.    This court has jurisdiction by virtue of 28 U.S.C. §1331 and §1337. The Court has subject matter jurisdiction over Plaintiff's claims under the Fair Labor Standards Act and has personal jurisdiction to hear the case.  *See* 29 U.S.C. 201, et seq.  Venue is proper in the Southern District of Mississippi pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims have occurred within the Southern District.

## FACTS

5.      Since December 13, 2003, Plaintiffs were employees at Wayne Farms chicken processing and production facilities located in Morgan, Coffee, Marshall and Bullock Counties in Alabama, Yell County in Arkansas, Jones County in Mississippi, Surry County in North Carolina and Jackson, Fulton, Hall and Coffee Counties in Georgia. The Plaintiffs' jobs required that they put on or "don" protective clothing as well as sanitize certain protective garments in preparation for their performance of their duties. At the end of their shift, Plaintiffs were required to take off or "doff" the same protective and sanitary clothing. The evidence at trial will show that Plaintiffs were not compensated for the time spent in "donning" and "doffing" the protective and sanitary clothing mentioned above. The evidence at trial will also show that Wayne Farms automatically deducted thirty minutes from each worker's workday for a meal break regardless of the actual time spent on their meal break. In addition, Plaintiffs allege that they were not paid overtime wages at one and one-half times their regular hourly rate for all hours worked in excess of 40 hours in a work week.

6.      The uncompensated work time in question constituted principal activities integral and indispensable to the performance of Plaintiffs' job as required by Wayne Farms and performed by Plaintiffs prior to the scheduled start and after the scheduled end of their shifts. This includes time spent working in proceeding through security devices prior to and upon entry to the workplace, walking/traveling to the designated locker room area to change into safety related uniforms and work clothes required by Wayne Farms to be worn while working and which cannot be taken off the premises, changing into the company owned safety related uniforms and work clothes, and walking/traveling from the designated locker room area to their work area. This uncompensated work time also includes time spent after the scheduled end of their shift in

proceeding through security devices strictly and solely for the benefit of the employer, Wayne Farms, before being allowed to exit the workplace. The work time spent by the Plaintiffs in engaging in the aforesaid activities was not compensated in violation of the aforesaid federal statutes.

7.    Plaintiffs regularly and consistently worked more than 40 hours per week with the knowledge of Wayne Farms for the work activities described herein and for which Wayne Farms did not pay Plaintiffs for such time.   Defendant has willfully engaged in a pattern, practice, and policy of unlawful conduct by failing to pay the lawful and required overtime rate for hours worked beyond 40 per week to employees in the United States in violation of the FLSA statutes referenced herein.

8.    Finally, Plaintiffs claim that they were was not paid the correct hourly rate or that their wages were not calculated properly.

9.    Plaintiffs believe and, therefore, allege that the failure of Wayne Farms to correctly pay Plaintiffs for all compensable time spent in furtherance of Wayne Farms business was intentional.

## CLAIMS

10.    The Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) is commonly referred to as "FSLA."  Among other things, the FSLA statutes and the regulations promulgated thereunder govern the activities of the pay practices of employers involved in commerce.  Plaintiffs allege that the failure to pay Plaintiffs for all hours worked is a direct violation of the FLSA statutes and regulations.  Additionally, Plaintiffs allege that the failure to pay Plaintiffs one and one-half her regular rate for all hours worked in excess of 40 hours in a work week is a direct violation of the

FLSA statutes and regulations. Plaintiffs are entitled to receive the unpaid wages due them, liquidated damages, costs, and attorneys' fees.

## COLLECTIVE ACTION

11.     Pursuant to 29 U.S.C. § 216(b) the named Plaintiffs also brings this action as a collective action. The named Plaintiffs are representative of a class of employees of Wayne Farms, who were not paid for all hours worked for Wayne Farms as described herein. Plaintiffs have actual knowledge that there are numerous employees who were not paid for all hours worked for Wayne Farms as described herein.

12.     All, or virtually all, of the legal and factual issues that will arise in litigating the class claims will be common to the class members and the named Plaintiffs. These issues include: uncompensated work time in question constituted principal activities integral and indispensable to the performance of Plaintiff's jobs as required by Wayne Farms and performed by Plaintiffs prior to the scheduled start and after the scheduled end of their shifts. These issues also include: time spent working in proceeding through security devices prior to and upon entry to the workplace, walking/traveling to the designated locker room area to change into safety related uniforms and work clothes required by Wayne Farms to be worn while working and which cannot be taken off the premises, changing into the company owned safety related uniforms and work clothes, and walking/traveling from the designated locker room area to their work area. This uncompensated work time also includes time spent after the scheduled end of their shift in proceeding through security devices strictly and solely for the benefit of the employer Wayne Farms before being allowed to exit the workplace. For the last several years, Wayne Farms has employed hundreds of employees in Morgan, Coffee, Marshall and Bullock Counties in

Alabama, Yell County in Arkansas, Jones County in Mississippi, Surry County in North Carolina and Jackson, Fulton, Hall and Coffee Counties in Georgia.

13.    The questions of law and fact are common to the class. The failure to pay its employees for the compensable time spent in furtherance of Wayne Farms business was common to all hourly employees at the Wayne Farms plants in Morgan, Coffee, Marshall and Bullock Counties in Alabama, Yell County in Arkansas, Jones County in Mississippi, Surry County in North Carolina and Jackson, Fulton, Hall and Coffee Counties in Georgia.  The Plaintiffs' claims arise from the same course of conduct.

14.    Plaintiffs, April Agee, Cassillie Allen, Pamela M. Allen, Cheryl Anthony, Derrick L. Burber, James Wesley Burnett, Pamela M. Bass, Calvin Bolar, Robert Thomas Dunn and Chris Hood requests that they be permitted to serve as representatives of the affected class, and this action should be certified as a collective action.

## JURY DEMAND

15.    Plaintiffs, individually and as representatives of the class, request a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the case be certified as a collective action and that the Plaintiffs and each member of the class recover from Wayne Farms, the following:

1.    The unpaid wages due to Plaintiffs;

2.    Liquidated damages authorized by the applicable statutes;

3.    Unpaid wages due to all class members;

4.    Liquidated damages to all class members;

5.    Court costs;

6.      Attorneys' fees; and

7.      Such other and further relief as the Court deems just.

Respectfully submitted,

Seth M. Hunter
Mississippi Bar No. 101145
Attorney & Counselor at Law, PLLC
404 Hemphill Street
Hattiesburg, Mississippi 39401
Telephone: (601) 450-8682
Facsimile: (601) 450-8683

*ATTORNEY FOR PLAINTIFFS*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
HATTIESBURG DIVISION



| | |
|---|---|
| EULA M. KEYES, §<br>KENYATTIE GARDNER §<br>and SHERICA WILLIAMS, §<br>on behalf of themselves and §<br>others similarly situated, §<br>§<br>    Plaintiffs, §<br>§<br>v. §<br>§<br>WAYNE FARMS, LLC, §<br>§<br>    Defendant. § | CIVIL ACTION NO.<br>2:07CV29KS-MTP |

## COMPLAINT

Plaintiffs, individually and on behalf of all others similarly situated

("Plaintiffs"), by and through their counsel, for their Complaint against

Defendant, Wayne Farms, LLC ("Wayne Farms" or "Defendant"), seek to

recover for Defendant's violations of the Fair Labor Standards Act of 1938

(FLSA), 29 U.S.C. §§ 201 *et seq.*, and hereby state and allege as follows:

## INTRODUCTION

1.      This is a representative action brought pursuant to FLSA §

216(b) by Plaintiffs on behalf of themselves and all other similarly situated

current and former production employees of Defendant at its Laurel,

Mississippi, facility located in Jones County, Mississippi, for purposes of obtaining relief under the FLSA for unpaid wages, unpaid overtime wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2.      Wayne Farms operates a chicken processing plant in Laurel, Mississippi ("Laurel facility").  The complained of unlawful compensation system at issue in this Complaint has affected Wayne Farms' present and former hourly production employees at this location.

3.      In *IBP, Inc. v. Alvarez,* 126 S. Ct. 514 (2005), the United States Supreme Court unanimously affirmed a ruling that IBP's wage and hour policies – those at issue in this case – violated the Fair Labor Standards Act of 1938 ("FLSA").

4.      Wayne Farms uniformly denies hourly wages and overtime premium pay to its employees by requiring them to perform "off the clock" work.  Wayne Farms' deliberate failure to pay employees earned wages and overtime compensation violates federal law as set out in the Fair Labor Standards Act.

5.      Plaintiffs perform multiple tasks, but are all victims to the same illegal policy and practice of failing to pay workers for all time worked,

2

including unpaid but compensable break periods, unpaid hourly wage times and unpaid overtime premium wage times.

## JURISDICTION AND VENUE

6.    The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions.  Jurisdiction over Plaintiffs' FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331-37.

7.    Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Wayne Farms does business in this district and a substantial part of the unlawful conduct giving rise to the claims occurred in this district.

## PARTIES

8.    Defendant is a Delaware corporation with its principal places of business located at 1209 Orange Street, Wilmington, Delaware  19801. Defendant is authorized to do business in the state of Mississippi, conducts business in Mississippi, derives substantial revenue from marketing and distribution efforts in Mississippi, and is subject to personal jurisdiction in Mississippi.  The agent for service of process in Mississippi for Defendant is

3

CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

9.     Plaintiffs are current Wayne Farms employees who have worked at Wayne Farms' Laurel, Mississippi, facility within the last three years from the date of filing of this Complaint, and can be generally categorized herein as "First Processing" and "Second Processing" employees.

10.    First Processing generally includes those employees who work in an area of the plant where the product (chickens) is introduced into the plant and placed or hung on "the line" for killing, cleaning, disemboweling, and chilling.

11.    Second Processing generally includes those employees who work in an area of the plant where after the product has completed First Processing, it is further processed, prepared, cut-up, marinated, deboned, weighed, sized, packed, loaded on trucks, etc. for delivery to plant customers.

12.    Plaintiffs are all residents and domiciled in the State of Mississippi.  Plaintiffs have concurrently filed their Consents to Become Party Plaintiffs pursuant to 29 U.S.C. § 216(b).  See attached Exhibit A.

4

## GENERAL ALLEGATIONS

13.     As an integral and indispensable part of Plaintiffs' jobs, Plaintiffs are required to pass through security when entering and leaving the facility.  Plaintiffs are required to have their employment status verified and their arrival and departures documented, as well as submit to searches of the person and personal possessions.  Plaintiffs aver they are not compensated for the time it takes for security to clear them and allow them into the facility and the compensable time afterwards prior to the commencement of production.

14.     Plaintiffs go to a designated area to receive clothing and/or personal protective equipment (PPE) that is required for the work to be performed.  The employees are required to don certain equipment before moving into the production areas.  The employees are required to perform washing activities associated with preparing for work in the production area. Depending on whether the employee works in First Processing or Second Processing, the employee may be required to acquire special tools for the work to be performed.  During the course of this process, the employee then must walk a significant distance to arrive at their respective workstations on the line.

5

15.    When Plaintiffs leave the line for unpaid breaks or at the end of their shift, they again walk a considerable distance to their respective doffing area where they remove their personal protective equipment, wash or sanitize themselves, their PPE, sanitary clothing, and/or equipment or tools and return various clothes, PPE, equipment or tools to the proper areas.

16.    The unlawful compensation system at issue in the Complaint has affected Wayne Farms' former and present hourly production employees at its Laurel facility.

17.    Under Wayne Farms' wage compensation system, it pays Plaintiffs and other similarly situated employees only regularly scheduled time that they are on the production assembly line or in production areas under a system known as master time, master key, line time or gang time, collectively referred to herein as "master time".  Conversely, as a matter of policy, Wayne Farms does not pay its hourly employees for required pre-production line and post-production line activities that are necessary and integral to their overall employment responsibilities, such as the time it takes to clear security, donning and doffing protective and sanitary equipment, cleaning and sanitizing that equipment, as well as themselves, wait time associated with cleaning and sanitizing that equipment, as well as

6

themselves after completion of the first principal activity, walking to and from security and the production line from their locker or dressing area after already performing compensable activities, and waiting in line to return required supplies, tools and other equipment needed for line activities. In addition, Defendant does not pay its employees for time spent waiting at the line prior to the line start up. Plaintiffs are required to report to duty before the start of the master time clock and required to continue work after the master time clock has stopped.

18. During the course of the day, Plaintiffs are provided unpaid breaks that require them to walk considerable distances where they remove sanitary clothing and personal protection equipment for their break. The remaining time allowed for the break is further shortened by the requirement for the employee to wash and sanitize, don his or her sanitary clothing and personal protection equipment and return to the workstation. Plaintiffs assert these unpaid breaks are compensable. Alternatively, if the total unpaid break is not deemed compensable, Plaintiffs allege they are owed compensation for the walk time prior to and after unpaid breaks, the time spent donning and doffing clothing and equipment pre- and post-break

respectively, and the time spent washing and/or waiting to wash themselves and their equipment.

19.    Wayne Farms deducts from Plaintiffs' daily time worked, without regard for the actual time spent on break, two (2) uncompensated breaks of fixed duration.

20.    The time for which Plaintiffs and other similarly situated employees are paid is significantly less than the time they spend at work between the time they begin their integral, essential and indispensable work duties and the time they arrive at their workstations on the line.  The work time for which Plaintiffs are not paid include, but are not limited to:  (1) changing into the protective required work uniforms, sanitary clothing and protective safety equipment that can include, among other things (depending on the task and whether First or Second Processing):  ear plugs, smocks, work pants and shirts; safety jump suits; safety boots; hair nets; face nets; hard hats; aprons; belts with holsters and knifes; and hand and arm protections; (2) walking to and from security, changing areas, work areas and break areas; washing activities; and (3) breaks that are effectively compensable .

8

21.   The walking time for which Plaintiffs are not paid occurs after the beginning of the employee's first principal activity and before the end of the employee's last principal activity.

22.   The required protective work uniforms, sanitary clothing and protective safety equipment that Plaintiffs must wear, and for which they are not paid for donning and doffing times, is required by Wayne Farms and/or by government regulation.  Plaintiffs' jobs are dangerous and involve serious health and safety risks.  The circumstances of Plaintiffs' jobs, including vital considerations of health and hygiene, require them to wear the protective work uniforms, sanitary clothing and protective safety equipment.  These donning, doffing, washing activities, compensable unpaid breaks and walking duties all add up to a significant amount of time every day for which Plaintiffs and others similarly situated are not paid.

23.   In addition to depriving Plaintiffs and others similarly situated of hourly wages for compensable time pursuant to the FLSA, Wayne Farms' failure to accurately account for and report all compensable time worked by the Plaintiffs and others similarly situated has deprived Plaintiffs and others similarly situated of what would otherwise be overtime pay pursuant to the FLSA.

9

## COLLECTIVE ACTION ALLEGATIONS

24.     Plaintiffs bring Count I, the FLSA claim, as an "opt-in"

collective action pursuant to 29 U.S.C. § 216(b). In addition to the claims of

individually named Plaintiffs, Plaintiffs bring this action as representatives

of all similarly situated former and current employees of Wayne Farms'

Laurel, Mississippi, facility.  The potential class of "opt-in" employees can

be defined as:

> All current and former hourly 1st and 2nd processing employees
> of Defendant, paid under a master time compensation system in
> which individuals' time card punches are not the basis for
> starting and ending hours worked, who worked at the Laurel,
> Mississippi, facility within three years from the date of filing of
> this Complaint, and who were not paid for all the time spent
> performing compensable work-related tasks or legally
> compensable time, including, but not limited to, authorized
> unpaid break times, donning and doffing times, washing
> activity times, time associated with passing through security
> check points and walking to changing areas and time walking to
> security and passing through security at the end of the day and
> walking times to and from break areas or donning and doffing
> areas, and including time compensable at regular hourly wages,
> as well as overtime pay for these employees.

25.     The FLSA claims may be pursued by those who opt-in to this

case, pursuant to 29 U.S.C. § 216(b).

26.     Plaintiffs, individually and on behalf of other similarly situated

employees, seek relief on a collective basis challenging, among other FLSA

10

violations, Wayne Farms' practice of failing to accurately record all hours worked and failing to pay employees for all hours worked, including overtime compensation.

27.    The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of Wayne Farms and potential class members may easily and quickly be notified of the pendency of this action.

28.    On information and belief, the Laurel, Mississippi, facility employs approximately 500 hourly wage employees who potentially have FLSA claims similar to the claims set out herein.  Consequently, joinder of all collective action members in a single action is impracticable.

29.    Potential collective action members may be informed of the pendency of this class action through direct mail.

30.    There are questions of fact and law common to the class that predominates over any questions affecting only individual members.  The questions of law and fact common to the class arising from Wayne Farms' actions include, without limitation, the following:

    a) Whether Plaintiffs were compensated for time spent clearing security and time spent walking from security to their changing areas and from changing areas to security;

b) Whether the security activities at issue are integral or indispensable to Defendant's business activities;

c) Whether Plaintiffs were compensated for time spent donning and doffing clothing and protective gear, washing, and walking to and from their job posts;

d) Whether the donning, doffing and washing activities at issue are integral or indispensable to Defendant's business activities;

e) Whether Plaintiffs were entitled to compensation for time spent donning and doffing, washing activity time, and walking time to and from "the line";

f) Whether Plaintiffs' donning, doffing, washing activity, and walking time is integral and indispensable to their principal activities;

g) Whether Defendant failed to pay employees for unpaid breaks that were effectively compensable.

h) Whether Defendant's compensation policy and practice accurately accounts for the time Plaintiffs are actually working;

i) Whether Defendant's compensation policy and practice is illegal;

j) Whether Defendant had a policy and practice of willfully failing to record and compensate employees for all time worked; and

k) Whether Defendant failed to accurately record all compensable time, resulting in a failure to compensate Plaintiffs and other similarly situated employees of regular hourly wages and overtime pay, in violation of Defendant's policies and procedures and the mandate of the FLSA.

31. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the federal law claims.

32. The Collective Action Representatives' claims are typical of those of the similarly situated employees in that these employees have been employed in the same or similar positions as the Collective Action Representatives and were subject to the same or similar unlawful practices as the Collective Action Representatives.

33. A collective action is the appropriate method for the fair and efficient adjudication of this controversy. Wayne Farms has acted or refused to act on grounds generally applicable to the similarly situated current and former employees. The presentation of separate actions by individual similarly situated current or former employees could create a risk of inconsistent and varying adjudications establish incompatible standards of conduct for Wayne Farms and/or substantially impair or impede the ability of Collective Action members to protect their interests.

13

34.    The Collective Action Representatives are adequate

representatives of the similarly situated current and former employees

because they are current employees of the same processing plant and their

interests do not conflict with the interests of the other similarly situated

current and former employees they seek to represent.  The interests of the

members of the class of employees will be fairly and adequately protected

by the Collective Action Representatives and their undersigned counsel, who

have extensive experience prosecuting complex class action lawsuits.

35.    Maintenance of this action as a collective action is a fair and

efficient method for the adjudication of this controversy.  It would be

impracticable and undesirable for each member of the collective action who

suffered harm to bring a separate action.  In addition, the maintenance of

separate actions would place a substantial and unnecessary burden on the

courts and could result in inconsistent adjudications while a single collective

action can determine with judicial economy the rights of all collective action

members.

## COUNT I

### Violation of the Fair Labor Standards Act of 1938

**BROUGHT AGAINST DEFENDANT BY ALL INDIVIDUALLY NAMED PLAINTIFFS AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED**

14

36.     Plaintiffs reassert and incorporate by reference paragraphs 1 through 35 as set forth above as if fully restated herein.

37.     At all time material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

38.     The individually named Plaintiffs and all similarly situated employees are victims of a uniform and facility-wide compensation policy and practice in violation of the FLSA.

39.     Wayne Farms violated the FLSA by failing to account for all compensable time of its employees that resulted in a failure to pay Plaintiffs and others similarly situated for compensable hourly wages and overtime premium pay.

40.     Wayne Farms violated the FLSA by failing to pay for time donning and doffing essential required equipment, integral to the principle work activity.

41.     Wayne Farms failed to account for and pay for time walking to and from the line to break areas and/or donning and doffing areas.

42.    Wayne Farms failed to account for and pay for time spent clearing security and for time walking to and from security to donning and doffing areas.

43.    Wayne Farms failed to account and pay for time allocated as unpaid breaks. In the alternative, Wayne Farms failed to pay for walk time to and from unpaid break areas, time spent donning and doffing on unpaid breaks and washing activities associated with breaks.

44.    In perpetrating these unlawful practices, Wayne Farms has also willfully failed to keep accurate records for all of the time worked by its hourly employees.

45.    The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a) (1).

46.    Wayne Farms was and is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

47.     Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations.  None of the FLSA exemptions apply to the Plaintiffs.  Accordingly, Plaintiffs must be paid overtime pay in accordance with the FLSA.

48.     Wayne Farms' failure to accurately record compensable work time was willfully perpetrated.  Wayne Farms has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid hourly wages and overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).  Alternatively, should the Court find that the Defendant did not act willfully in failing to pay all hourly wages and overtime premium pay wages, Plaintiffs and all similarly situated employees are entitled to an award of pre-judgment interest at the applicable legal rate.

49.     As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by Wayne Farms from Plaintiffs for which Wayne Farms is liable pursuant to 29 U.S.C.  § 216(b).

50. Plaintiffs and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling because Wayne Farms acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

51. Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorney's fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

WHEREFORE, it is respectfully prayed that this Court grant to the Plaintiffs the following relief:

a) At the earliest possible time, issue an Order allowing Notice or issue such Court supervised Notice to all similarly situated current and former Wayne Farms hourly employees (working at Defendant's Laurel, Mississippi, location in the last three years) of this action and their rights to participate in this action. Such Notice shall inform all similarly situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action if they worked "off the clock" for times not paid, including time that may be paid at overtime rates.

b) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Wayne Farms' actions as described in the Complaint are unlawful and in violation of the FLSA and applicable regulations and are and were willful as defined in the FLSA;

c) Issue an Order directing and requiring Wayne Farms to pay Plaintiffs and all other similarly situated employees damages in the form of reimbursement for unpaid hourly and premium overtime wages (past and future) for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

d) Issue an Order directing and requiring Wayne Farms to pay Plaintiffs and all other similarly situated employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

e) Issue and Order directing Defendant to reimburse Plaintiffs and other similarly situated employees for the costs and attorneys fees expended in the course of litigating this action, pre-judgment and post-judgment interest;

f) Provide Plaintiffs with such other and further relief, as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

All Plaintiffs hereby request trial by jury of all issues triable by jury under Mississippi and federal law.

Dated: _____ 2/6 _____, 2007

Respectfully submitted,

**MIKE ESPY PLLC**

Mike Espy
Lamar Life Building
317 E. Capitol Street, Suite 101
Jackson, MS 39201
(601) 355-9101 – Phone

(601) 355-6021 – Facsimile

<u>Defendant may be served at</u>:

CT Corporation System
645 Lakeland East Drive, Suite 101
Flowood, MS  39232

# EXHIBIT A

## CONSENT TO JOIN SUIT AS PARTY PLAINTIFF

**TO:   CLERK OF THE COURT AND COUNSEL OF RECORD**

_Eula M. Keyes_ _____ states the following:
[Print Name]

1.   I am over 18 years of age and competent to give the following consent in this matter.

2.   I am currently, or was formerly employed, by _Wayne Farms_ at
[Name of plant]
     the facility located in _Laurel, MS_ . I worked at this location from
[City/State]
     _07/29/98_ to _present_ .
[Date]                    [Date, or if still working write "present"]

3.   I understand that this suit is being brought to recover compensation for pre- and post-production time activities from my employer. I also understand that the lawsuit may seek recovery for unpaid production time. I understand that the suit is brought pursuant to both federal law and applicable state statutes, if any.

4.   I believe I have not been paid for all compensable time, which I have worked, including overtime.

5.   I hereby consent and agree to be a plaintiff herein and to be bound by any settlement of the case or adjudication by the Court.

6.   I understand that this suit may be brought as a class action covering employees at the _Wayne Farms_ plant in _Laurel, MS_ , and
[Name of Plant]                          [City/State]
     possibly other plants owned by _Wayne Farms_ . If brought as a class
[Name of Plant]
     action under either federal or state law, I agree to be a named Plaintiff in such class.

I swear or affirm that the foregoing statements are true to the best of my knowledge.

     DATED the _30_ day of _October_ , 2006.

_Eula M. Reyes_                    _Eula M. Reyes_

## CONSENT TO JOIN SUIT AS PARTY PLAINTIFF

**TO:   CLERK OF THE COURT AND COUNSEL OF RECORD**

__Kenyatte  V Gardner__ states the following:
[Print Name]

1.   I am over 18 years of age and competent to give the following consent in this matter.

2.   I am currently, or was formerly employed, by __Wayne Farms__ at
     [Name of plant]
     the facility located in __Laurel  MS__ . I worked at this location from
     [City/State]
     __Oct 11-04__ to __to Present__ .
     [Date]          [Date, or if still working write "present"]

3.   I understand that this suit is being brought to recover compensation for pre- and post-production time activities from my employer. I also understand that the lawsuit may seek recovery for unpaid production time. I understand that the suit is brought pursuant to both federal law and applicable state statutes, if any.

4.   I believe I have not been paid for all compensable time, which I have worked, including overtime.

5.   I hereby consent and agree to be a plaintiff herein and to be bound by any settlement of the case or adjudication by the Court.

6.   I understand that this suit may be brought as a class action covering employees at the __Wayne Farms__ plant in __Laurel MS__ , and
     [Name of Plant]          [City/State]
     possibly other plants owned by __Wayne Farms__ . If brought as a class
     [Name of Plant]
     action under either federal or state law, I agree to be a named Plaintiff in such class.

I swear or affirm that the foregoing statements are true to the best of my knowledge.

     DATED the __14__ day of __Sept__ , 2006.


__Kenyatte  V Gardner__          __Kenyatti Gardner__
[PRINT NAME]                     [SIGN NAME]

## CONSENT TO JOIN SUIT AS PARTY PLAINTIFF

**TO:** **CLERK OF THE COURT AND COUNSEL OF RECORD**

_Jhenca Williams_ _____ states the following:
[Print Name]

1.  I am over 18 years of age and competent to give the following consent in this matter.

2.  I am currently, or was formerly employed, by _Wayne Farms_ _____ at
    [Name of plant]
    the facility located in _Laura, MS_ _____. I worked at this location from
    [City/State]
    _7-6-06_ _____ to _Present_ _____.
    [Date]                    [Date, or if still working write "present"]

3.  I understand that this suit is being brought to recover compensation for pre- and post-production time activities from my employer. I also understand that the lawsuit may seek recovery for unpaid production time. I understand that the suit is brought pursuant to both federal law and applicable state statutes, if any.

4.  I believe I have not been paid for all compensable time, which I have worked, including overtime.

5.  I hereby consent and agree to be a plaintiff herein and to be bound by any settlement of the case or adjudication by the Court.

6.  I understand that this suit may be brought as a class action covering employees at the _Wayne Farms_ plant in _Laura, MS_ _____, and
    [Name of Plant]                          [City/State]
    possibly other plants owned by _Wayne Farms_. If brought as a class
    [Name of Plant]
    action under either federal or state law, I agree to be a named Plaintiff in such class.

I swear or affirm that the foregoing statements are true to the best of my knowledge.

DATED the _25_ day of _Sept._ _____, 2006.

_Sherica Williams_                    _Sherica Williams_
PRINT NAME                            SIGNATURE

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 21 2007

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

| | |
|---|---|
| CHRISTIE NORMAN, TANZAY PERSON, DORRIS WILLIS, AND RAMONA COVARRUBIAS, on behalf of themselves and others similarly situated, §§§§§§§ | |
| Plaintiffs, §§ | CASE NO. **1:07-CV-1154** |
| v. § | JURY TRIAL DEMANDED |
| WAYNE FARMS, LLC, a foreign corporation, §§§§ | CFT |
| Defendant. § | |

## COMPLAINT

Plaintiffs, individually and on behalf of all others similarly situated

("Plaintiffs"), by and through their counsel, for their Complaint against WAYNE

FARMS LLC ("WAYNE FARMS" or "Defendant"), seek to recover for

Defendant's violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C.

§§ 201 *et seq.*, and hereby state and allege as follows:

## INTRODUCTION

1.    This is a representative action brought pursuant to FLSA § 216(b) by

Plaintiff on behalf of himself and all other similarly situated current and former

production employees of Defendant at its College Park, Georgia, facility located in

Fulton County, Georgia, for purposes of obtaining relief under the FLSA for

unpaid wages, unpaid overtime wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2.    WAYNE FARMS operates a chicken processing plant in College Park, Georgia ("College Park facility"). The complained of unlawful compensation system at issue in this Complaint has affected Wayne Farms' present and former hourly production employees at this location.

3.    In *IBP, Inc. v. Alvarez,* 126 S. Ct. 514 (2005), the United States Supreme Court unanimously affirmed a ruling that IBP's wage and hour policies – those at issue in this case – violated the Fair Labor Standards Act of 1938 ("FLSA").

4.    WAYNE FARMS uniformly denies hourly wages and overtime premium pay to its employees by requiring them to perform "off the clock" work. Wayne Farms' deliberate failure to pay employees earned wages and overtime compensation violates federal law as set out in the Fair Labor Standards Act.

5.    Plaintiffs perform multiple tasks, but are victims to the same illegal policy and practice of failing to pay workers for all time worked, including unpaid but compensable break periods, unpaid hourly wage times and unpaid overtime premium wage times.

2

## JURISDICTION AND VENUE

6.      The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions.  Jurisdiction over Plaintiff's FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331-37.

7.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because WAYNE FARMS does business in this district and a substantial part of the unlawful conduct giving rise to the claims occurred in this district.

## PARTIES

8.      Defendant is a foreign corporation with its principal places of business located in, among others, Fulton County, Georgia.

9.      Plaintiffs are current and former WAYNE FARMS employees who have worked at Wayne Farms' College Park, Georgia, facility within the last three years from the date of filing of this Complaint

10.     Plaintiffs and other similarly situated employees of Wayne Farms' College Park facility can generally be categorized as "First Processing" and "Second Processing" employees.

11.     First Processing generally includes those employees who work in an area of the plant where the product (chickens) is introduced into the plant and placed or hung on "the line" for killing, cleaning, disemboweling, and chilling.

3

12.    Second Processing generally includes those employees who work in an area of the plant where after the product has completed First Processing, it is further processed, prepared, cut-up, marinated, deboned, weighed, sized, packed, loaded on trucks, etc. for delivery to plant customers.

13.    Plaintiffs are residents and domiciled in the State of Georgia. Plaintiffs have concurrently filed their Consents to Become a Party Plaintiffs pursuant to 29 U.S.C. § 216(b).  See attached Exhibit A.

## GENERAL ALLEGATIONS

14.    As an integral and indispensable part of Plaintiffs' jobs, Plaintiffs are required to pass through security when entering and leaving the facility.  Plaintiffs are required to have their employment status verified and their arrival and departures documented, as well as submit to searches of the person and personal possessions.  Plaintiffs aver that they are not compensated for the time it takes for security to clear them and allow them into the facility and the compensable time afterwards prior to the commencement of production.

15.    Plaintiffs go to a designated area to receive clothing and/or personal protective equipment (PPE) that is required for the work to be performed.  The employees are required to don certain equipment before moving into the production areas.  The employees are required to perform washing activities associated with preparing for work in the production area.  Depending on whether the employee works in First Processing or Second Processing, the employee may

4

be required to acquire special tools for the work to be performed. During the course of this process, the employee then must walk a significant distance to arrive at their respective workstations on the line.

16.    When Plaintiffs leave the line for unpaid breaks or at the end of their shift, they again walk a considerable distance to their respective doffing area where they removes personal protective equipment, wash or sanitize themselves, their PPE, sanitary clothing, and/or equipment or tools and return various clothes, PPE, equipment or tools to the proper areas.

17.    The unlawful compensation system at issue in the Complaint has affected Wayne Farms' former and present hourly production employees at its College Park facility.

18.    Under Wayne Farms' wage compensation system, it pays Plaintiffs and other similarly situated employees only regularly scheduled time that they are on the production assembly line or in production areas under a system known as master time, master key, line time or gang time, collectively referred to herein as "master time". Conversely, as a matter of policy, WAYNE FARMS does not pay its hourly employees for required pre-production line and post-production line activities that are necessary and integral to their overall employment responsibilities, such as the time it takes to clear security, donning and doffing protective and sanitary equipment, cleaning and sanitizing that equipment, as well as themselves, wait time associated with cleaning and sanitizing that equipment, as

5

well as themselves after completion of the first principal activity, walking to and from security and the production line from their locker or dressing area after already performing compensable activities, and waiting in line to return required supplies, tools and other equipment needed for line activities. In addition, Defendant does not pay its employees for time spent waiting at the line prior to the line start up. Plaintiffs are required to report to duty before the start of the master time clock and required to continue work after the master time clock has stopped.

19.    During the course of the day, Plaintiffs are provided unpaid breaks that require them to walk considerable distances where they remove sanitary clothing and personal protection equipment for his break. The remaining time allowed for the break is further shortened by the requirement for the employee to wash and sanitize, don his or her sanitary clothing and personal protection equipment and return to the workstation. Plaintiffs assert these unpaid breaks are compensable. Alternatively, if the total unpaid break is not deemed compensable, Plaintiffs allege they are owed compensation for the walk time prior to and after unpaid breaks, the time spent donning and doffing clothing and equipment pre- and post-break respectively, and the time spent washing and/or waiting to wash themselves and their equipment.

20.    WAYNE FARMS deducts from Plaintiffs' daily time worked, without regard for the actual time spent on break, two (2) uncompensated breaks of fixed duration.

6

21.     The time for which Plaintiffs and other similarly situated employees are paid is significantly less than the time they spend at work between the time they begin their integral, essential and indispensable work duties and the time they arrive at their workstations on the line.  The work time for which Plaintiffs are not paid includes, but is not limited to:  (1) changing into the protective required work uniforms, sanitary clothing and protective safety equipment that can include, among other things (depending on the task and whether First or Second Processing):  ear plugs, smocks, work pants and shirts; safety jump suits; safety boots; hair nets; face nets; hard hats; aprons; belts with holsters and knifes; and hand and arm protections; (2) walking to and from security, changing areas, work areas and break areas; washing activities; and (3) breaks that are effectively compensable .

22.     The walking time for which Plaintiffs are not paid occurs after the beginning of the employee's first principal activity and before the end of the employee's last principal activity.

23.     The required protective work uniforms, sanitary clothing and protective safety equipment that Plaintiff must wear, and for which he is not paid for donning and doffing times, is required by WAYNE FARMS and/or by government regulation.  Plaintiffs' jobs are dangerous and involve serious health and safety risks.  The circumstances of Plaintiffs' jobs, including vital considerations of health and hygiene, require him to wear the protective work

7

uniforms, sanitary clothing and protective safety equipment.  These donning,

doffing, washing activities, compensable unpaid breaks and walking duties all add

up to a significant amount of time every day for which Plaintiff and others

similarly situated are not paid.

24.    In addition to depriving Plaintiffs and others similarly situated of

hourly wages for compensable time pursuant to the FLSA, Wayne Farms' failure

to accurately account for and report all compensable time worked by the Plaintiffs

and others similarly situated has deprived Plaintiffs and others similarly situated of

what would otherwise be overtime pay pursuant to the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

25.    Plaintiffs bring Count I, the FLSA claim, as an "opt-in" collective

action pursuant to 29 U.S.C. § 216(b). In addition to the claims of the individually

named Plaintiffs, Plaintiffs bring this action as representative of all similarly

situated former and current employees of Wayne Farms' College Park, Georgia,

facility.  The potential class of "opt-in" employees can be defined as:

> All current and former hourly 1st and 2nd processing employees of
> Defendant, paid under a master time compensation system in which
> individuals' time card punches are not the basis for starting and
> ending hours worked, who worked at the College Park, Georgia,
> facility within three years from the date of filing of this Complaint,
> and who were not paid for all the time spent performing compensable
> work-related tasks or legally compensable time, including, but not
> limited to, authorized unpaid break times, donning and doffing times,
> washing activity times, time associated with passing through security
> check points and walking to changing areas and time walking to
> security and passing through security at the end of the day and

8

walking times to and from break areas or donning and doffing areas, and including time compensable at regular hourly wages, as well as overtime pay for these employees.

26.    The FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

27.    Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging, among other FLSA violations, Wayne Farms' practice of failing to accurately record all hours worked and failing to pay employees for all hours worked, including overtime compensation.

28.    The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of WAYNE FARMS and potential class members may easily and quickly be notified of the pendency of this action.

29.    On information and belief, the College Park, Georgia, facility employs hundreds of hourly wage employees who potentially have FLSA claims similar to the claims set out herein.  Consequently, joinder of all collective action members in a single action is impracticable.

30.    Potential collective action members may be informed of the pendency of this class action through direct mail.

31.    There are questions of fact and law common to the class that predominates over any questions affecting only individual members.  The

9

questions of law and fact common to the class arising from Wayne Farms' actions include, without limitation, the following:

a) Whether Plaintiffs were compensated for time spent clearing security and time spent walking from security to their changing areas and from changing areas to security;

b) Whether the security activities at issue are integral or indispensable to Defendant's business activities;

c) Whether Plaintiffs were compensated for time spent donning and doffing clothing and protective gear, washing, and walking to and from his job posts;

d) Whether the donning, doffing and washing activities at issue are integral or indispensable to Defendant's business activities;

e) Whether Plaintiffs were entitled to compensation for time spent donning and doffing, washing activity time, and walking time to and from "the line";

f) Whether Plaintiffs' donning, doffing, washing activity, and walking time is integral and indispensable to their principal activities;

g) Whether Defendant failed to pay employees for unpaid breaks that were effectively compensable.

h) Whether Defendant's compensation policy and practice accurately accounts for the time Plaintiffs are actually working;

i) Whether Defendant's compensation policy and practice is illegal;

j) Whether Defendant had a policy and practice of willfully failing to record and compensate employees for all time worked; and

k) Whether Defendant failed to accurately record all compensable time, resulting in a failure to compensate Plaintiffs and other similarly situated employees of regular hourly wages and overtime pay, in violation of Defendant's policies and procedures and the mandate of the FLSA.

10

32.    The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the federal law claims.

33.    The Collective Action Representatives' claims are typical of those of the similarly situated employees in that these employees have been employed in the same or similar positions as the Collective Action Representatives and were subject to the same or similar unlawful practices as the Collective Action Representatives.

34.    A collective action is the appropriate method for the fair and efficient adjudication of this controversy.  WAYNE FARMS has acted or refused to act on grounds generally applicable to the similarly situated current and former employees.  The presentation of separate actions by individual similarly situated current or former employees could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for WAYNE FARMS and/or substantially impair or impede the ability of Collective Action members to protect their interests.

35.    The Collective Action Representatives are adequate representatives of the similarly situated current and former employees because they are current employees of the same processing plant and their interests do not conflict with the

11

interests of the other similarly situated current and former employees they seek to represent. The interests of the members of the class of employees will be fairly and adequately protected by the Collective Action Representatives and their undersigned counsel, who have extensive experience prosecuting complex class action lawsuits.

36.     Maintenance of this action as a collective action is a fair and efficient method for the adjudication of this controversy. It would be impracticable and undesirable for each member of the collective action who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications while a single collective action can determine with judicial economy the rights of all collective action members.

## COUNT I

### Violation of the Fair Labor Standards Act of 1938

#### BROUGHT AGAINST DEFENDANT BY THE INDIVIDUALLY NAMED PLAINTIFFS AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED

37.     Plaintiffs reassert and incorporate by reference paragraphs 1 through 36 as set forth above as if fully restated herein.

38.     At all time material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

39.    The individually named Plaintiffs and all similarly situated employees are victims of a uniform and facility-wide compensation policy and practice in violation of the FLSA.

40.    WAYNE FARMS violated the FLSA by failing to account for all compensable time of its employees that resulted in a failure to pay Plaintiffs and others similarly situated for compensable hourly wages and overtime premium pay.

41.    WAYNE FARMS violated the FLSA by failing to pay for time donning and doffing essential required equipment, integral to the principle work activity.

42.    WAYNE FARMS failed to account for and pay for time walking to and from the line to break areas and/or donning and doffing areas.

43.    WAYNE FARMS failed to account for and pay for time spent clearing security and for time walking to and from security to donning and doffing areas.

44.    WAYNE FARMS failed to account and pay for time allocated as unpaid breaks.  In the alternative, WAYNE FARMS failed to pay for walk time to and from unpaid break areas, time spent donning and doffing on unpaid breaks and washing activities associated with breaks.

45.    In perpetrating these unlawful practices, WAYNE FARMS has also willfully failed to keep accurate records for all of the time worked by its hourly employees.

46.    The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a) (1).

47.    WAYNE FARMS was and is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

48.    Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations.  None of the FLSA exemptions apply to the Plaintiffs.  Accordingly, Plaintiffs must be paid overtime pay in accordance with the FLSA.

49.    Wayne Farms' failure to accurately record compensable work time was willfully perpetrated.  WAYNE FARMS has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid hourly wages and overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).  Alternatively, should the Court find that the Defendant did not act willfully in failing to pay all hourly wages and overtime premium pay wages, Plaintiff and all similarly situated

14

employees are entitled to an award of pre-judgment interest at the applicable legal rate.

50.    As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by WAYNE FARMS from Plaintiffs for which WAYNE FARMS is liable pursuant to 29 U.S.C. § 216(b).

51.    Plaintiffs and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the WAYNE FARMS years preceding the date of filing of this Complaint, plus periods of equitable tolling because WAYNE FARMS acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

52.    Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorney's fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

WHEREFORE, it is respectfully prayed that this Court grant to the Plaintiffs the following relief:

a) At the earliest possible time, issue an Order allowing Notice or issue such Court supervised Notice to all similarly situated current and former WAYNE FARMS hourly employees (working at Defendant's College Park, Georgia, location in the last 3 years) of this action and their rights to participate in this action. Such Notice shall inform all similarly situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action if they worked "off the clock" for times not paid, including time that may be paid at overtime rates.

15

b) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Wayne Farms' actions as described in the Complaint are unlawful and in violation of the FLSA and applicable regulations and are and were willful as defined in the FLSA;

c) Issue an Order directing and requiring WAYNE FARMS to pay Plaintiffs and all other similarly situated employees damages in the form of reimbursement for unpaid hourly and premium overtime wages (past and future) for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

d) Issue an Order directing and requiring WAYNE FARMS to pay Plaintiffs and all other similarly situated employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

e) Issue and Order directing Defendant to reimburse Plaintiffs and other similarly situated employees for the costs and attorneys fees expended in the course of litigating this action, pre-judgment and post-judgment interest;

f) Provide Plaintiffs with such other and further relief, as the Court deems just and equitable.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby requests trial by jury of all issues triable.

Respectfully submitted this 7th day of May, 2007.

< Signatures to Follow >

This the 21st day of May.

Respectfully submitted,

**Attorney for Plaintiffs:**

**Deirdre M. Stephens**
Georgia Bar No. 678789
**Morgan & Morgan, P.A.**
191 Peachtree Street, NE
Suite 4200
Atlanta, GA  30303
(404) 965-8811 – Phone
(404) 965-8812 – Facsimile
Email: djohnson@forthepeople.com

<u>Defendant may be served at:</u>
Julius M. Hulsey, Registered Agent
200 E. Butler Parkway
Gainesville, GA 30503

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA,
### GAINESVILLE DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Gainesville

MAY 23 2007

JAMES N. HATTEN, Clerk
By Vicki Dougherty
Deputy Clerk

| | |
|---|---|
| JOEY TATE, LUC LY, SANJANETTA TEASLEY, and DESERRA WARREN, on behalf of themselves and others similarly situated, | § § § § § § |
| Plaintiffs, | § § |
| v. | § § |
| WAYNE FARMS, LLC, a foreign corporation, | § § § § |
| Defendant. | § |

CASE NO. **2 07 - C V - 0 05 5**

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiffs, individually and on behalf of all others similarly situated

("Plaintiffs"), by and through their counsel, for their Complaint against WAYNE

FARMS LLC ("WAYNE FARMS" or "Defendant"), seek to recover for

Defendant's violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C.

§§ 201 *et seq.*, and hereby state and allege as follows:

## INTRODUCTION

1.     This is a representative action brought pursuant to FLSA § 216(b) by

Plaintiff on behalf of himself and all other similarly situated current and former

production employees of Defendant at its Pendergrass, Georgia, facility located in

Jackson County, Georgia, for purposes of obtaining relief under the FLSA for

unpaid wages, unpaid overtime wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2.      WAYNE FARMS operates a chicken processing plant in Pendergrass, Georgia ("Pendergrass facility"). The complained of unlawful compensation system at issue in this Complaint has affected Wayne Farms' present and former hourly production employees at this location.

3.      In *IBP, Inc. v. Alvarez,* 126 S. Ct. 514 (2005), the United States Supreme Court unanimously affirmed a ruling that IBP's wage and hour policies – those at issue in this case – violated the Fair Labor Standards Act of 1938 ("FLSA").

4.      WAYNE FARMS uniformly denies hourly wages and overtime premium pay to its employees by requiring them to perform "off the clock" work. Wayne Farms' deliberate failure to pay employees earned wages and overtime compensation violates federal law as set out in the Fair Labor Standards Act.

5.      Plaintiffs perform multiple tasks, but are victims to the same illegal policy and practice of failing to pay workers for all time worked, including unpaid but compensable break periods, unpaid hourly wage times and unpaid overtime premium wage times.

2

## JURISDICTION AND VENUE

6.    The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions.  Jurisdiction over Plaintiff's FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331-37.

7.    Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because WAYNE FARMS does business in this district and a substantial part of the unlawful conduct giving rise to the claims occurred in this district.

## PARTIES

8.    Defendant is a foreign corporation with its principal places of business located in, among others, Jackson County, Georgia.

9.    Plaintiffs are current and former WAYNE FARMS employees who have worked at Wayne Farms' Pendergrass, Georgia, facility within the last three years from the date of filing of this Complaint

10.    Plaintiffs and other similarly situated employees of Wayne Farms' Pendergrass facility can generally be categorized as "First Processing" and "Second Processing" employees.

11.    First Processing generally includes those employees who work in an area of the plant where the product (chickens) is introduced into the plant and placed or hung on "the line" for killing, cleaning, disemboweling, and chilling.

3

12.    Second Processing generally includes those employees who work in an area of the plant where after the product has completed First Processing, it is further processed, prepared, cut-up, marinated, deboned, weighed, sized, packed, loaded on trucks, etc. for delivery to plant customers.

13.    Plaintiffs are residents and domiciled in the State of Georgia. Plaintiffs have concurrently filed their Consents to Become a Party Plaintiffs pursuant to 29 U.S.C. § 216(b).  See attached Exhibit A.

## GENERAL ALLEGATIONS

14.    As an integral and indispensable part of Plaintiffs' jobs, Plaintiffs are required to pass through security when entering and leaving the facility.  Plaintiffs are required to have their employment status verified and their arrival and departures documented, as well as submit to searches of the person and personal possessions.  Plaintiffs aver that they are not compensated for the time it takes for security to clear them and allow them into the facility and the compensable time afterwards prior to the commencement of production.

15.    Plaintiffs go to a designated area to receive clothing and/or personal protective equipment (PPE) that is required for the work to be performed.  The employees are required to don certain equipment before moving into the production areas. The employees are required to perform washing activities associated with preparing for work in the production area.  Depending on whether the employee works in First Processing or Second Processing, the employee may

4

be required to acquire special tools for the work to be performed. During the course of this process, the employee then must walk a significant distance to arrive at their respective workstations on the line.

16.    When Plaintiffs leave the line for unpaid breaks or at the end of their shift, they again walk a considerable distance to their respective doffing area where they removes personal protective equipment, wash or sanitize themselves, their PPE, sanitary clothing, and/or equipment or tools and return various clothes, PPE, equipment or tools to the proper areas.

17.    The unlawful compensation system at issue in the Complaint has affected Wayne Farms' former and present hourly production employees at its Pendergrass facility.

18.    Under Wayne Farms' wage compensation system, it pays Plaintiffs and other similarly situated employees only regularly scheduled time that they are on the production assembly line or in production areas under a system known as master time, master key, line time or gang time, collectively referred to herein as "master time". Conversely, as a matter of policy, WAYNE FARMS does not pay its hourly employees for required pre-production line and post-production line activities that are necessary and integral to their overall employment responsibilities, such as the time it takes to clear security, donning and doffing protective and sanitary equipment, cleaning and sanitizing that equipment, as well as themselves, wait time associated with cleaning and sanitizing that equipment, as

5

well as themselves after completion of the first principal activity, walking to and from security and the production line from their locker or dressing area after already performing compensable activities, and waiting in line to return required supplies, tools and other equipment needed for line activities.  In addition, Defendant does not pay its employees for time spent waiting at the line prior to the line start up.  Plaintiffs are required to report to duty before the start of the master time clock and required to continue work after the master time clock has stopped.

19.    During the course of the day, Plaintiffs are provided unpaid breaks that require them to walk considerable distances where they remove sanitary clothing and personal protection equipment for his break.  The remaining time allowed for the break is further shortened by the requirement for the employee to wash and sanitize, don his or her sanitary clothing and personal protection equipment and return to the workstation.  Plaintiffs assert these unpaid breaks are compensable.  Alternatively, if the total unpaid break is not deemed compensable, Plaintiffs allege they are owed compensation for the walk time prior to and after unpaid breaks, the time spent donning and doffing clothing and equipment pre- and post-break respectively, and the time spent washing and/or waiting to wash themselves and their equipment.

20.    WAYNE FARMS deducts from Plaintiffs' daily time worked, without regard for the actual time spent on break, two (2) uncompensated breaks of fixed duration.

6

21.    The time for which Plaintiffs and other similarly situated employees are paid is significantly less than the time they spend at work between the time they begin their integral, essential and indispensable work duties and the time they arrive at their workstations on the line. The work time for which Plaintiffs are not paid includes, but is not limited to: (1) changing into the protective required work uniforms, sanitary clothing and protective safety equipment that can include, among other things (depending on the task and whether First or Second Processing): ear plugs, smocks, work pants and shirts; safety jump suits; safety boots; hair nets; face nets; hard hats; aprons; belts with holsters and knifes; and hand and arm protections; (2) walking to and from security, changing areas, work areas and break areas; washing activities; and (3) breaks that are effectively compensable .

22.    The walking time for which Plaintiffs are not paid occurs after the beginning of the employee's first principal activity and before the end of the employee's last principal activity.

23.    The required protective work uniforms, sanitary clothing and protective safety equipment that Plaintiff must wear, and for which he is not paid for donning and doffing times, is required by WAYNE FARMS and/or by government regulation. Plaintiffs' jobs are dangerous and involve serious health and safety risks. The circumstances of Plaintiffs' jobs, including vital considerations of health and hygiene, require him to wear the protective work

7

uniforms, sanitary clothing and protective safety equipment. These donning, doffing, washing activities, compensable unpaid breaks and walking duties all add up to a significant amount of time every day for which Plaintiff and others similarly situated are not paid.

24.    In addition to depriving Plaintiffs and others similarly situated of hourly wages for compensable time pursuant to the FLSA, Wayne Farms' failure to accurately account for and report all compensable time worked by the Plaintiffs and others similarly situated has deprived Plaintiffs and others similarly situated of what would otherwise be overtime pay pursuant to the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

25.    Plaintiffs bring Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). In addition to the claims of the individually named Plaintiffs, Plaintiffs bring this action as representative of all similarly situated former and current employees of Wayne Farms' Pendergrass, Georgia, facility. The potential class of "opt-in" employees can be defined as:

> All current and former hourly 1st and 2nd processing employees of Defendant, paid under a master time compensation system in which individuals' time card punches are not the basis for starting and ending hours worked, who worked at the Pendergrass, Georgia, facility within three years from the date of filing of this Complaint, and who were not paid for all the time spent performing compensable work-related tasks or legally compensable time, including, but not limited to, authorized unpaid break times, donning and doffing times, washing activity times, time associated with passing through security check points and walking to changing areas and time walking to security and passing through security at the end of the day and

walking times to and from break areas or donning and doffing areas, and including time compensable at regular hourly wages, as well as overtime pay for these employees.

26.   The FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

27.   Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging, among other FLSA violations, Wayne Farms' practice of failing to accurately record all hours worked and failing to pay employees for all hours worked, including overtime compensation.

28.   The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of WAYNE FARMS and potential class members may easily and quickly be notified of the pendency of this action.

29.   On information and belief, the Pendergrass, Georgia, facility employs hundreds of hourly wage employees who potentially have FLSA claims similar to the claims set out herein.  Consequently, joinder of all collective action members in a single action is impracticable.

30.   Potential collective action members may be informed of the pendency of this class action through direct mail.

31.   There are questions of fact and law common to the class that predominates over any questions affecting only individual members.  The

questions of law and fact common to the class arising from Wayne Farms' actions

include, without limitation, the following:

a) Whether Plaintiffs were compensated for time spent clearing security and time spent walking from security to their changing areas and from changing areas to security;

b) Whether the security activities at issue are integral or indispensable to Defendant's business activities;

c) Whether Plaintiffs were compensated for time spent donning and doffing clothing and protective gear, washing, and walking to and from his job posts;

d) Whether the donning, doffing and washing activities at issue are integral or indispensable to Defendant's business activities;

e) Whether Plaintiffs were entitled to compensation for time spent donning and doffing, washing activity time, and walking time to and from "the line";

f) Whether Plaintiffs' donning, doffing, washing activity, and walking time is integral and indispensable to their principal activities;

g) Whether Defendant failed to pay employees for unpaid breaks that were effectively compensable.

h) Whether Defendant's compensation policy and practice accurately accounts for the time Plaintiffs are actually working;

i) Whether Defendant's compensation policy and practice is illegal;

j) Whether Defendant had a policy and practice of willfully failing to record and compensate employees for all time worked; and

k) Whether Defendant failed to accurately record all compensable time, resulting in a failure to compensate Plaintiffs and other similarly situated employees of regular hourly wages and overtime pay, in violation of Defendant's policies and procedures and the mandate of the FLSA.

32.    The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the federal law claims.

33.    The Collective Action Representatives' claims are typical of those of the similarly situated employees in that these employees have been employed in the same or similar positions as the Collective Action Representatives and were subject to the same or similar unlawful practices as the Collective Action Representatives.

34.    A collective action is the appropriate method for the fair and efficient adjudication of this controversy.  WAYNE FARMS has acted or refused to act on grounds generally applicable to the similarly situated current and former employees.  The presentation of separate actions by individual similarly situated current or former employees could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for WAYNE FARMS and/or substantially impair or impede the ability of Collective Action members to protect their interests.

35.    The Collective Action Representatives are adequate representatives of the similarly situated current and former employees because they are current employees of the same processing plant and their interests do not conflict with the

11

interests of the other similarly situated current and former employees they seek to represent. The interests of the members of the class of employees will be fairly and adequately protected by the Collective Action Representatives and their undersigned counsel, who have extensive experience prosecuting complex class action lawsuits.

36.    Maintenance of this action as a collective action is a fair and efficient method for the adjudication of this controversy. It would be impracticable and undesirable for each member of the collective action who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications while a single collective action can determine with judicial economy the rights of all collective action members.

## COUNT I

### Violation of the Fair Labor Standards Act of 1938

#### BROUGHT AGAINST DEFENDANT BY THE INDIVIDUALLY NAMED PLAINTIFFS AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED

37.    Plaintiffs reassert and incorporate by reference paragraphs 1 through 36 as set forth above as if fully restated herein.

38.    At all time material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

12

39. The individually named Plaintiffs and all similarly situated employees are victims of a uniform and facility-wide compensation policy and practice in violation of the FLSA.

40. WAYNE FARMS violated the FLSA by failing to account for all compensable time of its employees that resulted in a failure to pay Plaintiffs and others similarly situated for compensable hourly wages and overtime premium pay.

41. WAYNE FARMS violated the FLSA by failing to pay for time donning and doffing essential required equipment, integral to the principle work activity.

42. WAYNE FARMS failed to account for and pay for time walking to and from the line to break areas and/or donning and doffing areas.

43. WAYNE FARMS failed to account for and pay for time spent clearing security and for time walking to and from security to donning and doffing areas.

44. WAYNE FARMS failed to account and pay for time allocated as unpaid breaks. In the alternative, WAYNE FARMS failed to pay for walk time to and from unpaid break areas, time spent donning and doffing on unpaid breaks and washing activities associated with breaks.

45. In perpetrating these unlawful practices, WAYNE FARMS has also willfully failed to keep accurate records for all of the time worked by its hourly employees.

13

46.     The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a) (1).

47.     WAYNE FARMS was and is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

48.     Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations.  None of the FLSA exemptions apply to the Plaintiffs.  Accordingly, Plaintiffs must be paid overtime pay in accordance with the FLSA.

49.     Wayne Farms' failure to accurately record compensable work time was willfully perpetrated.  WAYNE FARMS has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid hourly wages and overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).  Alternatively, should the Court find that the Defendant did not act willfully in failing to pay all hourly wages and overtime premium pay wages, Plaintiff and all similarly situated

14

employees are entitled to an award of pre-judgment interest at the applicable legal rate.

50.    As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by WAYNE FARMS from Plaintiffs for which WAYNE FARMS is liable pursuant to 29 U.S.C. § 216(b).

51.    Plaintiffs and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the WAYNE FARMS years preceding the date of filing of this Complaint, plus periods of equitable tolling because WAYNE FARMS acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

52.    Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorney's fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

WHEREFORE, it is respectfully prayed that this Court grant to the Plaintiffs the following relief:

    a) At the earliest possible time, issue an Order allowing Notice or issue such Court supervised Notice to all similarly situated current and former WAYNE FARMS hourly employees (working at Defendant's Pendergrass, Georgia, location in the last 3 years) of this action and their rights to participate in this action. Such Notice shall inform all similarly situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action if they worked "off the clock" for times not paid, including time that may be paid at overtime rates.

b) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Wayne Farms' actions as described in the Complaint are unlawful and in violation of the FLSA and applicable regulations and are and were willful as defined in the FLSA;

c) Issue an Order directing and requiring WAYNE FARMS to pay Plaintiffs and all other similarly situated employees damages in the form of reimbursement for unpaid hourly and premium overtime wages (past and future) for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

d) Issue an Order directing and requiring WAYNE FARMS to pay Plaintiffs and all other similarly situated employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

e) Issue and Order directing Defendant to reimburse Plaintiffs and other similarly situated employees for the costs and attorneys fees expended in the course of litigating this action, pre-judgment and post-judgment interest;

f) Provide Plaintiffs with such other and further relief, as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests trial by jury of all issues triable.

Respectfully submitted this 21st day of May, 2007.

**Attorney for Plaintiffs:**


**Deirdre M. Stephens**
Georgia Bar No. 678789
**Morgan & Morgan, P.A.**
191 Peachtree Street, NE
Suite 4200
Atlanta, GA  30303
(404) 965-8811 – Phone
(404) 965-8812 – Facsimile
Email: djohnson@forthepeople.com


Defendant may be served at:
Julius M. Hulsey, Registered Agent
200 E. Butler Parkway
Gainesville, GA 30503

FILED
U.S. DIST. COURT
SAVANNAH DIV.

2007 MAY 24  A 10: 24

CLERK ⟨B. Lutt⟩
SO. DIST. OF GA.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA,
## WAYCROSS DIVISION

LILLIE PRESTON, DAVID          §
BREWTON, AND RODRECUS          §
BROCKINGTON, on behalf of      §
themselves and others similarly §
situated,                      §
                               §         CV507-045
        Plaintiffs,            §
                               §    CASE NO._____
                               §
v.                             §    JURY TRIAL DEMANDED
                               §
WAYNE FARMS LLC, a             §
foreign corporation,           §
                               §
        Defendant.             §

## COMPLAINT

Plaintiffs, individually and on behalf of all others similarly situated

("Plaintiffs"), by and through their counsel, for their Complaint against WAYNE

FARMS LLC ("WAYNE FARMS" or "Defendant"), seek to recover for

Defendant's violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C.

§§ 201 *et seq.*, and hereby state and allege as follows:

## INTRODUCTION

1.      This is a representative action brought pursuant to FLSA § 216(b) by

Plaintiffs on behalf of themselves and all other similarly situated current and

former production employees of Defendant at its Douglas, Georgia, facility located

in Coffee County, Georgia, for purposes of obtaining relief under the FLSA for

unpaid wages, unpaid overtime wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2.      WAYNE FARMS operates a chicken processing plant in Douglas, Georgia ("Douglas facility"). The complained of unlawful compensation system at issue in this Complaint has affected Wayne Farms' present and former hourly production employees at this location.

3.      In *IBP, Inc. v. Alvarez,* 126 S. Ct. 514 (2005), the United States Supreme Court unanimously affirmed a ruling that IBP's wage and hour policies – those at issue in this case – violated the Fair Labor Standards Act of 1938 ("FLSA").

4.      WAYNE FARMS uniformly denies hourly wages and overtime premium pay to its employees by requiring them to perform "off the clock" work. Wayne Farms' deliberate failure to pay employees earned wages and overtime compensation violates federal law as set out in the Fair Labor Standards Act.

5.      Plaintiffs perform multiple tasks, but are victims to the same illegal policy and practice of failing to pay workers for all time worked, including unpaid but compensable break periods, unpaid hourly wage times and unpaid overtime premium wage times.

## JURISDICTION AND VENUE

6.     The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331-37.

7.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because WAYNE FARMS does business in this district and a substantial part of the unlawful conduct giving rise to the claims occurred in this district.

## PARTIES

8.     Defendant is a foreign corporation with its principal places of business located in, among others, Coffee County, Georgia.

9.     Plaintiffs are current and former WAYNE FARMS employees who have worked at Wayne Farms' Douglas, Georgia, facility within the last three years from the date of filing of this Complaint

10.     Plaintiffs and other similarly situated employees of Wayne Farms' Douglas facility can generally be categorized as "First Processing" and "Second Processing" employees.

11.     First Processing generally includes those employees who work in an area of the plant where the product (chickens) is introduced into the plant and placed or hung on "the line" for killing, cleaning, disemboweling, and chilling.

3

12.     Second Processing generally includes those employees who work in an area of the plant where after the product has completed First Processing, it is further processed, prepared, cut-up, marinated, deboned, weighed, sized, packed, loaded on trucks, etc. for delivery to plant customers.

13.     Plaintiffs are residents and domiciled in the State of Georgia. Plaintiffs have concurrently filed their Consents to Become a Party Plaintiffs pursuant to 29 U.S.C. § 216(b).  See attached Exhibit A.

## GENERAL ALLEGATIONS

14.     As an integral and indispensable part of Plaintiffs' jobs, Plaintiffs are required to pass through security when entering and leaving the facility.  Plaintiffs are required to have their employment status verified and their arrival and departures documented, as well as submit to searches of the person and personal possessions.  Plaintiffs aver that they are not compensated for the time it takes for security to clear them and allow them into the facility and the compensable time afterwards prior to the commencement of production.

15.     Plaintiffs go to a designated area to receive clothing and/or personal protective equipment (PPE) that is required for the work to be performed.  The employees are required to don certain equipment before moving into the production areas.  The employees are required to perform washing activities associated with preparing for work in the production area.  Depending on whether

4

the employee works in First Processing or Second Processing, the employee may be required to acquire special tools for the work to be performed. During the course of this process, the employee then must walk a significant distance to arrive at their respective workstations on the line.

16.   When Plaintiffs leave the line for unpaid breaks or at the end of their shift, they again walk a considerable distance to their respective doffing area where they removes personal protective equipment, wash or sanitize themselves, their PPE, sanitary clothing, and/or equipment or tools and return various clothes, PPE, equipment or tools to the proper areas.

17.   The unlawful compensation system at issue in the Complaint has affected Wayne Farms' former and present hourly production employees at its Douglas facility.

18.   Under Wayne Farms' wage compensation system, it pays Plaintiffs and other similarly situated employees only regularly scheduled time that they are on the production assembly line or in production areas under a system known as master time, master key, line time or gang time, collectively referred to herein as "master time". Conversely, as a matter of policy, WAYNE FARMS does not pay its hourly employees for required pre-production line and post-production line activities that are necessary and integral to their overall employment responsibilities, such as the time it takes to clear security, donning and doffing

5

protective and sanitary equipment, cleaning and sanitizing that equipment, as well as themselves, wait time associated with cleaning and sanitizing that equipment, as well as themselves after completion of the first principal activity, walking to and from security and the production line from their locker or dressing area after already performing compensable activities, and waiting in line to return required supplies, tools and other equipment needed for line activities. In addition, Defendant does not pay its employees for time spent waiting at the line prior to the line start up. Plaintiffs are required to report to duty before the start of the master time clock and required to continue work after the master time clock has stopped.

19.    During the course of the day, Plaintiffs are provided unpaid breaks that require them to walk considerable distances where they remove sanitary clothing and personal protection equipment for his break. The remaining time allowed for the break is further shortened by the requirement for the employee to wash and sanitize, don his or her sanitary clothing and personal protection equipment and return to the workstation. Plaintiffs assert these unpaid breaks are compensable. Alternatively, if the total unpaid break is not deemed compensable, Plaintiffs allege they are owed compensation for the walk time prior to and after unpaid breaks, the time spent donning and doffing clothing and equipment pre- and post-break respectively, and the time spent washing and/or waiting to wash themselves and their equipment.

6

20.    WAYNE FARMS deducts from Plaintiffs' daily time worked, without regard for the actual time spent on break, two (2) uncompensated breaks of fixed duration.

21.    The time for which Plaintiffs and other similarly situated employees are paid is significantly less than the time they spend at work between the time they begin their integral, essential and indispensable work duties and the time they arrive at their workstations on the line.  The work time for which Plaintiffs are not paid includes, but is not limited to:  (1) changing into the protective required work uniforms, sanitary clothing and protective safety equipment that can include, among other things (depending on the task and whether First or Second Processing):  ear plugs, smocks, work pants and shirts; safety jump suits; safety boots; hair nets; face nets; hard hats; aprons; belts with holsters and knifes; and hand and arm protections; (2) walking to and from security, changing areas, work areas and break areas; washing activities; and (3) breaks that are effectively compensable .

22.    The walking time for which Plaintiffs are not paid occurs after the beginning of the employee's first principal activity and before the end of the employee's last principal activity.

23.    The required protective work uniforms, sanitary clothing and protective safety equipment that Plaintiff must wear, and for which he is not paid

for donning and doffing times, is required by WAYNE FARMS and/or by government regulation. Plaintiffs' jobs are dangerous and involve serious health and safety risks. The circumstances of Plaintiffs' jobs, including vital considerations of health and hygiene, require him to wear the protective work uniforms, sanitary clothing and protective safety equipment. These donning, doffing, washing activities, compensable unpaid breaks and walking duties all add up to a significant amount of time every day for which Plaintiff and others similarly situated are not paid.

24.    In addition to depriving Plaintiffs and others similarly situated of hourly wages for compensable time pursuant to the FLSA, Wayne Farms' failure to accurately account for and report all compensable time worked by the Plaintiffs and others similarly situated has deprived Plaintiffs and others similarly situated of what would otherwise be overtime pay pursuant to the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

25.    Plaintiffs bring Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). In addition to the claims of the individually named Plaintiffs, Plaintiffs bring this action as representative of all similarly situated former and current employees of Wayne Farms' Douglas, Georgia, facility. The potential class of "opt-in" employees can be defined as:

> All current and former hourly 1st and 2nd processing employees of
> Defendant, paid under a master time compensation system in which

8

individuals' time card punches are not the basis for starting and ending hours worked, who worked at the Douglas, Georgia, facility within three years from the date of filing of this Complaint, and who were not paid for all the time spent performing compensable work-related tasks or legally compensable time, including, but not limited to, authorized unpaid break times, donning and doffing times, washing activity times, time associated with passing through security check points and walking to changing areas and time walking to security and passing through security at the end of the day and walking times to and from break areas or donning and doffing areas, and including time compensable at regular hourly wages, as well as overtime pay for these employees.

26.    The FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

27.    Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging, among other FLSA violations, Wayne Farms' practice of failing to accurately record all hours worked and failing to pay employees for all hours worked, including overtime compensation.

28.    The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of WAYNE FARMS and potential class members may easily and quickly be notified of the pendency of this action.

29.    On information and belief, the Douglas, Georgia, facility employs hundreds of hourly wage employees who potentially have FLSA claims similar to

the claims set out herein. Consequently, joinder of all collective action members in a single action is impracticable.

    30.    Potential collective action members may be informed of the pendency of this class action through direct mail.

    31.    There are questions of fact and law common to the class that predominates over any questions affecting only individual members. The questions of law and fact common to the class arising from Wayne Farms' actions include, without limitation, the following:

    a) Whether Plaintiffs were compensated for time spent clearing security and time spent walking from security to their changing areas and from changing areas to security;

    b) Whether the security activities at issue are integral or indispensable to Defendant's business activities;

    c) Whether Plaintiffs were compensated for time spent donning and doffing clothing and protective gear, washing, and walking to and from his job posts;

    d) Whether the donning, doffing and washing activities at issue are integral or indispensable to Defendant's business activities;

    e) Whether Plaintiffs were entitled to compensation for time spent donning and doffing, washing activity time, and walking time to and from "the line";

    f) Whether Plaintiffs' donning, doffing, washing activity, and walking time is integral and indispensable to their principal activities;

    g) Whether Defendant failed to pay employees for unpaid breaks that were effectively compensable.

h) Whether Defendant's compensation policy and practice accurately accounts for the time Plaintiffs are actually working;

i) Whether Defendant's compensation policy and practice is illegal;

j) Whether Defendant had a policy and practice of willfully failing to record and compensate employees for all time worked; and

k) Whether Defendant failed to accurately record all compensable time, resulting in a failure to compensate Plaintiffs and other similarly situated employees of regular hourly wages and overtime pay, in violation of Defendant's policies and procedures and the mandate of the FLSA.

32.    The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the federal law claims.

33.    The Collective Action Representatives' claims are typical of those of the similarly situated employees in that these employees have been employed in the same or similar positions as the Collective Action Representatives and were subject to the same or similar unlawful practices as the Collective Action Representatives.

34.    A collective action is the appropriate method for the fair and efficient adjudication of this controversy.  WAYNE FARMS has acted or refused to act on grounds generally applicable to the similarly situated current and former employees.  The presentation of separate actions by individual similarly situated

11

current or former employees could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for WAYNE FARMS and/or substantially impair or impede the ability of Collective Action members to protect their interests.

35.    The Collective Action Representatives are adequate representatives of the similarly situated current and former employees because they are current employees of the same processing plant and their interests do not conflict with the interests of the other similarly situated current and former employees they seek to represent. The interests of the members of the class of employees will be fairly and adequately protected by the Collective Action Representatives and their undersigned counsel, who have extensive experience prosecuting complex class action lawsuits.

36.    Maintenance of this action as a collective action is a fair and efficient method for the adjudication of this controversy. It would be impracticable and undesirable for each member of the collective action who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications while a single collective action can determine with judicial economy the rights of all collective action members.

## **COUNT I**

### **Violation of the Fair Labor Standards Act of 1938**

**BROUGHT AGAINST DEFENDANT BY THE INDIVIDUALLY NAMED PLAINTIFFS AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED**

37.    Plaintiffs reassert and incorporate by reference paragraphs 1 through 36 as set forth above as if fully restated herein.

38.    At all time material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

39.    The individually named Plaintiffs and all similarly situated employees are victims of a uniform and facility-wide compensation policy and practice in violation of the FLSA.

40.    WAYNE FARMS violated the FLSA by failing to account for all compensable time of its employees that resulted in a failure to pay Plaintiffs and others similarly situated for compensable hourly wages and overtime premium pay.

41.    WAYNE FARMS violated the FLSA by failing to pay for time donning and doffing essential required equipment, integral to the principle work activity.

42.    WAYNE FARMS failed to account for and pay for time walking to and from the line to break areas and/or donning and doffing areas.

13

43.    WAYNE FARMS failed to account for and pay for time spent clearing security and for time walking to and from security to donning and doffing areas.

44.    WAYNE FARMS failed to account and pay for time allocated as unpaid breaks.  In the alternative, WAYNE FARMS failed to pay for walk time to and from unpaid break areas, time spent donning and doffing on unpaid breaks and washing activities associated with breaks.

45.    In perpetrating these unlawful practices, WAYNE FARMS has also willfully failed to keep accurate records for all of the time worked by its hourly employees.

46.    The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a) (1).

47.    WAYNE FARMS was and is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

48.    Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations.  None of the FLSA exemptions apply

to the Plaintiffs.  Accordingly, Plaintiffs must be paid overtime pay in accordance with the FLSA.

49.    Wayne Farms' failure to accurately record compensable work time was willfully perpetrated.  WAYNE FARMS has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid hourly wages and overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).  Alternatively, should the Court find that the Defendant did not act willfully in failing to pay all hourly wages and overtime premium pay wages, Plaintiff and all similarly situated employees are entitled to an award of pre-judgment interest at the applicable legal rate.

50.    As a result of the aforesaid willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by WAYNE FARMS from Plaintiffs for which WAYNE FARMS is liable pursuant to 29 U.S.C. § 216(b).

51.    Plaintiffs and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the WAYNE FARMS years preceding the date of filing of this Complaint, plus periods of equitable tolling

because WAYNE FARMS acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

52.    Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorney's fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

WHEREFORE, it is respectfully prayed that this Court grant to the Plaintiffs the following relief:

a) At the earliest possible time, issue an Order allowing Notice or issue such Court supervised Notice to all similarly situated current and former WAYNE FARMS hourly employees (working at Defendant's Douglas, Georgia, location in the last 3 years) of this action and their rights to participate in this action. Such Notice shall inform all similarly situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action if they worked "off the clock" for times not paid, including time that may be paid at overtime rates.

b) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Wayne Farms' actions as described in the Complaint are unlawful and in violation of the FLSA and applicable regulations and are and were willful as defined in the FLSA;

c) Issue an Order directing and requiring WAYNE FARMS to pay Plaintiffs and all other similarly situated employees damages in the form of reimbursement for unpaid hourly and premium overtime wages (past and future) for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

d) Issue an Order directing and requiring WAYNE FARMS to pay Plaintiffs and all other similarly situated employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

16

e) Issue and Order directing Defendant to reimburse Plaintiffs and other similarly situated employees for the costs and attorneys fees expended in the course of litigating this action, pre-judgment and post-judgment interest;

f) Provide Plaintiffs with such other and further relief, as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request trial by jury of all issues triable.

Respectfully submitted this 23rd day of May, 2007.

**Attorney for Plaintiffs:**

**KENNETH R. LESTER, ESQ.**
Georgia Bar No. 447516
**COCHRAN, CHERRY, GIVENS,
SISTRUNK & SAMS, P.C.**
127 Peachtree Street, NE, Suite 800
Atlanta, GA 30303
404-222-9922 phone
404-222-0170 fax
krl@sistrunk.com

Defendant may be served at:
Julius M. Hulsey, Registered Agent
200 E. Butler Parkway
Gainesville, GA 30503

17

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA,
WAYCROSS DIVISION

| | | |
|---|---|---|
| LILLIE PRESTON, DAVID BREWTON, AND RODRECUS BROCKINGTON, on behalf of themselves and others similarly situated, | § § § § § § | |
| Plaintiffs, | § § | CASE NO._____ |
| v. | § § | JURY TRIAL DEMANDED |
| WAYNE FARMS LLC, a foreign corporation, | § § § | |
| Defendant. | § | |

## NOTICE OF FILING NOTICE OF CONSENT TO JOIN

Pursuant to the opt-in mechanisms of the FLSA, the named Plaintiff(s) in this matter file

their attached Notices of Consent to Join this action.

DATED this 23ʳᵈ day of May, 2007.

KENNETH R. LESTER, ESQ.
Georgia Bar No. 447516
**COCHRAN, CHERRY, GIVENS,
SISTRUNK & SAMS, P.C.**
127 Peachtree Street, NE, Suite 800
Atlanta, GA 30303
404-222-9922 phone
404-222-0170 fax
krl@sistrunk.com

## CONSENT TO JOIN SUIT AS PARTY PLAINTIFF

**TO:   CLERK OF THE COURT AND COUNSEL OF RECORD**

_Lillie X. Preston_ states the following:
[Print Name]

1.   I am over 18 years of age and competent to give the following consent in this matter.

2.   I am currently, or was formerly employed, by ~~Dutch Quality~~ Wayne Farm at [Name of plant] the facility located in Douglas GA 31533 I worked at this location from [City/State] 09/20/99 to 10/15/04. [Date]                        [Date, or if still working write "present"]

3.   I understand that this suit is being brought to recover compensation for pre- and post-production time activities from my employer. I also understand that the lawsuit may seek recovery for unpaid production time. I understand that the suit is brought pursuant to both federal law and applicable state statutes, if any.

4.   I believe I have not been paid for all compensable time, which I have worked, including overtime.

5.   I hereby consent and agree to be a plaintiff herein and to be bound by any settlement of the case or adjudication by the Court.

6.   I understand that this suit may be brought as a class action covering employees at the ~~Dutch Quality~~ Wayne Farm plant in Douglas, GA, and [Name of Plant] [City/State] possibly other plants owned by ~~Dutch Quality~~ Wayne Farm. If brought as a class [Name of Plant] action under either federal or state law, I agree to be a named Plaintiff in such class.

I swear or affirm that the foregoing statements are true to the best of my knowledge.

DATED the _16_ day of _October_, 2006.

_Lillie Preston_                    _Lillie X. Preston_
**PRINT NAME**                      **SIGN NAME**

## CONSENT TO JOIN SUIT AS PARTY PLAINTIFF

**TO:   CLERK OF THE COURT AND COUNSEL OF RECORD**

_David Brewton_ states the following:
[Print Name]

1.    I am over 18 years of age and competent to give the following consent in this matter.

2.    I am currently, or was formerly employed, by _Wayne Farms_ at
      [Name of plant]
      the facility located in _Douglas, GA_. I worked at this location from
      [City/State]
      _Jan 1988_ to _Aug 2005_.
      [Date]              [Date, or if still working write "present"]

3.    I understand that this suit is being brought to recover compensation for pre- and post-production time activities from my employer. I also understand that the lawsuit may seek recovery for unpaid production time. I understand that the suit is brought pursuant to both federal law and applicable state statutes, if any.

4.    I believe I have not been paid for all compensable time, which I have worked, including overtime.

5.    I hereby consent and agree to be a plaintiff herein and to be bound by any settlement of the case or adjudication by the Court.

6.    I understand that this suit may be brought as a class action, covering employees at the _Wayne Farms_ plant in _Douglas, GA_, and
      [Name of Plant]                           [City/State]
      possibly other plants owned by _Wayne Farms_. If brought as a class
      [Name of Plant]
      action under either federal or state law, I agree to be a named Plaintiff in such class.

I swear or affirm that the foregoing statements are true to the best of my knowledge.

      DATED the _30_ day of _Sept_, 2006.


_David Brewton_                    _David Brewton_
**[PRINT NAME]**                    **[SIGN NAME]**

## CONSENT TO JOIN SUIT AS PARTY PLAINTIFF

**TO:   CLERK OF THE COURT AND COUNSEL OF RECORD**

_Rodrecus C. Brockington_ states the following:
[Print Name]

1.    I am over 18 years of age and competent to give the following consent in this matter.

2.    I am currently, or was formerly employed, by _Wayne Farms_ at
[Name of plant]
the facility located in _Douglas GA_. I worked at this location from
[City/State]
_Feb. 2003_ to _Nov. 2004_.
[Date]              [Date, or if still working write "present"]

3.    I understand that this suit is being brought to recover compensation for pre- and post-production time activities from my employer. I also understand that the lawsuit may seek recovery for unpaid production time. I understand that the suit is brought pursuant to both federal law and applicable state statutes, if any.

4.    I believe I have not been paid for all compensable time, which I have worked, including overtime.

5.    I hereby consent and agree to be a plaintiff herein and to be bound by any settlement of the case or adjudication by the Court.

6.    I understand that this suit may be brought as a class action covering employees at the _Wayne Farms_ plant in _Douglas, GA_, and
[Name of Plant]                  [City/State]
possibly other plants owned by _Wayne Farms_. If brought as a class
[Name of Plant]
action under either federal or state law, I agree to be a named Plaintiff in such class.

I swear or affirm that the foregoing statements are true to the best of my knowledge.

DATED the _11_ day of _January_, 2006.

_Rodrecus C. Brockington_                    _Rodrecus Brockington_
PRINT NAME                                   SIGN NAME

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|---|---|
| **GEORGIA SOUTHERN** | | | 2006 | 2005 | 2004 | 2003 | 2002 | 2001 | | |
| | | | | | | | | | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | Filings* | | 1,502 | 1,570 | 1,381 | 1,421 | 1,363 | 1,326 | U.S. | Circuit |
| | Terminations | | 1,598 | 1,286 | 1,353 | 1,304 | 1,318 | 1,480 | | |
| | Pending | | 1,223 | 1,317 | 1,032 | 1,022 | 928 | 901 | | |
| | % Change in Total Filings | Over Last Year | | -4.3 | | | | | 48 | 6 |
| | | Over Earlier Years | | | 8.8 | 5.7 | 10.2 | 13.3 | 23 | 2 |
| | Number of Judgeships | | 3 | 3 | 3 | 3 | 3 | 3 | | |
| | Vacant Judgeship Months** | | 5.1 | .0 | .0 | .0 | .0 | .0 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 500 | 524 | 460 | 474 | 454 | 442 | 25 | 3 |
| | | Civil | 383 | 411 | 356 | 377 | 368 | 376 | 23 | 4 |
| | | Criminal Felony | 98 | 87 | 80 | 74 | 71 | 66 | 24 | 1 |
| | | Supervised Release Hearings** | 19 | 26 | 24 | 23 | 15 | - | 55 | 6 |
| | Pending Cases | | 408 | 439 | 344 | 341 | 309 | 300 | 37 | 4 |
| | Weighted Filings** | | 520 | 480 | 442 | 446 | 457 | 442 | 23 | 3 |
| | Terminations | | 533 | 429 | 451 | 435 | 439 | 493 | 21 | 2 |
| | Trials Completed | | 20 | 16 | 19 | 20 | 26 | 30 | 42 | 5 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 8.3 | 7.0 | 6.8 | 5.9 | 5.5 | 5.1 | 36 | 6 |
| | | Civil** | 8.0 | 9.1 | 10.4 | 9.2 | 8.4 | 9.9 | 17 | 3 |
| | From Filing to Trial** (Civil Only) | | 44.0 | - | 33.0 | 30.0 | 19.0 | 16.0 | 77 | 8 |
| OTHER | Civil Cases Over 3 Years Old** | Number | 45 | 36 | 14 | 6 | 9 | 28 | | |
| | | Percentage | 5.0 | 3.5 | 1.7 | .7 | 1.2 | 3.7 | 37 | 6 |
| | Average Number of Felony Defendants Filed Per Case | | 1.4 | 1.4 | 1.5 | 1.4 | 1.6 | 1.5 | | |
| | Jurors | Avg. Present for Jury Selection | 43.39 | 44.86 | 42.24 | 33.07 | 28.66 | 28.89 | | |
| | | Percent Not Selected or Challenged | 34.0 | 47.0 | 48.2 | 38.5 | 29.4 | 21.0 | | |

| **2006 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE** | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 1150 | 71 | 23 | 585 | 16 | 42 | 30 | 75 | 77 | 16 | 163 | 2 | 50 |
| Criminal* | 293 | 4 | 79 | 19 | 105 | 25 | 13 | 5 | 10 | 9 | 9 | 2 | 13 |

\*  Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\*\* See "Explanation of Selected Terms."

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| MISSISSIPPI SOUTHERN | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | 2006 | 2005 | 2004 | 2003 | 2002 | 2001 | | |
| OVERALL CASELOAD STATISTICS | Filings* | | 3,348 | 4,609 | 3,776 | 4,584 | 5,200 | 2,941 | U.S. | Circuit |
| | Terminations | | 5,142 | 3,841 | 4,559 | 4,605 | 3,075 | 2,668 | | |
| | Pending | | 2,897 | 4,729 | 4,042 | 4,871 | 4,923 | 2,811 | | |
| | % Change in Total Filings | Over Last Year | -27.4 | | | | | | 92 | 9 |
| | | Over Earlier Years | | | -11.3 | -27.0 | -35.6 | 13.8 | 22 | 4 |
| Number of Judgeships | | | 6 | 6 | 6 | 6 | 6 | 6 | | |
| Vacant Judgeship Months** | | | 17.5 | 1.6 | 8.5 | .0 | .0 | .0 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 558 | 768 | 629 | 764 | 867 | 490 | 14 | 4 |
| | | Civil | 463 | 691 | 544 | 691 | 803 | 438 | 9 | 2 |
| | | Criminal Felony | 72 | 54 | 67 | 61 | 56 | 52 | 46 | 5 |
| | | Supervised Release Hearings** | 23 | 23 | 18 | 12 | 8 | - | 44 | 4 |
| | Pending Cases | | 483 | 788 | 674 | 812 | 821 | 469 | 18 | 4 |
| | Weighted Filings** | | 541 | 716 | 600 | 906 | 897 | 528 | 15 | 4 |
| | Terminations | | 857 | 640 | 760 | 768 | 513 | 445 | 4 | 1 |
| | Trials Completed | | 21 | 18 | 13 | 14 | 19 | 22 | 39 | 6 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 7.6 | 7.4 | 7.3 | 6.3 | 7.9 | 7.2 | 29 | 4 |
| | | Civil** | 6.2 | 11.9 | 12.3 | 5.7 | 10.4 | 11.4 | 5 | 1 |
| | From Filing to Trial** (Civil Only) | | 25.5 | 22.0 | 21.5 | 19.4 | 20.0 | 15.5 | 46 | 7 |
| OTHER | Civil Cases Over 3 Years Old** | Number | 91 | 103 | 49 | 47 | 76 | 44 | | |
| | | Percentage | 3.5 | 2.3 | 1.3 | 1.0 | 1.6 | 1.7 | 22 | 3 |
| | Average Number of Felony Defendants Filed Per Case | | 1.3 | 1.3 | 1.4 | 1.5 | 1.4 | 1.3 | | |
| | Jurors | Avg. Present for Jury Selection | 35.38 | 37.32 | 29.02 | 32.21 | 31.34 | 28.99 | | |
| | | Percent Not Selected or Challenged | 37.2 | 34.0 | 35.3 | 40.2 | 35.2 | 27.0 | | |

| 2006 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 2780 | 30 | 549 | 479 | 30 | 58 | 40 | 860 | 306 | 20 | 328 | 1 | 79 |
| Criminal* | 422 | 10 | 70 | 24 | 109 | 85 | 12 | 15 | 11 | 26 | 16 | 15 | 29 |

*  Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
** See "Explanation of Selected Terms."

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|---|
| **GEORGIA NORTHERN** | | 2006 | 2005 | 2004 | 2003 | 2002 | 2001 | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | Filings* | 4,554 | 4,886 | 5,620 | 5,479 | 5,356 | 5,110 | U.S. | Circuit |
| | Terminations | 4,898 | 5,692 | 5,370 | 5,102 | 5,437 | 4,996 | | |
| | Pending | 3,574 | 3,890 | 4,649 | 4,415 | 4,035 | 4,151 | | |
| | % Change in Total Filings — Over Last Year | | -6.8 | | | | | 60 | 9 |
| | % Change in Total Filings — Over Earlier Years | | | -19.0 | -16.9 | -15.0 | -10.9 | 64 | 6 |
| Number of Judgeships | | 11 | 11 | 11 | 11 | 11 | 11 | | |
| Vacant Judgeship Months** | | 5.1 | 3.0 | 1.6 | .0 | .0 | .0 | | |
| ACTIONS PER JUDGESHIP | FILINGS — Total | 415 | 444 | 511 | 498 | 487 | 465 | 53 | 7 |
| | FILINGS — Civil | 353 | 383 | 438 | 422 | 416 | 403 | 38 | 6 |
| | FILINGS — Criminal Felony | 51 | 47 | 55 | 60 | 56 | 62 | 70 | 9 |
| | FILINGS — Supervised Release Hearings** | 11 | 14 | 18 | 16 | 15 | - | 78 | 8 |
| | Pending Cases | 325 | 354 | 423 | 401 | 367 | 377 | 67 | 9 |
| | Weighted Filings** | 500 | 541 | 625 | 595 | 557 | 540 | 30 | 6 |
| | Terminations | 445 | 517 | 488 | 464 | 494 | 454 | 46 | 7 |
| | Trials Completed | 17 | 16 | 20 | 21 | 21 | 20 | 58 | 8 |
| MEDIAN TIMES (months) | From Filing to Disposition — Criminal Felony | 11.0 | 11.5 | 8.8 | 8.2 | 8.1 | 7.7 | 72 | 9 |
| | From Filing to Disposition — Civil** | 9.5 | 10.0 | 9.3 | 9.3 | 9.8 | 9.1 | 48 | 6 |
| | From Filing to Trial** (Civil Only) | 31.0 | 27.0 | 22.0 | 25.5 | 23.5 | 24.0 | 65 | 7 |
| OTHER | Civil Cases Over 3 Years Old** — Number | 83 | 83 | 70 | 65 | 64 | 71 | | |
| | Civil Cases Over 3 Years Old** — Percentage | 2.9 | 2.6 | 1.8 | 1.7 | 1.8 | 2.0 | 10 | 2 |
| | Average Number of Felony Defendants Filed Per Case | 1.7 | 1.9 | 1.6 | 1.7 | 1.6 | 1.6 | | |
| | Jurors — Avg. Present for Jury Selection | 45.86 | 45.85 | 38.96 | 36.40 | 37.21 | 43.27 | | |
| | Jurors — Percent Not Selected or Challenged | 37.6 | 37.6 | 32.1 | 31.2 | 32.1 | 40.4 | | |

| **2006 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE** | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 3879 | 170 | 126 | 1020 | 85 | 61 | 168 | 483 | 309 | 270 | 757 | 6 | 424 |
| Criminal* | 549 | 3 | 114 | 53 | 127 | 105 | 27 | 31 | 15 | 19 | 20 | 5 | 30 |

\*  Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\*\* See "Explanation of Selected Terms."

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | Numerical Standing | |
|---|---|---|---|---|---|---|---|---|---|---|
| **ALABAMA MIDDLE** | | | 2006 | 2005 | 2004 | 2003 | 2002 | 2001 | | |
| | | | | | | | | | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | Filings* | | 1,490 | 1,561 | 1,472 | 1,580 | 1,715 | 1,755 | U.S. | Circuit |
| | Terminations | | 1,597 | 1,498 | 1,457 | 1,550 | 1,764 | 1,911 | | |
| | Pending | | 1,388 | 1,500 | 1,432 | 1,402 | 1,388 | 1,457 | | |
| | % Change in Total Filings | Over Last Year | | -4.6 | | | | | 49 | 7 |
| | | Over Earlier Years | | | 1.2 | -5.7 | -13.1 | -15.1 | 76 | 7 |
| | Number of Judgeships | | 3 | 3 | 3 | 3 | 3 | 3 | | |
| | Vacant Judgeship Months** | | 2.7 | 12.0 | 4.5 | 2.0 | 5.5 | .0 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | 497 | 521 | 490 | 527 | 572 | 585 | 26 | 4 |
| | | Civil | 409 | 432 | 417 | 448 | 524 | 543 | 12 | 2 |
| | | Criminal Felony | 73 | 78 | 62 | 67 | 33 | 42 | 45 | 7 |
| | | Supervised Release Hearings** | 15 | 11 | 11 | 12 | 15 | - | 65 | 7 |
| | Pending Cases | | 463 | 500 | 477 | 467 | 463 | 486 | 22 | 1 |
| | Weighted Filings** | | 510 | 520 | 505 | 537 | 613 | 634 | 26 | 4 |
| | Terminations | | 532 | 499 | 486 | 517 | 588 | 637 | 22 | 3 |
| | Trials Completed | | 27 | 27 | 23 | 30 | 26 | 18 | 18 | 3 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | 8.3 | 9.5 | 8.2 | 7.7 | 8.7 | 6.6 | 36 | 6 |
| | | Civil** | 11.0 | 9.5 | 9.2 | 9.2 | 8.4 | 8.8 | 67 | 8 |
| | From Filing to Trial** (Civil Only) | | 20.0 | 23.0 | 20.0 | 18.0 | 19.5 | 12.8 | 21 | 4 |
| OTHER | Civil Cases Over 3 Years Old** | Number | 94 | 92 | 71 | 79 | 69 | 98 | | |
| | | Percentage | 8.0 | 7.2 | 5.8 | 6.4 | 5.5 | 7.3 | 64 | 8 |
| | Average Number of Felony Defendants Filed Per Case | | 1.4 | 1.2 | 1.2 | 1.3 | 1.6 | 1.8 | | |
| | Jurors | Avg. Present for Jury Selection | 24.88 | 25.44 | 25.31 | 23.77 | 25.81 | 22.85 | | |
| | | Percent Not Selected or Challenged | 21.7 | 25.3 | 24.8 | 21.8 | 23.4 | 29.9 | | |

| **2006 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE** | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 1226 | 96 | 60 | 445 | 17 | 8 | 27 | 168 | 115 | 9 | 217 | 1 | 63 |
| Criminal* | 219 | 3 | 37 | 8 | 81 | 27 | 4 | 15 | 7 | 23 | 6 | 3 | 5 |

* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
** See "Explanation of Selected Terms."

# U.S. DISTRICT COURT - JUDICIAL CASELOAD PROFILE

| | | | | 12-MONTH PERIOD ENDING SEPTEMBER 30 | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **ALABAMA NORTHERN** | | | | 2006 | 2005 | 2004 | 2003 | 2002 | 2001 | Numerical Standing |
| | | | | | | | | | | U.S. | Circuit |
| OVERALL CASELOAD STATISTICS | Filings* | | | 3,336 | 3,417 | 4,201 | 4,091 | 3,988 | 3,935 | U.S. | Circuit |
| | Terminations | | | 3,738 | 4,285 | 3,992 | 3,763 | 3,982 | 3,965 | | |
| | Pending | | | 2,808 | 3,157 | 3,915 | 3,716 | 3,363 | 3,357 | | |
| | % Change in Total Filings | Over Last Year | | -2.4 | | | | | | 33 | 5 |
| | | Over Earlier Years | | | -20.6 | -18.5 | -16.4 | -15.2 | | 77 | 8 |
| | Number of Judgeships | | | 8 | 8 | 8 | 8 | 7 | 7 | | |
| | Vacant Judgeship Months** | | | .0 | .0 | 8.5 | 14.7 | 4.5 | 12.0 | | |
| ACTIONS PER JUDGESHIP | FILINGS | Total | | 416 | 427 | 525 | 512 | 570 | 562 | 52 | 6 |
| | | Civil | | 334 | 367 | 462 | 445 | 489 | 507 | 44 | 7 |
| | | Criminal Felony | | 59 | 46 | 51 | 58 | 73 | 55 | 60 | 8 |
| | | Supervised Release Hearings** | | 23 | 14 | 12 | 9 | 8 | - | 44 | 5 |
| | Pending Cases | | | 351 | 395 | 489 | 465 | 480 | 480 | 61 | 8 |
| | Weighted Filings** | | | 422 | 455 | 538 | 568 | 645 | 642 | 50 | 7 |
| | Terminations | | | 467 | 536 | 499 | 470 | 569 | 566 | 40 | 6 |
| | Trials Completed | | | 23 | 20 | 17 | 18 | 24 | 24 | 28 | 4 |
| MEDIAN TIMES (months) | From Filing to Disposition | Criminal Felony | | 6.5 | 6.8 | 7.4 | 6.0 | 5.4 | 5.1 | 16 | 3 |
| | | Civil** | | 9.6 | 7.4 | 9.6 | 9.5 | 9.3 | 9.8 | 52 | 7 |
| | From Filing to Trial** (Civil Only) | | | 28.5 | 22.8 | 27.5 | 18.4 | 18.4 | 17.0 | 59 | 6 |
| OTHER | Civil Cases Over 3 Years Old** | Number | | 171 | 177 | 143 | 131 | 97 | 89 | | |
| | | Percentage | | 7.1 | 6.3 | 4.0 | 3.9 | 3.2 | 2.9 | 56 | 7 |
| | Average Number of Felony Defendants Filed Per Case | | | 1.3 | 1.4 | 1.4 | 1.4 | 1.4 | 1.2 | | |
| | Jurors | Avg. Present for Jury Selection | | 35.06 | 46.37 | 35.84 | 35.86 | 32.88 | 40.92 | | |
| | | Percent Not Selected or Challenged | | 33.8 | 49.5 | 37.3 | 35.9 | 32.8 | 52.8 | | |

| 2006 CIVIL AND CRIMINAL FELONY FILINGS BY NATURE OF SUIT AND OFFENSE | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | TOTAL | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 2675 | 406 | 224 | 593 | 21 | 11 | 142 | 321 | 200 | 41 | 593 | 3 | 120 |
| Criminal* | 470 | 6 | 66 | 15 | 206 | 47 | 17 | 29 | 16 | 38 | 4 | 9 | 17 |

\* Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings "By Nature of Offense" do not.
\*\* See "Explanation of Selected Terms."